PETER C. ANDERSON
UNITED STATES TRUSTEE
ABRAM S. FEUERSTEIN, SBN 133775
ASSISTANT UNITED STATES TRUSTEE
CAMERON RIDLEY, SBN 324514
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
3801 University Avenue, Suite 720
Riverside, CA 92501-3200
Telephone:    (951) 276-6990
Facsimile:    (951) 276-6973
Email:    *Cameron.Ridley@usdoj.gov*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>BETTER NUTRITIONALS, LLC,<br><br>　　　　　Debtor and<br>　　　　　Debtor-In-Possession. | Case No. 6:22-bk-14723-MH<br><br>Hon. Mark D. Houle<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S STATEMENT REGARDING FIRST DAY MOTIONS**<br><br>Hearing:<br>Date:　　December 22, 2022<br>Time:　　1:00 p.m.<br>Place:　　Courtroom 301<br>　　　　　3420 Twelfth Street<br>　　　　　Riverside, CA 92501 |

**TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, AND ALL PARTIES-IN-INTEREST:**

Peter C. Anderson, the United States Trustee for the Central District of California, Region 16 ("U.S. Trustee"), hereby files the *United States Trustee's Statement Regarding First Day Motions* in response to Better Nutritionals, LLC ("Debtor") filing (1) *Motion for Entry of Order (1) Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing, (2) Scheduling a Final Hearing on the Debtor's Request for Authority to Use Cash Collateral Through March 31,*

-1-

*2023, and (3) Granting Related Relief* [Dkt. No. 8] ("Cash Collateral Motion"), (2) *Motion for Entry of Order Extending Time for Debtor to File Its Schedules, Statements and Other Documents Required by Federal Rule of Bankruptcy Procedure 1007(b) and Applicable Local Rules of Procedure* [Dkt. No. 10] ("Extension of Time Motion"), (3) *Motion for Order Limiting Notice* [Dkt. No. 11] ("Limit Notice Motion"), (4) Motion for Entry of Order Authorizing the Debtor to Pay Prepetition Wages and Compensation, Authorizing the Debtor to Honor and Continue Prepetition Employee Benefit Programs, Authorizing the Debtor to Pay Staffing Agencies for Current Employees and Current Period, and Waiving 14-Day Stay [Dkt. No. 12] ("Prepetition Wage Motion"), and (5) Motion for Entry of Interim and Final Orders (1) Prohibiting Utilities from Altering, Refusing or Discontinuing Service, (2) Deeming Utilities Adequately Assured of Future Performance, (3) Establishing Procedures for Determining Adequate Assurance of Payment, and (4) Granting Related Relief [ Dkt. No. 13] ("Utility Motion") (collectively, "First Day Motions").  This statement is filed to highlight certain issues with the First Day Motions in advance of the hearings.

**I.    CASH COLLATERAL MOTION**

The U.S. Trustee makes the following comments with respect to the Cash Collateral Motion:

- The Debtor is requesting that the hearing on final approval of the Cash Collateral Motion be set during the week of January 23, 2023, with any opposition to be filed no later than 14 calendar days before the hearing, or as early as January 9, 2023. *See* Cash Collateral Motion, p. 14, lns. 11-16. Debtor acknowledges that it intends to refine its projections and hopes to file updated projections during the first or second week of January. *Id*. Through the Extension of Time Motion the Debtor seeks an extension until January 20, 2023 to file required bankruptcy statements and schedules, which would otherwise be due on January 3, 2023. Debtor offers no sound reason why the hearing on final approval of the Cash Collateral Motion

should occur within days of the proposed deadline to file required bankruptcy statements and schedules. If the Debtor is granted its request, creditors, and other parties in interest, including a potential unsecured creditors committee, will not have the benefit of information contained in the Debtor's schedules and statements prior to the proposed objection deadline during the week of January 9th. A final hearing during the second week of February more reasonably balances the Debtor's pending request for an extension with creditors and other parties in interest having a meaningful opportunity to review the Cash Collateral Motion.

## II.    EXTENSION OF TIME MOTION

The U.S. Trustee makes the following comments with respect to the Extension of Time Motion:

- The Debtor acknowledges that it is required by FRBP 1007(c) to file its schedules within 14 days after the Petition date, January 3, 2023. *See* Extension of Time Motion, p. 2, lns. 14-16. Chapter 11 filings commonly require significant time investment relating to first day motions and other pressures. The Declaration of Sharon Hoffman ("Hoffman Decl.") (Dkt. No. 14) acknowledges that the Debtor retained Danning, Gill, Israel & Krasnoff, LLP to provide insolvency related legal advice on July 1, 2022. Hoffman Decl., p. 16, ¶ 72. Given the early pre-petition retention of counsel in potential anticipation of proceeding in bankruptcy, it is unclear why such a significant extension is necessary to compile information to complete the schedules and statements.

