JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Proposed Attorneys for Debtor and
Debtor-in-Possession, Better Nutritionals, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>BETTER NUTRITIONALS, LLC,<br><br>　　　Debtor and Debtor in Possession. | Case No. 6:22-bk-14723-MH<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER ESTABLISHING PROCEDURES FOR THE PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES (11 U.S.C. §§ 105(a) AND 331); AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF SHARON HOFFMAN IN SUPPORT THEREOF**<br><br>Date:　　January 31, 2023<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 301<br>　　　　　3420 Twelfth Street<br>　　　　　Riverside, California 92501 |

**TO THE HONORABLE MARK HOULE, UNITED STATES BANKRUPTCY JUDGE, AND PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on January 31, 2023, at 2:00 p.m., in Courtroom 301 of the United States Bankruptcy Court for the Central District of California, Riverside Division, located at 3420 Twelfth Street, Riverside, California 92501, debtor and debtor in possession Better Nutritionals, LLC (the "Debtor"), will and hereby moves for entry of an order establishing a

1700164.3  27094

procedure for monthly payments of compensation and reimbursement of expenses incurred by the Debtor's professionals pursuant to 11 U.S.C. §§ 105(a) and 331.

The motion requests that the Court approve the following procedures providing for monthly interim payments of compensation and reimbursement of actual expenses incurred by the Debtor's (and the estate's) professionals:

1.  **Optional Procedure.** These procedures are optional and need only be followed if a professional is seeking monthly compensation. If the Debtor determines that, for any reason, it would be imprudent to make the payments permitted under this procedure, the Debtor may defer making payments to professionals until such time that payments are ordered to be made by the Court in connection with noticed fee applications.

2.  **Scope.** These procedures apply only to requests for payment of fees and expenses incurred from the Petition Date or the effective date of employment of the professionals, whichever is later.

3.  **Professionals Entitled to Seek Payments Pursuant to These Procedures.** The following professionals may request payment of compensation and expenses in accordance with these procedures:

    (a) Danning Gill (general bankruptcy counsel);
    (b) CSA (financial consultant, responsible for accounting, financial analysis, and associated compliance);
    (c) Force 10 (financial advisor);
    (d) Folkenflik (special litigation counsel);
    (e) Stursberg (special corporate counsel);
    (f) professionals employed in the future by the Debtor and a committee (if formed), with respect to which the Court's order approving such employment authorizes the professional to seek compensation and reimbursement of expenses pursuant to these procedures; and
    (g) professionals not employed pursuant to section 328 of the Bankruptcy Code.

For the avoidance of doubt: These procedures do not apply to "ordinary course" professionals employed by the Debtor pursuant to section 363 of the Code.

4.  **Deadline for Filing Monthly Statements.** On or before the 20th day of each month following the month for which compensation and reimbursement of expenses is sought, each professional may file a monthly statement with the Court itemizing the fees and costs incurred by such professional. The filing of the monthly statement will constitute service on the Debtor, the U.S. Trustee, the Committee's counsel, and parties who have registered to receive electronic notices of documents filed in this case. If an official committee has not been appointed when the monthly statement is filed, it will be served by mail upon the creditors holding the 20 largest general unsecured claims in this case.

5. **Contents.** Each monthly statement must include the following information:
 (a) the total amount of fees for which compensation is sought;
 (b) the total amount of expenses for which reimbursement is sought;
 (c) the names, hourly rates, total number of hours billed, and total amount of fees incurred by each individual providing services for which compensation is sought;
 (d) a detailed listing of all time spent by the professional on matters for which compensation is sought (redacted as deemed appropriate by the Debtor); and
 (e) a summary listing of all expenses, by category (e.g., photocopy costs, facsimile charges, travel, messenger and computer research), for which reimbursement is sought.

6. **Objections.** Any objection to a monthly statement must be filed no later than 10 days after the date on which the monthly statement is filed (the "Objection Deadline"). The objection must (a) be in writing, (b) set forth the precise nature of the objection, the grounds therefore, and the amount of fees and/or expenses to which the objection applies, and (c) be filed with the Court and served on the professional so that it is received by the professional on or before the Objection Deadline. A "blanket" or general objection to a monthly statement will be deemed to be a nullity and will not trigger the provisions of paragraph 8 below. A "joinder" to an objection will also be deemed a nullity if the joinder is not filed and served on or before the Objection Date.