## III.    LIMIT NOTICE MOTION

- The Limit Notice Motion should be noticed to all creditors that will be affected by the proposed order limiting notice. Based on the Revised Declaration Regarding

Notice of First Day Motions [Dkt. No. 32] it appears the motion was not served on all affected creditors. Given the Debtor's projections of ending cash, it does not appear that service of notices on 300 creditors will present an undue cost burden. *See* Hoffman Decl., Exh. 1. Furthermore, any relief that is granted should be on an interim basis to allow for greater notice and an opportunity for an unsecured creditor committee, if one is formed, to weigh in on the matter.

## IV. PREPETITION WAGE MOTION

- The Debtor requests authority to pay the Staffing Agencies amounts needed to pay personnel—approximately 200 people — for the current period, and going forward. Although the Debtor acknowledges that is has contracts with three entities, BRS Staffing, Next Level Staffing, Inc., and Stratum HR LLC, comprising the Staffing Agencies, these contractual obligations have not been explained to the Court. It is unclear whether there is an independent obligation by the agencies to pay the personnel, who are their employees, regardless of the Debtor's payment to the agencies. *See* California Labor Code § 204 (generally requiring timely satisfaction of payroll obligations). The Debtor should clarify whether there is an independent obligation of the Staffing Agencies to pay the personnel and whether the employees of the staffing agencies will go uncompensated for their services absent the relief requested in the Prepetition Wage Motion.[1] Approval of the Prepetition Wage

---

[1] Absent a showing of "immediate and irreparable harm," Federal Rules of Bankruptcy Procedure 6003(b) provides that "the court shall not, within 21 days after the filing of the petition, issue an order granting […] a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition." Fed. R. Bankr. P. 6003.

The necessity of payment doctrine for authority to pay prepetition wage and tax claims is disfavored in the Ninth Circuit. *See Matter of B & W Enterprises, Inc.*, 713 F.2d 534, 537 (9th Cir. 1983) (stating that "[a]bsent compelling reasons, we deem it unwise to tamper with the statutory priority scheme devised by Congress" and, "[e]ven if we were convinced that the Necessity of Payment Rule survived the 1978 Act, appellants have not presented to this court sufficient justification for extending the Necessity of Payment Rule to trucking reorganizations"); *see also In re Kmart Corp.*, 359 F.3d 866, 871 (7th Cir. 2004) (the doctrine of necessity "is just a fancy name for a power to depart from the Code").

Motion should only be granted on a temporary basis and payments made to the Staffing Agencies may be subject to avoidance.

- Neither the Prepetition Wage Motion nor the Hoffman Decl. break down the proposed prepetition claims to be paid to employees or the Staffing Agencies by employee name, position, job duties, and amount of compensation. It is unclear who the insiders are and what payment is proposed to them, including whether any payments may be on account of equity.[2] The Prepetition Wage Motion should be supplemented with this information.

### V. Utility Motion

- The Debtor should supplement the List of Utilities contained in Exhibit 2 to the Hoffman Decl. with information on how the "estimated monthly spend" for each utility was calculated. For instance, it is unclear for what time period the bills were averaged. This is important if any bill during the averaged period was anomalous.

### VI. CONCLUSION.

If the Court grants the requested relief, it should be granted on an interim, not final, basis to protect parties in interest.

Dated: December 22, 2022

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ Cameron Ridley
    Cameron Ridley
    Trial Attorney

---

[2] The Notice of Setting/Increasing Insider Compensation does not typically address *prepetition* wage claims, so it is not relevant to the analysis to the extent it is relied upon. Furthermore, it does not appear that the same justifications for paying other employees would apply to the unidentified insiders.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3801 University Avenue, Suite 720,**
**Riverside, CA 92501**

A true and correct copy of the foregoing document entitled (*specify*): **United States Trustee's Statement Regarding First Day Motions** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **December 22, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached Electronic Mail Notice List**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **December 22, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Better Nutritionals, LLC
3390 Horseless Carriage Drive
Norco, CA 92860

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 22, 2022 | Adela Salgado | */s/ Adela Salgado* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

# Mailing Information for Case 6:22-bk-14723-MH

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Aaron E. DE Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Abram Feuerstein**  abram.s.feuerstein@usdoj.gov
- **Everett L Green**  everett.l.green@usdoj.gov
- **Michael S Myers**  myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;PHXLitLAAs@ballardspahr.com
- **Cameron C Ridley**  Cameron.Ridley@usdoj.gov
- **John N Tedford**  jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com
- **Thomas Tysowsky**  thomas.tysowsky@bakermckenzie.com, carmen.ayala@bakermckenzie.com
- **United States Trustee (RS)**  ustpregion16.rs.ecf@usdoj.gov

## Manual Notice List

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

## Creditor List

Click the link above to produce a complete list of **creditors** only.

## List of Creditors

Click on the link above to produce a list of **all** creditors and **all** parties in the case. User may sort in columns or raw data format.