7. **Interim Payment Authorized if No Objection.** If no objection to the monthly statement is filed and served within 10 days after the filing and service of the monthly statement, the Debtor may pay the Professional a percentage of its fees and 100% of the expenses for which payment was sought. (In the case of Danning Gill, Force 10, Folkenflik, Stursberg, and any professionals employed by an official committee, 80% of monthly fees will be paid; in the case of CSA, 90% of monthly fees will be paid; in other cases, the percentage will be set forth in the affected professional's employment application.) Such payments will be made on an interim basis and will be subject to the filing of interim and final fee applications.

8. **Procedure If Objection Is Filed.** If a timely written objection to the monthly statement is filed by a party-in-interest, the Debtor will not pay the applicable professional the amount of the disputed funds until the objection has been consensually resolved by the objecting party and the professional. If the parties do not reach a consensual resolution of the objection, the professional may either (a) set the matter for hearing on at least 14 days' notice to the objecting party, or (b) forego payment of the disputed amount and seek approval of such disputed amount in connection with its next interim, or final, fee application. Notwithstanding any objection to a monthly statement, the professional may be paid any undisputed amount of fees and costs represented by a monthly statement..

9. **Interim Payment of Amounts to Which No Objection is Made.** Pending resolution of any timely objection, the Debtor may pay the professional the lesser of (a) 80% (or 90% for CSA) of the fees and 100% of the expenses requested in the monthly statement, and (b) the aggregate amount of fees and expenses requested in the monthly statement as to which no timely objection was made.

10. **Fee Applications Required.** In accordance with § 331 and applicable rules and guidelines, each Professional will file and serve (in accordance with the Bankruptcy Code and federal and local rules) an application for Court approval of interim compensation (including any amounts held back pursuant to subparagraphs (b) and (c) above) and reimbursement of expenses

1700164.3  27094                                 2

not less frequently than every 120 days.  Any professional who fails to file an application for interim compensation when due will be ineligible to receive further monthly payments of fees and expenses pursuant to the filing of monthly statements as provided above, until such professional submits an application for interim compensation which is then ruled upon by the Court.

   **11.    Effect of Objection on Future Fee Requests.**  The pendency of an objection to payment of compensation or expenses requested by a professional in a particular monthly statement or interim fee application will not prevent such professional from receiving payment of fees and expenses pursuant to future monthly statements served in accordance with these procedures, except as otherwise ordered by the Court.

   **12.    No Waiver of Objections.**  Neither the payment of, nor the failure of any party to object to, fees and expenses requested in a monthly statement will in any way act as a waiver of the right to later object to such fees and expenses, or otherwise bind any party or the Court with respect to the subsequent consideration of the interim or final allowance of fees and expenses of any professional.

   This motion is based upon this notice and motion, the declaration of Sharon Hoffman, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

   **PLEASE TAKE FURTHER NOTICE** that any party seeking to object to the relief sought must, not later than 14 days before the hearing date, file a written opposition with the Clerk of the Court and serve copies of the opposition upon the Debtor's counsel.  Failure to file and serve oppositions as set forth above may be deemed consent to the relief sought in the motion.  If you do not have any objection to the motion, you need not take any further action.

DATED:  January 10, 2023           DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                   By:     */s/ Aaron E. de Leest*
                                      AARON E. DE ELEEST
                                      Proposed Attorneys for Debtor and
                                      Debtor-in-Possession, Better Nutritionals, LLC

1700164.3  27094                                3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Section 331 of the Bankruptcy Code provides that an estate's professionals are entitled to submit applications for interim compensation and reimbursement of expenses not more often than every 120 days. Given the demanding pace and scope of services required in larger chapter 11 cases, courts routinely establish procedures pursuant to which professionals may receive some compensation, and have their expenses reimbursed, on a monthly basis. Such procedures allow debtors, creditors, committees, and other interested parties to better monitor professionals' fees on an ongoing basis, allow estates to maintain a more level cash flow, and promote efficient cash management. Such procedures also mitigate the burden on professionals who otherwise are required to wait an extended period of time to receive payment for their valuable services. For these reasons, the Debtor is requesting that the Court establish such procedures in this case for fees and expenses incurred by the Debtor's professionals.

Better Nutritionals, LLC (the "Debtor") intends to file applications to employ the following professionals, and others if the need arises: Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), as general bankruptcy counsel; CSA Partners, LLC ("CSA"), as financial consultant; Force 10 Partners ("Force 10"), as financial advisor; Folkenflik & McGerity ("Folkenflik"), as special litigation counsel; and Stursberg and Associates, LLC ("Stursberg"), as special corporate counsel (collectively, the "Professionals). The Debtor requests authority to pay the Professionals monthly. As to Danning Gill, Force 10, Folkenflik, and Stursberg, the Debtor requests authority to pay 80% of the monthly fees and 100% of reimbursable costs on a monthly basis pursuant to the terms described herein, with the balance to be subject to payment pursuant to the fee application process under section 330 and 331 of the Bankruptcy Code. The Debtor requests authority to pay CSA (a small firm) 90% of its fees monthly, and 100% of reimbursable costs, which will also be subject to the fee application and approval process under section 330 and 331. Employment applications for any other professional will state whether the Debtor is proposing a 10% or 20% holdback on fees for that particular professional.

## II.

## BACKGROUND FACTS

### A. BANKRUPTCY BACKGROUND

On December 20, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remains in possession of its property and continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

### B. THE DEBTOR'S HISTORY AND BUSINESS OPERATIONS

The Debtor is a state-of-the-art contract manufacturer and R&D leader in nutritional supplements. The Debtor specializes in making cutting-edge formulations of gummy supplements focused on personal health and wellness. The Debtor's output capacity currently is about nine billion gummies per year. It is an FDA-registered manufacturer, and meets stringent standards to label its products as vegan, Kosher-certified, and free of top-8 allergens and gluten.

The Debtor's headquarters is located at 3390 Horseless Carriage Drive, Norco, California. Its four-building campus in Norco contains approximately 422,000 square feet of manufacturing, warehouse, R&D and office space. The Debtor also manufactures products in an 18,000 square foot facility in Gardena, where it was headquartered until 2021.

### C. THE DEBTOR'S PLAN FOR THIS CASE

The Debtor is continuing to formulate a long-term plan for its operations. The Debtor's founders believe that the Debtor has great potential, and can position itself well in a global gummy market that is expected to grow significantly over at least the next six years. It is already pivoting toward doing more business with non-Goli customers and being less dependent on revenues from customers that refuse to honor their commitments. The Debtor's long-term plan will be influenced by, among other things, the Debtor's ability to generate revenues during the case, cuts in expenses, the willingness of suppliers to continue to do business with the Debtor, the potential for short-term

and/or long-term financing, offers (if any) it may receive from potential purchasers, and recoveries from Goli and others whose actions the Debtor asserts have caused damage to the Debtor and its creditors.

## III.

## THE DEBTOR'S EMPLOYMENT OF PROFESSIONAL PERSONS

The Debtor intends to file applications to employ the following professionals: Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), as general bankruptcy counsel; CSA Partners, LLC ("CSA"), as financial consultant; Force 10 Partners ("Force 10"), as financial advisor; Folkenflik & McGerity ("Folkenflik"), as special litigation counsel; and Stursberg and Associates, LLC ("Stursberg") as special corporate counsel (collectively, the "Professionals). The Debtor will seek to employ the Professionals as general disinterested advisors to the Debtor pursuant to section 327(a) with compensation to subject to interim and final approvals under sections 330 and 331.

From time to time, the Debtor may determine that it is necessary or appropriate to hire other or additional professionals to represent or counsel the Debtor in matters involving the estate. The Debtor's employment of such professionals will, of course, be subject to Court approval and their compensation and reimbursement of expenses will be subject to the Court-approved terms of their employment.[1]

The Debtor also anticipates that a creditors' committee will likely be empaneled in this case and that the committee will engage counsel.

---

[1] The Debtor also may file a motion for authority to employ "ordinary course" professionals pursuant to section 363 of the Bankruptcy Code.

# IV.

# **PROPOSED PROCEDURES**

The Debtor is requesting that the Court approve the following procedures providing for monthly interim payments of compensation and reimbursement of actual expenses incurred by the Debtor's (and estate's) professionals:

1. **Optional Procedure.** These procedures are optional and need only be followed if a professional is seeking monthly compensation. If the Debtor determines that, for any reason, it would be imprudent to make the payments permitted under this procedure, the Debtor may defer making payments to professionals until such time that payments are ordered to be made by the Court in connection with noticed fee applications.

2. **Scope.** These procedures apply only to requests for payment of fees and expenses incurred from the Petition Date or the effective date of employment of the professionals, whichever is later.

3. **Professionals Entitled to Seek Payments Pursuant to These Procedures.** The following professionals may request payment of compensation and expenses in accordance with these procedures:

   (a) Danning Gill (general bankruptcy counsel);

   (b) CSA (financial consultant, responsible for accounting, financial analysis, and associated compliance);

   (c) Force 10 (financial advisor);

   (d) Folkenflik (special litigation counsel);

   (e) Stursberg (special corporate counsel);

   (f) professionals employed in the future by the Debtor and a committee (if formed), with respect to which the Court's order approving such employment authorizes the professional to seek compensation and reimbursement of expenses pursuant to these procedures; and

   (g) professionals *not* employed pursuant to section 328 of the Bankruptcy Code.

For the avoidance of doubt: These procedures do not apply to "ordinary course" professionals employed by the Debtor pursuant to section 363 of the Code.

4. **Deadline for Filing Monthly Statements.** On or before the 20th day of each month following the month for which compensation and reimbursement of expenses is sought, each professional may file a monthly statement with the Court itemizing the fees and costs incurred by such professional. The filing of the monthly statement will constitute service on the Debtor, the U.S. Trustee, the Committee's counsel, and parties who have registered to receive electronic notices of documents filed in this case. If an official committee has not been appointed when the monthly statement is filed, it will be served by mail upon the creditors holding the 20 largest general unsecured claims in this case.

5. **Contents.** Each monthly statement must include the following information:

    (a) the total amount of fees for which compensation is sought;

    (b) the total amount of expenses for which reimbursement is sought;

    (c) the names, hourly rates, total number of hours billed, and total amount of fees incurred by each individual providing services for which compensation is sought;

    (d) a detailed listing of all time spent by the professional on matters for which compensation is sought (redacted as deemed appropriate by the Debtor); and

    (e) a summary listing of all expenses, by category (e.g., photocopy costs, facsimile charges, travel, messenger and computer research), for which reimbursement is sought.

6. **Objections.** Any objection to a monthly statement must be filed no later than **10** days after the date on which the monthly statement is filed (the "Objection Deadline"). The objection must (a) be in writing, (b) set forth the precise nature of the objection, the grounds therefore, and the amount of fees and/or expenses to which the objection applies, and (c) be filed with the Court and served on the professional so that it is received by the professional on or before the Objection Deadline. A "blanket" or general objection to a monthly statement will be deemed to be a nullity and will not trigger the provisions of paragraph 8 below. A "joinder" to an objection will also be deemed a nullity if the joinder is not filed and served on or before the Objection Date.

7. **Interim Payment Authorized if No Objection.** If no objection to the monthly statement is filed and served within 10 days after the filing and service of the monthly statement, the Debtor may pay the Professional a percentage of its fees and 100% of the expenses for which payment was sought. (In the case of Danning Gill, Force 10, Folkenflik, Stursberg, and any professionals employed by an official committee, 80% of monthly fees will be paid; in the case of CSA, 90% of monthly fees will be paid; in other cases, the percentage will be set forth in the affected professional's employment application.) Such payments will be made on an interim basis and will be subject to the filing of interim and final fee applications.

8. **Procedure If Objection Is Filed.** If a timely written objection to the monthly statement is filed by a party-in-interest, the Debtor will not pay the applicable professional the amount of the disputed funds until the objection has been consensually resolved by the objecting party and the professional. If the parties do not reach a consensual resolution of the objection, the professional may either (a) set the matter for hearing on at least 14 days' notice to the objecting party, or (b) forego payment of the disputed amount and seek approval of such disputed amount in connection with its next interim, or final, fee application. Notwithstanding any objection to a monthly statement, the professional may be paid any undisputed amount of fees and costs represented by a monthly statement..

9. **Interim Payment of Amounts to Which No Objection is Made.** Pending resolution of any timely objection, the Debtor may pay the professional the lesser of (a) 80% (or 90% for CSA) of the fees and 100% of the expenses requested in the monthly statement, and (b) the aggregate amount of fees and expenses requested in the monthly statement as to which no timely objection was made.

10. **Fee Applications Required.** In accordance with § 331 and applicable rules and guidelines, each Professional will file and serve (in accordance with the Bankruptcy Code and federal and local rules) an application for Court approval of interim compensation (including any amounts held back pursuant to subparagraphs (b) and (c) above) and reimbursement of expenses not less frequently than every 120 days. Any professional who fails to file an application for interim compensation when due will be ineligible to receive further monthly payments of fees and

expenses pursuant to the filing of monthly statements as provided above, until such professional submits an application for interim compensation which is then ruled upon by the Court.

11. **Effect of Objection on Future Fee Requests.**  The pendency of an objection to payment of compensation or expenses requested by a professional in a particular monthly statement or interim fee application will not prevent such professional from receiving payment of fees and expenses pursuant to future monthly statements served in accordance with these procedures, except as otherwise ordered by the Court.

12. **No Waiver of Objections.**  Neither the payment of, nor the failure of any party to object to, fees and expenses requested in a monthly statement will in any way act as a waiver of the right to later object to such fees and expenses, or otherwise bind any party or the Court with respect to the subsequent consideration of the interim or final allowance of fees and expenses of any professional.

In addition to these procedures, the Debtor's Professionals will adhere to the *Guide to Applications for Retainers, and Professionals and Insider Compensation*, promulgated by the Office of the United States Trustee, when drawing down on any applicable retainers.

## V.

## ARGUMENT

Section 331 of the Code provides for the payment of interim compensation to professionals retained by trustees, debtors in possession, and official committees.  In enacting this and related provisions, Congress adopted the principle that "[p]rofessionals in bankruptcy cases are entitled to be paid on a comparable basis to other privately retained counsel, both in terms of timeliness and amount of payment." *In re Commercial Consortium of Cal.*, 135 B.R. 120, 123 (Bankr. C.D. Cal. 1991) (citing *Burgess v. Klenske (In re Monoa Fin. Co., Inc.)*, 853 F.2d 687, 690 (9th Cir. 1988)); *In re Nucorp Energy, Inc.*, 764 F.2d 655, 658-59 (9th Cir. 1985); *First Nat'l Bank of Chicago v. Comm. of Creditors Holding Unsecured Claims (In re Powerine Oil Co.)*, 71 B.R. 767, 770 (9th Cir. BAP 1986).

LBR 2016-1(b) provides:

> **Motions to Approve Compensation Procedures in Chapter 11 Cases, Including Monthly Draw-down and Contingency or Success Fee Agreements.** A professional person employed in a chapter 11 case may request approval for and modifications of draw-down procedures and an order allowing

LBR 2016-1(b).

The Bankruptcy Appellate Panel for the Ninth Circuit has recognized that interim payments for professionals on a monthly basis are appropriate in large cases. *See U.S. Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668 (9th Cir. BAP 1988). In *Knudsen*, the BAP observed that

> the problem, arising especially in large cases, is that when counsel must wait an extended period for payment, counsel is essentially compelled to finance the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases; a result that is clearly contrary to Congressional intent.

*Id*. at 672. Monthly payments to professionals may be appropriate without prior court approval so long as they are made pursuant to a procedure that provides the opportunity for subsequent review by the court. *Id*. at 671-72. The procedure proposed in this motion provides ample opportunity for such review.

Furthermore, in *Knudsen* the BAP identified four factors a court may consider when determining whether to adopt procedures such as those proposed by the Debtor in this case: (1) the case is an unusually large one in which an exceptionally large amount of fees accrue each month; (2) the court is satisfied that waiting an extended period of time for payment will place an undue hardship on professionals; (3) the court is satisfied that the professionals will be able to respond to any subsequent reassessment of fees paid pursuant to the procedures; and (4) the procedures are the subject of a noticed hearing prior to any payment thereunder. *Id*. at 672-73.

First, although this case is not the size of a Hertz or American Airlines, it is sufficiently large to warrant the approval of procedures outlined above. The Debtor's professionals are providing significant services to the estate, and are expected to do so going forward until the Debtor's business is repaired and a chapter 11 plan confirmed.

  Second, waiting 120 days would be a substantial financial burden for the solo and small firm professionals, such as CSA. Although Danning Gill, Force 10, Folkenflik, and Stursberg have more capacity, they are committing a significant amount of attorney, paraprofessional and staff resources to this case, such that the wait would create financial burdens.

  Third, Danning Gill, Force 10, Folkenflik, and Stursberg, are committing to a 20% holdback, and CSA to 10%, which will help ensure that an adjustment in fee awards can be accommodated if necessary. In addition, the proposed procedures are voluntary, such that the Debtor may decline to make monthly payments if it is not financially advisable to do so.

  Fourth, the proposed fee procedure is the subject of a noticed motion and a hearing, to be heard before the Debtor makes any payments pursuant thereto.

  Although not expressly identified by the BAP in *Knudsen*, there is at least one other factor warranting approval of the Debtor's proposed procedures. Paying the professionals on a monthly basis will allow the Debtor to better monitor the fees and costs being incurred by the estate, and manage the estate's monthly cash flow to help ensure that the estate is administered as efficiently as possible.

## VI.

## CONCLUSION AND REQUESTED RELIEF

  For the foregoing reasons, the Debtor requests that the Court enter an order establishing a procedure for monthly payments of compensation and reimbursement of expenses incurred by professionals of the estate. The Debtor also requests such further relief as the Court deems just and proper.

DATED: January 10, 2023    DANNING, GILL, ISRAEL & KRASNOFF, LLP

               By:  */s/ Aaron E. de Leest*
                  AARON E. DE LEEST
                  Proposed Attorneys for Debtor and
                  Debtor-in-Possession, Better Nutritionals, LLC

**DECLARATION OF SHARON HOFFMAN**

I, Sharon Hoffman, declare and state as follows:

1. I am a co-founder of, and am the Manager and Chief Executive Officer of, Better Nutritionals, LLC (the "Debtor").

2. On December 20, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code"). The chapter 11 case (the "Case") is pending in the Riverside Division of the United States Bankruptcy Court for the Central District of California (the "Court"). This declaration is offered in support of the foregoing motion for an order establishing procedures for the payment of interim compensation and reimbursement of expenses.

3. I am generally familiar with the Debtor's day-to-day operations, business, financial affairs, and books and records. Unless stated otherwise, all facts in this declaration are based upon my personal knowledge.

4. I am over the age of 18 and am authorized to submit this declaration on behalf of the Debtor. If called to testify, I would testify to the matters set forth in this declaration.

5. The Debtor intends to file applications to employ professionals: Danning, Gill, Israel & Krasnoff, LLP, as general bankruptcy counsel; CSA Partners, LLC, as financial consultant; Force 10 Partners, as financial advisor; Folkenflik & McGerity, as special litigation counsel; and Stursberg and Associates, LLC ("Stursberg") as special corporate counsel (collectively, the "Professionals). As the Debtor's CEO and manager, I have authorized and am seeking the Court's approval of the employment of the Professionals.

6. Together with the Professionals, I anticipate that the Debtor may determine that it is necessary or appropriate to hire other or additional professionals to represent or counsel the Debtor in matters involving the estate. I am also informed that a creditors' committee will also likely be appointed and it will also seek to employ counsel.

7. For the reasons set forth in the Motion, we are requesting that the Court approve the proposed procedures for monthly interim payments of compensation and reimbursement of actual expenses incurred by the Debtor's professionals, and counsel for any creditors' committee

appointed. I understand that such procedures are often utilized in large bankruptcy cases in which professionals will be required to incur substantial fees and expenses, and where the non-payment of fees and expenses on a monthly basis will cause a hardship to professionals. I believe that this is such a case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2023, at Norco, California.

_____
Sharon Hoffman

1700164.3  27094

14

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  NOTICE OF MOTION AND MOTION FOR ORDER ESTABLISHING PROCEDURES FOR THE PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES (11 U.S.C. §§ 105(a) AND 331); AND MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF SHARON HOFFMAN IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  January 10, 2023  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  January 10, 2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 10, 2023 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Marshall J August on behalf of Creditor Suitable Staffing Solutions
maugust@frandzel.com, rsantamaria@frandzel.com

Reem J Bello on behalf of Interested Party Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com

Anthony Bisconti on behalf of Interested Party Courtesy NEF
tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com;docket@bklwlaw.com

Richard D Buckley on behalf of Interested Party Courtesy NEF    richard.buckley@arentfox.com

Aaron E. DE Leest on behalf of Debtor Better Nutritionals, LLC
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Abram Feuerstein, esq on behalf of U.S. Trustee United States Trustee (RS)
abram.s.feuerstein@usdoj.gov

Adam R. Fracht on behalf of Interested Party Courtesy NEF    afracht@stibbsco.com

Robert P Goe on behalf of Interested Party Robert P Goe
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Michael J Gomez on behalf of Interested Party Courtesy NEF
mgomez@frandzel.com, dmoore@frandzel.com

Everett L Green on behalf of U.S. Trustee United States Trustee (RS)    everett.l.green@usdoj.gov

Garrick A Hollander on behalf of Creditor Southwest Material Handling, Inc. dba Southwest Toyota Lift
ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

Eve H. Karasik on behalf of Interested Party Goli Nutrition, Inc.    ehk@lnbyg.com

Michael S Myers on behalf of Debtor Better Nutritionals, LLC
myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com;PHXLitLAAs@ballardspahr.com

Daniel H Reiss on behalf of Interested Party Courtesy NEF    dhr@lnbyb.com, dhr@ecf.inforuptcy.com

Cameron C Ridley on behalf of U.S. Trustee United States Trustee (RS)    Cameron.Ridley@usdoj.gov

Joseph M Rothberg on behalf of Interested Party Courtesy NEF    jmr@lnbyg.com

Matthew J Stockl on behalf of Creditor Southwest Material Handling, Inc. dba Southwest Toyota Lift
mstockl@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com

John N Tedford, IV on behalf of Debtor Better Nutritionals, LLC
jtedford@DanningGill.com, danninggill@gmail.com;jtedford@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

Thomas Tysowsky on behalf of Creditor Atos IT Solutions and Services, Inc.
thomas.tysowsky@bakermckenzie.com, carmen.ayala@bakermckenzie.com

United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Interested Party Courtesy NEF
christopher.wong@afslaw.com, yvonne.li@arentfox.com

**2. <u>SERVED BY U. S. MAIL</u>**

| | |
|---|---|
| Debtor<br>Better Nutritionals, LLC<br>3390 Horseless Carriage Drive<br>Norco, CA 92860 | Hon. Mark Houle<br>U. S. Bankruptcy Court<br>3420 Twelfth Street, Suite 325<br>Riverside, CA 92501-3819 |

**20 LARGEST UNSECURED CREDITORS**

| | | |
|---|---|---|
| Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Financial Corp<br>c/o Officer, Managing or General Agent<br>1680 Capital One Drive<br>McLean, VA 22102-3491 | Caliber Construction Inc<br>240 N. Orange Avenue<br>Brea, CA 92821 |
| Caliber Construction Inc<br>c/o Anna M. Carno, Esq.<br>Carno Law Group<br>24031 El Toro Rd., Suite 260<br>Laguna Hills, CA 92653 | Southern California Edison<br>P. O. Box 300<br>Rosemead, CA 91772 | Shri Kartikeya Pharma<br>c/o Tara L. Blake, Esq.<br>Butler Snow, LLP<br>150 3rd Avenue South, Suite 1600<br>Nashville, TN 37201 |
| Citistaff Solutions, Inc.<br>Attn: Legal Dept./Slater & Assoc.<br>c/o Charles C. Slater, Esq.<br>1111 W. Town & Country Rd., Suite 30<br>Orange, CA 92868 | Amtech Ingredients<br>517 Adams Avenue<br>Albert Lea, MN 56007 | AGPE Corp.<br>21715 The Trails Circle<br>Murrieta, CA 92562 |
| AGPE Corp.<br>c/o Ariel Guizar, Agent for Service of Process<br>21715 The Trails Circle<br>Murrieta, CA 92562 | Saddle Ranch APG LLC<br>PO Box 51930<br>Los Angeles, CA 90051 | Saddle Ranch APG LLC<br>c/o Daniel L. Webb, Agent for Service of Process<br>100 Bayview Circle, Suite 310<br>Newport Beach, CA 92660 |
| BRS Beyond Resource Solutions, Inc<br>1475 South State College Blvd Suite 116<br>Anaheim, CA 92806 | BRS Beyond Resource Solutions, Inc.<br>c/o Clayton J. Hix, Esq.<br>Hill, Farrer & Burrill LLP<br>300 S. Grand Avenue, 37th Floor<br>Los Angeles, CA 90071 | SouthWest ToyotaLift<br>~~PO Box 1070~~<br>~~3725 Nobel Ct.~~<br>~~Mira Loma, CA 91752~~<br><br>SERVED VIA NEF ON:<br>Garrick A Hollander on behalf of Creditor Southwest Material Handling, Inc. dba Southwest Toyota Lift<br>ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| J. Rettenmaier USA LP<br>16369 US 131 Highway<br>Schoolcraft, MI 49087 | J. Rettenmaier USA LP<br>c/o Richard O. Cherry, Esq.<br>Miller Johnson<br>100 W. Michigan Ave., Suite 200<br>Kalamazoo, MI  49007 | Mold Rite Plastics<br>PO Box 160<br>100 N. Field Drive<br>Lake Forest, IL  60045 |
| Capitol Food Company<br>12836 Alondra Blvd<br>Cerritos, CA 90703 | Gadot America Inc.<br>1 Meadow Road, Suite 205<br>Florida, NY 10921-1140 | Allied Universal Security Services<br>(Corporate Headquarters West)<br>450 Exchange<br>Irvine, CA  92602 |
| Stratum HR LLC<br>23052 Alicia Parkway, Suite H533<br>Mission Viejo, CA  92692 | Stratum HR LLC<br>c/o 1505 Corporation 1108<br>Pacific Registered Agents, Inc.<br>Four Embarcadero Center, Ste. 1400 #85<br>San Francisco, CA  94111 | Southern California Edison<br>c/o Cristina Limon, Agent for Service of Process<br>2244 Walnut Grove Ave.<br>Rosemead, CA 91770 |
| Servicon Systems, Inc.<br>3965 Landmark Street<br>Culver City, CA 90232 | Servicon Systems, Inc.<br>c/o Nick Iezza, Esq.<br>Spiwak & Iezza<br>555 Marin St., Suite 140<br>Thousand Oaks, CA  91360 | Custom Ingredients Inc<br>160 Calle Iglesia<br>San Clemente, CA 92672 |
| Custom Ingredients Inc.<br>c/o Robert J. Danko, Esq.<br>Law Office of Robert J. Danko<br>31805 Temecula Parkway, #623<br>Temecula, CA  92592 | Shri Kartikeya Pharma<br>H. no. 5-5-36/15/A, Opp NCS complex<br>Prashanti Nagar, IDA kukatpally<br>Hyderabad, Telangana 500072<br>INDIA | LS Link Co Ltd<br>Unit 208A 25/F Bank of America Twr<br>12 Harcourt Road<br>Central, Hong Kong |
| Tay Ninh Tapioca Joint Stock Company<br>Tan Binh Hamlet<br>Tay Ninh Province, VIETNAM | Tay Ninh Tapioca JSC<br>c/o Officer, Managing or General Agent<br>CH1, Sky Center 5B Pho Quang Street,<br>Ward 2, Tan Binh District, Ho Chi Minh City, VIETNAM | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                   F 9013-3.1.PROOF.SERVICE