JOHN N. TEDFORD, IV (State Bar No. 205537)
*jtedford@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

[Proposed] Attorneys for Debtor and Debtor-in-Possession, Better Nutritionals, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re | Case No. 6:22-bk-14723-MH |
| BETTER NUTRITIONALS, LLC, | Chapter 11 |
| Debtor. | **NOTICE OF APPLICATION AND DEBTOR AND DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY DANNING, GILL, ISRAEL & KRASNOFF, LLP, AS ITS GENERAL BANKRUPTCY COUNSEL; AND STATEMENT OF DISINTERESTEDNESS** |
| | Date: January 31, 2023<br>Time: 2:00 p.m.<br>Place: Courtroom 301<br>3420 Twelfth Street<br>Riverside, California 92501 |

**TO THE HONORABLE MARK HOULE, UNITED STATES BANKRUPTCY JUDGE, AND**

**PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that on January 31, 2023, at 2:00 p.m., in Courtroom 301 of the

United States Bankruptcy Court for the Central District of California, Riverside Division, located at

3420 Twelfth Street, Riverside, California 92501, the debtor and debtor in possession Better

Nutritionals, LLC (the "Debtor"), will and hereby moves for entry of an order under 11 U.S.C. §

327(a) authorizing the Debtor to employ Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill" or the "Firm" ) as its general bankruptcy counsel, effective as of December 20, 2022 (the "Petition Date"). In compliance with LBR 2014-1(b)(3), the Debtor hereby provides the following information regarding the Application:

1.    Identity of professional and the purpose and scope for which it is being employed

The Debtor seeks to employ Danning Gill as its general bankruptcy counsel.

2.    Whether professional seeks compensation pursuant to 11 U.S.C. § 328 or 11 U.S.C. § 330

The Debtor seeks to employ Danning Gill pursuant to 11 U.S.C. § 327. Danning Gill will seek approval of its compensation and reimbursement of its expenses pursuant to 11 U.S.C. §§ 330 and 331.

3.    Background and arrangements for compensation

In April 2022, Atos IT Solutions and Services Inc. ("Atos") filed a complaint against the Debtor and Goli Nutrition, Inc. ("Goli") in the Riverside Superior Court. Atos promptly filed an ex parte application for a prejudgment right to attach order and writ of attachment, seeking such relief without giving notice to the Debtor. The ex parte application was denied on the grounds that relief on an ex parte basis was not appropriate. Atos re-filed the application, on notice to the Debtor, and set it for hearing on July 12, 2022.

On or about July 1, 2022, primarily due to the threat caused by Atos' application to the Debtor's business operations, the Debtor retained Danning Gill. The potential emergency caused by that filing subsided by mid-July, and Danning Gill provided minimal services from then until mid-November 2022.

Under the terms of Danning Gill's Attorney-Client Agreement dated July 1, 2022, the Debtor provided Danning Gill a $125,000 retainer to commence services, and agreed to replenish the retainer up to $150,000 prior to the filing of a chapter 11 petition (if one needed to be filed). For the pre-filing period, Danning Gill received retainer payments of $175,000, and from those

1  funds was paid fees and costs of $158,509.44.  On December 19, 2022, Danning Gill received

2  $125,000 to replenish the retainer.  Therefore, on the Petition Date, Danning Gill had a retainer

3  balance of $139,752.56 (the "Retainer") plus $1,738 for the chapter 11 filing fee.

4        Postpetition, Danning Gill will charge for its services at an hourly rate measured in

5  increments of tenths of an hour.  It will also seek reimbursement of its expenses.  Schedules of the

6  Firm's current hourly rates and current rates of reimbursement are attached as Exhibits "1" and "2"

7  respectively hereto.  The Firm's rates may change from time to time in the future; the Firm keeps a

8  schedule of its current rates on file at the Office of the United States Trustee.

9        With respect to the $139,752.56 Retainer, Danning Gill will draw down on the Retainer in

10  accordance with the *Guide to Applications for Retainers, and Professionals and Insider*

11  *Compensation* promulgated by the local Office of the United States Trustee, except that the

12  Retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust

13  account.  Danning Gill will submit a monthly Professional Fee Statement each month until the

14  Retainer is exhausted.

15        Contemporaneously with the filing of this Application, the Debtor is filing a motion (the

16  "Fee Procedures Motion") to establish procedures authorizing the Debtor to pay, on an interim

17  basis, 80% of Danning Gill's fees, and 100% of Danning Gill's reimbursable costs, each month.[1]

18  The Debtor is proposing the following procedures:

19     1.   On or before the 20th day of each month following the month for which
20        compensation and reimbursement of expenses is sought, each professional may file
       a monthly statement with the Court itemizing the fees and costs incurred by such
21        professional.  The filing of the monthly statement will constitute service on the
       Debtor, the U.S. Trustee, the Committee's counsel, and parties who have registered
22        to receive electronic notices of documents filed in this case.  If an official committee
       has not been appointed when the monthly statement is filed, it will be served by mail
23        upon the creditors holding the 20 largest general unsecured claims.

24     2.   If no objection to the monthly statement is filed and served within 10 days after the
       filing and service of the monthly statement, the Debtor may pay the Professional a
25        percentage of its fees (in the case of Danning Gill, 80%) and 100% of the expenses
       for which payment is sought.  Such payments will be made on an interim basis and
       will be subject to the filing of interim and final fee applications.

26

27

28  [1] The Fee Procedures Motion also will seek authority to pay fees and costs of other professionals.

3.      If a timely written objection to the monthly statement is filed by a party-in-interest, the Debtor will not pay the applicable professional the amount of the disputed funds until the objection has been consensually resolved by the objecting party and the professional.  If the parties do not reach a consensual resolution of the objection, the professional may either (a) set the matter for hearing on at least 14 days' notice to the objecting party, or (b) forego payment of the disputed amount and seek approval of such disputed amount in connection with its next interim, or final, fee application. Notwithstanding any objection to a monthly statement, the professional may be paid any undisputed amount of fees and costs represented by a monthly statement.

4.      In accordance with § 331 and applicable rules and guidelines, each professional will file and serve (in accordance with the Bankruptcy Code and federal and local rules) an application for Court approval of interim compensation (including any amounts held back pursuant to paragraphs 2 and 3 above) and reimbursement of expenses not less frequently than every 120 days.  Any professional who fails to file an application for interim compensation when due will be ineligible to receive further monthly payments of fees and expenses pursuant to the filing of monthly statements as provided above, until such professional submits an application for interim compensation which is then ruled upon by the Court.

5.      The pendency of an objection to payment of compensation or expenses requested by a professional in a particular monthly statement or interim fee application will not prevent such professional from receiving payment of fees and expenses pursuant to future monthly statements served in accordance with these procedures, except as otherwise ordered by the Court.

6.      Neither the payment of, nor the failure of any party to object to, fees and expenses requested in a monthly statement will in any way act as a waiver of the right to later object to such fees and expenses, or otherwise bind any party or the Court with respect to the subsequent consideration of the interim or final allowance of fees and expenses of any professional.

As set forth in paragraph 4 above, the Firm will file appropriate interim fee applications and eventually a final fee application, seeking final allowance of all fees and costs, in conformity with the requirements of Bankruptcy Code Sections 330 and 331.  The Firm understands that its compensation in the Debtor's case will be subject to the approval of the Court.  Any interim payments paid to the Firm pursuant to the proposed monthly statement payment procedure will still be subject to allowance by the Court, upon appropriate application and noticed hearing.

Upon allowance of such fees and costs, the Debtor will pay to the Firm the difference between the amounts allowed to the Firm and any interim compensation paid to the Firm.  The Firm understands that if aggregate interim payments to the Firm exceed the amount that is

1    ultimately allowed, the Firm will be required to, and will, promptly repay to the Debtor such

2    difference.

3          The source of the Retainer is the Debtor.  The source of future payments to the Firm after

4    the retainer has been exhausted will be the Debtor's estate.

5

6    4.    Name, address and telephone number of person who will provide a copy of the Application

7          A copy of the Application is appended hereto.  Copies may also be requested by contacting

8    Aaron E. de Leest at Danning, Gill, Israel & Krasnoff, LLP, 1901 Avenue of the Stars, Suite 450,

9    Los Angeles, California 90067, Email: adeleest@DanningGill.com.  His telephone number is (310)

10   277-0077.

11         This Application is based upon this notice and application, the declaration of John N.

12   Tedford IV, the papers and pleadings on file in this case, and such other evidence as may be

13   presented to the Court.

14         **PLEASE TAKE FURTHER NOTICE** that any party seeking to object to the relief sought

15   must, not later than 14 days before the hearing date, file a written opposition with the Clerk of the

16   Court and serve copies of the opposition upon the Debtor's counsel.  Failure to file and serve

17   oppositions as set forth above may be deemed consent to the relief sought in the motion.  If you do

18   not have any objection to the motion, you need not take any further action.

19

20   DATED:  January 10, 2023                DANNING, GILL, ISRAEL & KRASNOFF, LLP

21

22                                  By:    _____/s/ Aaron E. de Leest_____
23                                         AARON E. DE ELEEST
                                           Proposed Attorneys for Debtor and
24                                         Debtor-in-Possession, Better Nutritionals, LLC

25

26

27

28

# APPLICATION

Better Nutritionals, LLC (the "Debtor"), respectfully represents as follows:

## A.    BANKRUPTCY BACKGROUND

1.    On December 20, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Code").  The Debtor remains in possession of its property and continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Code.

## B.    THE DEBTOR'S HISTORY AND BUSINESS OPERATIONS

2.    The Debtor is a state-of-the-art contract manufacturer and R&D leader in nutritional supplements.  The Debtor specializes in making cutting-edge formulations of gummy supplements focused on personal health and wellness.  The Debtor's output capacity currently is about nine billion gummies per year.  It is an FDA-registered manufacturer, and meets stringent standards to label its products as vegan, Kosher-certified, and free of top-8 allergens and gluten.

3.    The Debtor's headquarters is located at 3390 Horseless Carriage Drive, Norco, California.  Its four-building campus in Norco contains approximately 422,000 square feet of manufacturing, warehouse, R&D and office space.  The Debtor also manufactures products in an 18,000 square foot facility in Gardena, where it was headquartered until 2021.

4.    The Debtor grew significantly from 2019 through 2021.  Sales revenues increased from $21.8 million in 2019 to $222.8 million in 2021.  However, for the twelve months that ended on September 30, 2022, revenues were down and expenses were up, leading to a net loss during that 12-month period of about $45 million.

5.    The dramatic decrease in revenues and increase in expenses was the result of a series of wrongful acts by a Canadian entity, 12416913 Canada, Inc. ("12416913 Canada"), and certain persons and entities affiliated with that entity.  12416913 Canada is affiliated with the owners of Goli Nutrition, Inc., a Delaware corporation ("Goli Delaware"), which is a subsidiary of

1  Goli Nutrition, Inc., a Canadian corporation ("Goli Canada").  12416916 Canada, Goli Delaware,

2  and Goli Canada are hereinafter referred to herein as "Goli."

3       6.      The Debtor aggressively embarked on an expansion of its operations, and incurred

4  substantial debt to trade creditors, building contractors, vendors, and other parties, in reliance on

5  Goli's express representations and promises that it would significantly increase the amount of its

6  purchases from the Debtor if the Debtor took the significant steps needed to supply that capacity.

7  However, at some point in 2021, while representing that it needed more products – causing the

8  Debtor to make the products to satisfy Goli's requests – Goli took delivery of and paid for only a

9  fraction of what the Debtor made.  Goli also refused to allow the Debtor to release the products

10  Goli ordered so the Debtor could sell the products to others.  The Debtor now understands that Goli

11  was attempting to induce a private equity firm to invest in Goli, and used the inflated purchase

12  orders as part of its efforts to obtain money from investors, but did not intend to honor its

13  commitment to the Debtor.

14       7.      The Debtor has attempted to adjust its business model by, among other things,

15  developing relationships with new clients.  In mid-2021, over 90% of the Debtor's monthly sales

16  volume was to Goli.  That percentage has declined to 50% to 75%, and the Debtor is developing

17  relationships with new customers, including some Fortune 100 customers.

18       8.      Unfortunately, the increase in revenues from non-Goli customers has not been

19  adequate to dig the Debtor out of the deep hole caused by Goli.  The Debtor's accounts payable

20  exceed $55 million.  Creditors include suppliers of goods, ingredients, equipment, employees and

21  services used by the Debtor in the ordinary course of its business.  Creditors also include

22  contractors who worked on expansions to the Norco facility, and suppliers of equipment and

23  materials used in connection with that construction.

24

25  **C.    THE DEBTOR'S PLAN FOR THIS CASE**

26       9.      The Debtor is continuing to formulate a long-term plan for its operations.  The

27  Debtor's founders believe that the Debtor has great potential, and can position itself well in a

28  global gummy market that is expected to grow significantly over at least the next six years.  It is

1702878.1  27122                                             7

already pivoting toward doing more business with non-Goli customers and being less dependent on revenues from customers that refuse to honor their commitments.  The Debtor's long-term plan will be influenced by, among other things, the Debtor's ability to generate revenues during the case, cuts in expenses, the willingness of suppliers to continue to do business with the Debtor, the potential for short-term and/or long-term financing, offers (if any) it may receive from potential purchasers, and recoveries from Goli and others whose fraudulent actions have caused damage to the Debtor and its creditors.

10.    In the short term, the Debtor needs the respite afforded by the automatic stay to preserve its assets from potential creditor suits and judgment enforcement actions.  To the best of the Debtor's knowledge, there are currently approximately 28 lawsuits pending against the Debtor. Two additional plaintiffs have reduced their claims to judgment, and those judgments have not yet been satisfied.  Facing the prospect that judgment creditors will commence enforcement proceedings, and plaintiffs will seek pre-judgment right-to-attach orders and writs of attachment, the Debtor filed for bankruptcy to preserve its assets, continue operating, and develop a plan to restructure its operations and debt.

**D.**     **THE DEBTOR'S PROPOSED RETENTION OF DANNING GILL AS ITS GENERAL BANKRUPTCY COUNSEL**

11.    It is necessary for the Debtor to employ general bankruptcy counsel to advise and represent it in connection with the administration of its bankruptcy estate and to aid the Debtor in the administration of this case.  Among other things, the Debtor requires bankruptcy counsel to:

(a)     assist the Debtor in the preparation of its Schedules of Assets and Liabilities, Statement of Financial Affairs, and other required documents;

(b)     advise and assist the Debtor with respect to chapter 11 case requirements, including the preparation and filing of Monthly Operating Reports, payment of fees to the United States Trustee, and maintaining DIP bank accounts, among other requirements, and to help the Debtor stay in compliance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Court's Local Bankruptcy Rules, and the Guidelines of the United States Trustee;

1         (c)     appear with and represent the Debtor at its Initial Debtor Interview;

2         (d)     appear with and represent the Debtor at the meeting of creditors;

3         (e)     represent the Debtor in contested matters, adversary proceedings, and any

4 other hearings before this Court;

5         (f)     assist the Debtor in post-petition borrowing, if appropriate, and motions

6 concerning the same;

7         (g)     assist the Debtor in preparing motions and other pleadings concerning the

8 use of cash collateral;

9         (h)     review and, if appropriate, pursue avoidable transfers and other claims that

10 the estate may have against third parties;

11         (i)     analyze and review the validity of claims of creditors who file proofs of

12 claims and, if appropriate, object to those claims;

13         (j)     analyze the validity of all administrative expenses and, if appropriate, object

14 to those expenses;

15         (k)     assist the Debtor with the settlement and compromise of claims by or against

16 the estate, or pertaining to matters relating to this case;

17         (l)     assess prospects for reorganization of the Debtor's financial affairs under

18 chapter 11 of the Code and, if appropriate, assist the Debtor in the prompt formulation, proposal,

19 confirmation and implementation of a chapter 11 plan; and

20         (m)     perform other general legal services relating to the Debtor's administration

21 of the estate.

22     12.    The Debtor proposes to retain , Israel & Krasnoff, LLP ("Danning Gill") as its

23 general bankruptcy counsel, effective as of December 20, 2022.  Danning Gill is experienced in

24 debtor/creditor matters including, among other things, the representation of chapter 11 debtors,

25 trustees, and other interested parties who appear in bankruptcy cases.  Danning Gill is competent to

26 perform the requisite legal services in this bankruptcy case.  Danning Gill's breadth of experience

27 and length of service in the legal community is described in its firm resume, a copy of which is

28 attached as Exhibit "3" hereto.

13. The lawyers affiliated with Danning Gill have practiced in bankruptcy courts for many years. Danning Gill has handled virtually every type of matter which may arise in the context of a bankruptcy case. Danning Gill has been retained as attorneys for debtors and trustees in thousands of different bankruptcy cases. Danning Gill and all of the lawyers affiliated with it who will work on this bankruptcy case are familiar with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules. Danning Gill will comply with the Bankruptcy Code and all applicable rules in this bankruptcy case.

14. The Debtor initially retained Danning Gill on or about July 1, 2022. Sharon Hoffman (the Debtor's Manager and Chief Executive Officer) interviewed Danning Gill, along with the Debtor's then-general counsel and others, prior to the Debtor's retention of the firm. The Debtor did not interview any other firms. Based upon representations made by attorney John Tedford, the Debtor believes that Danning Gill's billing rates and material terms for this engagement are comparable to its billing rates and terms for non-bankruptcy engagements, and comparable to the billing rates and terms of other comparably skilled professionals. Each month, the Debtor's CEO will supervise Danning Gill's fees and expenses by reviewing its monthly fee statement and discussing any concerns he has with Mr. Tedford. The Debtor has requested that Danning Gill utilize the services of lower-billing associates for work that can be efficiently performed by them, and also defer to lower-billing special litigation counsel in matters handled thereby. Danning Gill anticipates that most work in this case will be performed by one partner (John Tedford), one senior counsel (Aaron de Leest), and associates with 1-5 years of experience.

**E.    PREPETITION RETAINER, PROCEDURES FOR FUTURE PAYMENTS**

15. Under the terms of Danning Gill's prepetition Attorney-Client Agreement, the Debtor provided Danning Gill a $125,000 retainer to commence services, and agreed to replenish the retainer up to $150,000 prior to the filing of a chapter 11 petition (if one needed to be filed). For the pre-filing period, Danning Gill received retainer payments of $175,000, and from those funds was paid fees and costs of $158,509.44. On December 19, 2022, Danning Gill received

1  $125,000 to replenish the retainer.  Therefore, on the Petition Date, Danning Gill had a retainer

2  balance of $139,752.56 (the "Retainer") plus $1,738 for the chapter 11 filing fee.

3         16.    Postpetition, Danning Gill will charge for its services at an hourly rate measured in

4  increments of tenths of an hour.  It will also seek reimbursement of its expenses.  Schedules of the

5  Firm's current hourly rates and current rates of reimbursement are attached as Exhibits "1" and "2"

6  hereto.  The Firm's rates may change from time to time in the future; the Firm keeps a schedule of

7  its current rates on file at the Office of the United States Trustee.

8         17.    With respect to the $139,752.56 Retainer, Danning Gill will draw down on the

9  Retainer in accordance with the *Guide to Applications for Retainers, and Professionals and Insider*

10 *Compensation* promulgated by the local Office of the United States Trustee, except that the

11 Retainer will be maintained in the Firm's attorney-client trust account rather than a segregated trust

12 account.  Danning Gill will submit a monthly Professional Fee Statement each month until the

13 Retainer is exhausted.

14        18.    Contemporaneously with the filing of this Application, the Debtor is filing a motion

15 to establish procedures authorizing the Debtor to pay, on an interim basis, 80% of Danning Gill's

16 fees, and 100% of Danning Gill's reimbursable costs, each month.  The Debtor is proposing the

17 following procedures:

18        (a)    On or before the 20th day of each month following the month for which
               compensation and reimbursement of expenses is sought, each professional

19             may file a monthly statement with the Court itemizing the fees and costs
               incurred by such professional.  The filing of the monthly statement will

20             constitute service on the Debtor, the U.S. Trustee, the Committee's counsel,
               and parties who have registered to receive electronic notices of documents

21             filed in this case.  If an official committee has not been appointed when the
               monthly statement is filed, it will be served by mail upon the creditors

22             holding the 20 largest general unsecured claims in this case.

23        (b)    If no objection to the monthly statement is filed and served within 10 days
               after the filing and service of the monthly statement, the Debtor may pay the

24             Professional a percentage of its fees (in the case of Danning Gill, 80%) and
               100% of the expenses for which payment is sought.  Such payments will be

25             made on an interim basis and will be subject to the filing of interim and final
               fee applications.

26
          (c)    If a timely written objection to the monthly statement is filed by a party-in-

27             interest, the Debtor will not pay the applicable professional the amount of
               the disputed funds until the objection has been consensually resolved by the

28             objecting party and the professional.  If the parties do not reach a consensual

resolution of the objection, the professional may either (a) set the matter for hearing on at least 14 days' notice to the objecting party, or (b) forego payment of the disputed amount and seek approval of such disputed amount in connection with its next interim, or final, fee application. Notwithstanding any objection to a monthly statement, the professional may be paid any undisputed amount of fees and costs represented by a monthly statement.

(d)    In accordance with § 331 and applicable rules and guidelines, each professional will file and serve (in accordance with the Bankruptcy Code and federal and local rules) an application for Court approval of interim compensation (including any amounts held back pursuant to subparagraphs (b) and (c) above) and reimbursement of expenses not less frequently than every 120 days. Any professional who fails to file an application for interim compensation when due will be ineligible to receive further monthly payments of fees and expenses pursuant to the filing of monthly statements as provided above, until such professional submits an application for interim compensation which is then ruled upon by the Court.

(e)    The pendency of an objection to payment of compensation or expenses requested by a professional in a particular monthly statement or interim fee application will not prevent such professional from receiving payment of fees and expenses pursuant to future monthly statements served in accordance with these procedures, except as otherwise ordered by the Court.

(f)    Neither the payment of, nor the failure of any party to object to, fees and expenses requested in a monthly statement will in any way act as a waiver of the right to later object to such fees and expenses, or otherwise bind any party or the Court with respect to the subsequent consideration of the interim or final allowance of fees and expenses of any professional.

19.    The Firm will file interim fee applications and eventually a final fee application, seeking final allowance of all fees and costs, in conformity with the requirements of Bankruptcy Code Sections 330 and 331. At the request of the U.S. Trustee, the Firm will provide billing data to the U.S. Trustee in LEDES format in conjunction with its interim and final fee applications.

20.    The Firm understands that its compensation in the Debtor's case will be subject to the approval of the Court. Any interim payments paid to the Firm pursuant to the proposed monthly statement payment procedure will still be subject to allowance by the Court, upon appropriate application and noticed hearing.

21.    Upon allowance of such fees and costs, the Debtor will pay to the Firm the difference between the amounts allowed to the Firm and any interim compensation paid to the Firm. The Firm understands that if aggregate interim payments to the Firm exceed the amount that is ultimately allowed, the Firm will be required to, and will, promptly repay to the Debtor such difference.

22.     The source of the Retainer is the Debtor.  The source of future payments to the Firm after the retainer has been exhausted will be the Debtor's estate.

**F.     DISINTERESTEDNESS OF DANNING GILL**

23.     As of the date of this Application, to the best of the Debtor's knowledge and after consideration of the disclosures in the Statement of Disinterestedness filed concurrently herewith, the Debtor believes that the Firm and all of its partners and associates are disinterested persons as that term is defined in 11 U.S.C. § 101(14), and neither the Firm nor any partners or associates of the Firm are connected with the Debtor, its creditors, any other party in interest, its attorneys and accountants, or to this estate, and has no relation to any bankruptcy judge presiding in this district, the Clerk of the Court or any relation to the United States Trustee in this district, or any person employed at the Court or the Office of the United States Trustee, nor does the Firm or its attorneys represent or hold an adverse interest with respect to the Debtor, any creditor, or to this estate.

WHEREFORE, the Debtor requests that the Court enter an order authorizing it to employ Danning Gill as its general counsel, effective as of December 20, 2022, as an administrative expense in this bankruptcy case, and for such other and further relief as may be determined just and proper.

DATED: January 9, 2022                BETTER NUTRITIONALS, LLC


By: _____
        SHARON HOFFMAN, Manager

## STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
## OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014

1. Name, address and telephone number of the professional ("the Professional" or "the "Firm") submitting this Statement:

Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone number: (310) 277-0077

2. The services to be rendered by the Professional in this case are (specify):

See pp. 8-9 of the Application.

3. The terms and source of the proposed compensation and reimbursement of the Professional are (specify):

See pp. 10-12 of the Application.

4. The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are (specify):

See pp. 10-12 of the Application.

5. The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of (specify):

We conducted a conflict check with respect to the Debtor, its owners and principals, and all of the creditors listed on the master mailing list (approximately 419 entries), to determine whether the Firm has any prior attorney-client relationship or other connection thereto.

6. The following is a complete description of all of the Professional's connections with the debtor, principals of the debtor, insiders, the debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States Trustee or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

None.

7. The Professional is not a creditor, an equity security holder or an insider of the debtor, except as follows (specify, attaching extra pages as necessary):

None.

8. The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9. The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows (specify, attaching extra pages as necessary):

None.

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional (specify):

John N. Tedford, IV, Partner
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone number: (310) 277-0077

11. The Professional is not a relative or employee of the United States Trustee or a Bankruptcy Judge, except as follows (specify, attaching extra pages as necessary):

None.

12. Did the Professional agree to any variations from, or alternatives to, the Professional's standard or customary billing arrangements for this engagement?

No.

13. Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case?

No.

14. Disclosure regarding the Professional's billing rates and material financial terms for its prepetition engagement by the Debtor, including any adjustments during the 12 months prepetition:

See pp. 10-12 of the Application. The Firm was retained by the Debtor on or about July 1, 2022. The Firm's rates for 2022 and 2023 are attached as Exhibit "1" hereto. The Firm increased its rates for all clients effective as of January 1, 2023.

15. Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Each month, the Debtor's CEO (Sharon Hoffman) will supervise the Firm's fees and expenses by reviewing its monthly fee statement and discussing with me any concerns he has regarding the Firm's fees and costs. Danning Gill will endeavor to utilize the services of lower-billing associates for work that can be efficiently performed by them, and also defer to lower-billing special litigation counsel in matters handled thereby. The Firm anticipates that most work in this case will be performed by me, one senior counsel (Aaron de Leest), and associates with 1-5 years of experience.

16. Total number of attached pages of supporting documentation: 10

17. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 and 11 are stated on information and belief.

Executed on January 10, 2023, at Los Angeles, California.

JOHN N. TEDFORD, IV

**EXHIBIT "1"**



## YEAR 2023 SCHEDULE OF
## RATES FOR PROFESSIONALS

| INITIALS | ATTORNEY NAME | HOURLY RATE |
|---|---|---|
| RKD | Richard K. Diamond | 825.00 |
| EPI | Eric P. Israel | 825.00 |
| BDK | Brad D. Krasnoff | 825.00 |
| GES | George E. Schulman | 725.00 |
| UOR | Uzzi O. Raanan | 750.00 |
| JNT | John N. Tedford, IV | 750.00 |
| ZS | Zev Shechtman | 675.00 |
| | | |
| AED | Aaron E. de Leest | 695.00 |
| MGD | Michael G. D'Alba | 655.00 |
| ALK | Alphamorlai L. Kebeh | 395.00 |
| DRG | Danielle R. Gabai | 375.00 |

### PARALEGALS/LEGAL ASSISTANTS/TRUSTEE ADMINISTRATORS

| | | |
|---|---|---|
| SP | Aracelli Panta | 305.00 |
| DTK | Danielle Krasnoff | 305.00 |

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**
**1901 AVENUE OF THE STARS, SUITE 450, LOS ANGELES, CA 90067-6006**



## YEAR 2022 SCHEDULE OF
## RATES FOR PROFESSIONALS

| INITIALS | ATTORNEY NAME | HOURLY RATE |
|----------|---------------|-------------|
| RKD | Richard K. Diamond | 750.00 |
| EPI | Eric P. Israel | 750.00 |
| BDK | Brad D. Krasnoff | 750.00 |
| GES | George E. Schulman | 725.00 |
| UOR | Uzzi O. Raanan | 695.00 |
| JNT | John N. Tedford, IV | 695.00 |
| ZS | Zev Shechtman | 595.00 |
| | | |
| AED | Aaron E. de Leest | 650.00 |
| MGD | Michael G. D'Alba | 595.00 |
| ALK | Alphamorlai L. Kebeh | 350.00 |
| DRG | Danielle R. Gabai | 335.00 |

**LAW CLERK**

| SM | Shantal Malmed | 295.00 |
|----|----------------|--------|

**PARALEGALS/LEGAL ASSISTANTS/TRUSTEE ADMINISTRATORS**

| SP | Aracelli Panta | 275.00 |
|----|----------------|--------|
| DTK | Danielle Krasnoff | 250.00 |

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**
**1901 AVENUE OF THE STARS, SUITE 450, LOS ANGELES, CA 90067-6006**

**EXHIBIT "2"**



## 2023 RATES FOR REIMBURSEMENT OF EXPENSES

Reprographic Expense (Photocopy, Scan, Print) ..........................................................$ .20 per page

Facsimile - Incoming ...........................................................................................$ .20 per page

Facsimile - Outgoing............................................................................................$1.00 per page

Mileage ......................................................IRS Rate for Business Use (currently 0.65.5 per mile)

Telephone............................................................................................................Actual Cost

Postage ...............................................................................................................Actual Cost

Messengers..........................................................................................................Actual Cost

Overnight Mail......................................................................................................Actual Cost

On-line Computer Research....................................................................................Actual Cost

Filing Fees...........................................................................................................Actual Cost

Deposition or Witness Fees ...................................................................................Actual Cost

Parking ...............................................................................................................Actual Cost

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**
**1901 AVENUE OF THE STARS, SUITE 450, LOS ANGELES, CA 90067-6006**



## 2022 RATES FOR REIMBURSEMENT OF EXPENSES

Reprographic Expense (Photocopy, Scan, Print).........................................................$ .20 per page

Facsimile - Incoming ................................................................................................$ .20 per page

Facsimile - Outgoing.................................................................................................$1.00 per page

Mileage ........................................................IRS Rate for Business Use (currently 0.58.5 per mile)

Telephone...................................................................................................................Actual Cost

Postage ......................................................................................................................Actual Cost

Messengers.................................................................................................................Actual Cost

Overnight Mail...........................................................................................................Actual Cost

On-line Computer Research........................................................................................Actual Cost

Filing Fees..................................................................................................................Actual Cost

Deposition or Witness Fees .......................................................................................Actual Cost

Parking .......................................................................................................................Actual Cost

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**
**1901 AVENUE OF THE STARS, SUITE 450, LOS ANGELES, CA 90067-6006**

**EXHIBIT "3"**

www.DanningGill.com



1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006

(310) 277-0077 – Tel
(310) 277-5735 – Fax

## FIRM RESUME

Danning, Gill, Israel & Krasnoff, LLP (the "Firm") is a California limited liability partnership composed of several professional corporations, located in Los Angeles, California.  The Firm has been engaged in the practice of law with an emphasis on debtor-creditor relations, bankruptcy and reorganization matters since 1953.  Since 1981, its principal office has been located in Century City and is presently at 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006.

Within its area of debtor-creditor specialization, the Firm operates in three areas, focusing on (1) creditors' rights and debtors' rights, including the representation of lessors, lessees, creditors and creditors' committees, the prosecution on creditors' behalf of relief from stay actions, actions to determine non-dischargeability of debts under the Bankruptcy Code, and matters involving executory contracts and leases, out of court workouts, reorganizations and the like, (2) debtors' estates, including representation of large Chapter 11 debtor estates, and (3) representation of chapter 7 and chapter 11 Trustees, State Court Receivers, assignees for the benefit of creditors and disbursing agents under chapter 11 plans or in out of court workouts.  Members of the Firm are qualified to and do serve as State Court appointed Receivers and as chapter 7 and operating chapter 11 Trustees in the United States Bankruptcy Court for the Central District of California and in the Superior Courts of the State of California.

The Firm has represented numerous banks, title insurance companies, and other financial institutions, as well as representing corporations, partnerships, professional corporations, limited liability companies and individuals in work-outs, reorganizations, and liquidations of real estate (hotels, apartment buildings, office buildings, shopping centers, residential property and undeveloped property), construction, wholesale, retail, food service, and law firms, among others.  Among other clients, the Firm has represented the City of Los Angeles, San Diego County Airport Authority, San Francisco Airport Authority, Time-Warner Entertainment Co. LP and its divisions and affiliates, including but not limited to Warner Bros. and Warner Home Video, and Turner Broadcasting System, Inc. and its divisions, affiliates and subsidiaries, in bankruptcy-related matters.  It has in the past represented several professional (medical and legal) firms in creditor workouts and reorganizations.

The Firm has represented many debtors in chapter 11 reorganization, including MMPI and its affiliates; it represented State Street Bank and Trust Company as a member of the Official Committee of Creditors Holding Unsecured

DANNING, GILL, ISRAEL & KRASNOFF, LLP

Claims in the Orange County Chapter 9 case; and it represented the City of Los Angeles in the Eastern Airlines, Pan American World Airways, Continental Airlines, Trans World Airlines (both cases), America West Airlines and Damson Oil Co. chapter 11 cases, which cases were pending in various bankruptcy courts across the United States, and San Francisco and San Diego airports in various bankruptcy related assignments.  The Firm has also represented the Creditors' Committees in the Maxicare, Watts Health and numerous other health care related reorganizations.  Attorneys at the firm have served as and represented bankruptcy or reorganization trustee or other fiduciaries in the matters of Oasis Petroleum, Producers Sales Organization and Financial Corporation of America, the parent of American Savings and Loan, Namvar, Medpartners, APX and Empire Land, each multi-million dollar bankruptcy court operations and/or liquidations. In addition, individual attorneys within the Firm have various areas of expertise, including qualification to serve as reorganization and liquidation counsel and administrators in all California bankruptcy, federal, district and state courts and out-of-court workouts; appellate matters; trustees' avoiding powers; and landlord/tenant relations with particular reference to those rights in bankruptcy.

The Firm has an on-going commitment to the advancement of the educational and professional skills of its members and is active in bar organizations involved in the bankruptcy and reorganization field, including the Financial Lawyers Conference, the Insolvency Committee of the Business Law Section of the California State Bar and the Los Angeles Bankruptcy Forum.

Biographical data with respect to each partner, of counsel, associate, staff attorney, fiduciary and paralegal assistant is contained in the following section.

<u>ATTORNEY BIOGRAPHIES</u>

1.      <u>Partners</u>:

Eric P. Israel, a Professional Corporation.  Mr. Israel was admitted to the California bar in 1987.  His educational background is as follows: He holds degrees from the University of California at Los Angeles (B.A., 1981) and Southwestern University (J.D., with honors, 1987).  Member, Southwestern University Law Review.  He is a member of the Financial Lawyers Conference, The California (Board Member), Los Angeles and Orange County Bankruptcy Forums, and the Los Angeles County (Commercial Law and Bankruptcy Section, Bankruptcy Committee), Los Angeles County Bar and American Bar Associations.  He has served as an editor of the California Bankruptcy Journal since 1998 and was special issue editor for the Special Trustee Issue (26 Cal. Bankr. J. vol. 26 (2002)); Mr. Israel currently serves as co-managing editor of the California Bankruptcy Journal.  He was the Chairman of the Commercial Law and Bankruptcy Section of the L.A. County Bar Association (2014-2015) and Chairman of its Bankruptcy Committee (2013-2015) (formerly its Vice-Chair,

DANNING, GILL, ISRAEL & KRASNOFF, LLP

Programs Chair and Secretary).  He is a certified mediator through the Straus Institute for Dispute Resolution of the Pepperdine University School of Law and has served on the panel of mediators for the Bankruptcy Courts for the Central District of California from the inception of the mediation program in 1995 to the present.  He has lectured and written on bankruptcy related matters.  He authored the articles:  (1) Debtors Beware: Exemption Planning in California Now Subject to Challenge, 32 Cal. Bankr. J. 317 (2021); (2) "Hints on Making the Most of Your Estate's Assets: Often Overlooked Methods to Maximize Equity", 26 Cal. Bankr. J. 199 (2002); and (3) "Of Racketeers, RICO, the Enterprise-Separateness Issue and Chicken Little: What's Really Falling?" 17 Sw. L. Rev. 565 (1988).

John N. Tedford, IV, a Professional Corporation.  Mr. Tedford was admitted to the California Bar in 1999.  His educational background is as follows: University of Southern California (B.S., 1996); University of Southern California School of Law (J.D., 1999).  Judicial Extern to the Honorable Kathleen P. March, Fall 1998 and Spring, 1999.  Relief Law Clerk to the Honorable Alan M. Ahart, Ellen Carroll and Kathleen P. March, 1999-2001.  Law Clerk to the Honorable Alan M. Ahart, 2001-2002.  He is admitted to practice in the Central District of California.  He is a member of the California State Bar Association, Financial Lawyers Conference and the Los Angeles Bankruptcy Forum.

Uzzi O. Raanan, a Professional Corporation.  Mr. Raanan was admitted to the California State Bar in 1992 and to the Washington, D. C. Bar in 1995.  His educational background is as follows: San Diego State University (B.A., 1988); University of the Pacific, McGeorge School of Law (J.D., 1992).  He is admitted to practice in the Central and Eastern Districts of California, and in the Ninth Circuit Court of Appeals.  He serves on the California Lawyers Association's Board of Representatives, past chair of the Business Law Section of the California Lawyers Association, Vice-Chair of Marketing & Outreach for the Business Law Section of the California State Bar, past Co-Chair of the Insolvency Law Committee of the California State Bar, past President of the Beverly Hills Bar Foundation, and a member of the Beverly Hills Bar Association Board of Governors, Financial Lawyers Conference and the Los Angeles Bankruptcy Forum.  Mr. Raanan represents creditors and debtors, creditor committees, as well as court-appointed receivers and bankruptcy trustees, with regard to insolvencies, bankruptcy pre-planning and filing, state and federal court litigation, and Commercial Law disputes.  He also specializes in handling appeals and a myriad of other issues arising in bankruptcy.  Mr. Raanan is fluent in Hebrew.

Brad D. Krasnoff, a Professional Corporation.  Mr. Krasnoff was admitted to the California Bar in 1986.  His educational background is as follows: University of California at Los Angeles (B.A., 1982, Magna Cum Laude; J.D., 1986, Phi Beta Kappa).  Extern, United States Attorney's Office, Civil Division, 1985.  He is a member of the California State Bar Association, the Financial Lawyers Conference, the Los Angeles Bankruptcy Forum and the National

DANNING, GILL, ISRAEL & KRASNOFF, LLP

Association of Bankruptcy Trustees.  Since 1997, he has served as a Chapter 7 Panel  Trustee appointed by the United States Trustee for the Central District of California.  He authored the article "Case Control?  Electing a Chapter 7 Trustee: The Trustee's Viewpoint", California Bankruptcy Journal, Vol. 26 (2002) 258. Mr. Krasnoff co-authored "Based on What? Trustee Compensation Scenarios under Section 326 of the Bankruptcy Code," 35 Cal. Bankr. J. 339 (2021).

Zev Shechtman, a Professional Corporation.  Mr. Shechtman was admitted to the California Bar in 2009.  He is admitted to practice in the Central District of California.  His educational background is as follows:  University of California at Santa Cruz (B.A., 2003); New York University (M.A., 2006); University of Southern California School of Law (J.D., 2009). While a law student at the University of Southern California, Mr. Shechtman served as Managing Editor of the Southern California Review of Law & Social Justice. Mr. Shechtman served as an extern for the Honorable Thomas B. Donovan of the United States Bankruptcy Court for the Central District of California in the Summer of 2007. Mr. Shechtman serves as 2021-2022 President of the Los Angeles Bankruptcy Forum, where he helped found the Diversity, Equity & Inclusion Committee for the organization.  Mr. Shechtman is a former chair of the Bankruptcy Section of the Beverly Hills Bar Association. Mr. Shechtman is an editorial board member of the California Bankruptcy Journal and the California Lawyers Association's Business Law News.

2.    Of Counsel:

Richard K. Diamond, a Professional Corporation.  Mr. Diamond was admitted to the California Bar in 1976.  His educational background is as follows: University of California, Berkeley (A.B. 1973); University of California, Los Angeles (J.D. 1976); Phi Beta Kappa; Order of the Coif.  He is a Fellow of the American College of Bankruptcy.  Mr. Diamond is a member of the Business Law Section of the State Bar of California and served as the chair of its Debtor/Creditor Relations and Bankruptcy Committee (1990 and 1991).  He is a past President of the Los Angeles Bankruptcy Forum.  He serves as a Chapter 7 Panel Trustee appointed by the United States Trustee for the Central District of California.  Mr. Diamond has specialized in reorganization and insolvency matters during the entire period of his practice.

George E. Schulman, a Professional Corporation.  Mr. Schulman was admitted to the California Bar in 1975.  He was admitted to the New York Bar in 1972.  His educational experience is as follows:  Queens College (B.A. 1968); New York University School of Law (J.D. 1971).  He is a member of the Los Angeles County, Beverly Hills, American and New York Bar Associations, and a member of the State Bar of California.  He is First Vice-Chair of the Antitrust and Trade Regulation Section of the Los  Angeles County Bar Association.  He is admitted to practice in all courts in California and New York, in the United States

DANNING, GILL, ISRAEL & KRASNOFF, LLP

District Courts for the Central, Northern, Southern and Eastern Districts of California, the United States Court of Appeals for the Second, Ninth and Tenth Circuits, and the United States Supreme Court. He specializes in litigation, with a special emphasis on bankruptcy, insolvency and receivership. He has served as a Federal Court receiver and has been appointed as a Chapter 11 and Chapter 7 trustee by the United States Trustee.

3.    Associates:

Aaron E. de Leest was admitted to the California Bar in 2001. His educational background is as follows: Biola University (B.A., 1998); Southwestern University School of Law (J.D., 2001). Judicial Extern to The Honorable Barry Russell, 2000. He is admitted to practice in the United States Court of Appeals for the Ninth Circuit, and the United States District Court, Northern and Central Districts of California. He is a member of the California State Bar Association, Los Angeles County Bar Association, Financial Lawyers Conference, Los Angeles Bankruptcy Forum, and the Beverly Hills Bar Association.

Michael G. D'Alba was admitted to the New Jersey State Bar in 2005 and to the California State Bar in 2009. His educational background is as follows: Princeton University (A.B., 1998); Rutgers University School of Law (J.D., 2005). He is admitted to practice in the Central District of California. He is a member of the California State Bar Association, Financial Lawyers Conference and the Los Angeles Bankruptcy Forum. Mr. D'Alba co-authored "Based on What? Trustee Compensation Scenarios under Section 326 of the Bankruptcy Code," 35 Cal. Bankr. J. 339 (2021).

Alphamorlai "Mo" Kebeh is a 2020 graduate of the University of California, Los Angeles, School of Law, where he served on the executive board of the Black Law Students Association and as a mentor for the school's Law Fellows Program. Prior to law school, Mo received his bachelor's degree in Legal Studies and Political Science from the University of Massachusetts, Amherst. At the firm, Mo assists with the representation of debtors, creditors, and trustees in chapter 7 and chapter 11 cases.

Danielle R. Gabai is a 2021 graduate of USC Gould School of Law, where she received her Business Law Certificate and served as President of the Jewish Law Student Association. Prior to law school, Danielle received her B.A. in Business Administration, minor in Finance from the Interdisciplinary Center Herzliya (IDC) in Israel. At the Firm, Danielle assists with the representation of debtors, creditors, and trustees in chapter 7 and chapter 11 cases.

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

    4.    <u>Paralegals/Legal Assistants</u>:

    <u>Aracelli P. Panta</u> is a bankruptcy paralegal who received her Bachelor of Arts degree from the University of California at Los Angeles in 1992 and her paralegal certificate from the University of California at Los Angeles' Extension Program in 1994.

    <u>Danielle Krasnoff</u> is a Bankruptcy Trustee Administrator who joined the Firm in 2015.  Ms. Krasnoff's experience has been in the legal and accounting fields for more than 30 years, including positions in Human Resources and Marketing.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): <u>NOTICE OF APPLICATION AND DEBTOR AND DEBTOR-IN-POSSESSION'S APPLICATION TO EMPLOY DANNING, GILL, ISRAEL & KRASNOFF, LLP AS ITS GENERAL BANKRUPTCY COUNSEL; AND STATEMENT OF DISINTERESTEDNESS</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>January 10, 2023</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) <u>January 10, 2023</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Debtor and Debtor in Possession
Better Nutritionals, LLC
3390 Horseless Carriage Drive
Norco, CA 92860

The Honorable Mark D. Houle
United States Bankruptcy Court
3420 Twelfth Street, Suite 325
Bin Outside Courtroom 301
Riverside, CA 92501-3819

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


<u>January 10, 2023</u>          Vivian Servin                          */s/ Vivian Servin*
*Date*                              *Printed Name*                       *Signature*

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

- **Marshall J August**    maugust@frandzel.com, rsantamaria@frandzel.com

- **Reem J Bello**    rbello@goeforlaw.com, kmurphy@goeforlaw.com

- **Anthony Bisconti**    tbisconti@bklwlaw.com,
  7657482420@filings.docketbird.com;docket@bklwlaw.com

- **Richard D Buckley**    richard.buckley@arentfox.com

- **Aaron E. DE Leest**    adeleest@DanningGill.com,
  danninggill@gmail.com;adeleest@ecf.inforuptcy.com

- **Abram Feuerstein**    abram.s.feuerstein@usdoj.gov

- **Adam R. Fracht**    afracht@stibbsco.com

- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

- **Michael J Gomez**    mgomez@frandzel.com, dmoore@frandzel.com

- **Everett L Green**    everett.l.green@usdoj.gov

- **Garrick A Hollander**    ghollander@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com

- **Eve H. Karasik**    ehk@lnbyg.com

- **Michael S Myers**    myersm@ballardspahr.com,
  BKTDocket_West@ballardspahr.com;PHXLitLAAs@ballardspahr.com

- **Daniel H Reiss**    dhr@lnbyb.com, dhr@ecf.inforuptcy.com

- **Cameron C Ridley**    Cameron.Ridley@usdoj.gov

- **Joseph M Rothberg**    jmr@lnbyg.com

- **Matthew J Stockl**    mstockl@wghlawyers.com,
  jmartinez@wghlawyers.com;svillegas@wghlawyers.com

- **John N Tedford**    jtedford@DanningGill.com,
  danninggill@gmail.com;jtedford@ecf.courtdrive.com

- **Thomas Tysowsky**    thomas.tysowsky@bakermckenzie.com,
  carmen.ayala@bakermckenzie.com

- **United States Trustee (RS)**    ustpregion16.rs.ecf@usdoj.gov

- **Christopher K.S. Wong**    christopher.wong@afslaw.com, yvonne.li@arentfox.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                           **F 9013-3.1.PROOF.SERVICE**

## 2. **SERVED BY U.S. MAIL**

**20 LARGEST UNSECURED CREDITORS**

Capital One
PO Box 30285
Salt Lake City, UT 84130-0285

Capital One Financial Corp
c/o Officer, Managing or General
Agent
1680 Capital One Drive
McLean, VA 22102-3491

Caliber Construction Inc
240 N. Orange Avenue
Brea, CA  92821

Caliber Construction Inc
c/o Anna M. Carno, Esq.
Carno Law Group
24031 El Toro Rd., Suite 260
Laguna Hills, CA  92653

Southern California Edison
P. O. Box 300
Rosemead, CA  91772

Shri Kartikeya Pharma
c/o Tara L. Blake, Esq.
Butler Snow, LLP
150 3rd Avenue South, Suite 1600
Nashville, TN  37201

Citistaff Solutions, Inc.
Attn:  Legal Dept./Slater & Assoc.
c/o Charles C. Slater, Esq.
1111 W. Town & Country Rd., Suite
30
Orange, CA  92868

Amtech Ingredients
517 Adams Avenue
Albert Lea, MN 56007

AGPE Corp.
21715 The Trails Circle
Murrieta, CA 92562

AGPE Corp.
c/o Ariel Guizar, Agent for Service of
Process
21715 The Trails Circle
Murrieta, CA 92562

Saddle Ranch APG LLC
PO Box 51930
Los Angeles, CA  90051

Saddle Ranch APG LLC
c/o Daniel L. Webb, Agent for Service
of Process
100 Bayview Circle, Suite 310
Newport Beach, CA  92660

BRS Beyond Resource Solutions, Inc
1475 South State College Blvd  Suite
116
Anaheim, CA 92806

BRS Beyond Resource Solutions, Inc.
c/o Clayton J. Hix, Esq.
Hill, Farrer & Burrill LLP
300 S. Grand Avenue, 37th Floor
Los Angeles, CA  90071

SouthWest ToyotaLift
PO Box 1070
3725 Nobel Ct.
Mira Loma, CA 91752
SERVED VIA NEF

J. Rettenmaier USA LP
16369 US 131 Highway
Schoolcraft, MI 49087

J. Rettenmaier USA LP
c/o Richard O. Cherry, Esq.
Miller Johnson
100 W. Michigan Ave., Suite 200
Kalamazoo, MI  49007

Mold Rite Plastics
PO Box 160
100 N. Field Drive
Lake Forest, IL  60045

Capitol Food Company
12836 Alondra Blvd
Cerritos, CA 90703

Gadot America Inc.
1 Meadow Road, Suite 205
Florida, NY 10921-1140

Allied Universal Security Services
(Corporate Headquarters West)
450 Exchange
Irvine, CA  92602

Stratum HR LLC
23052 Alicia Parkway, Suite H533
Mission Viejo, CA  92692

Stratum HR LLC
c/o 1505 Corporation 1108
Pacific Registered Agents, Inc.
Four Embarcadero Center, Ste. 1400
#85
San Francisco, CA  94111

Southern California Edison
c/o Cristina Limon, Agent for Service
of Process
2244 Walnut Grove Ave.
Rosemead, CA 91770

Servicon Systems, Inc.
3965 Landmark Street
Culver City, CA 90232

Servicon Systems, Inc.
c/o Nick Iezza, Esq.
Spiwak & Iezza
555 Marin St., Suite 140
Thousand Oaks, CA  91360

Custom Ingredients Inc
160 Calle Iglesia
San Clemente, CA 92672

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Custom Ingredients Inc.
c/o Robert J. Danko, Esq.
Law Office of Robert J. Danko
31805 Temecula Parkway, #623
Temecula, CA  92592


Tay Ninh Tapioca Joint Stock
Company
Tan Binh Hamlet
Tay Ninh Province, VIETNAM

Shri Kartikeya Pharma
H. no. 5-5-36/15/A, Opp NCS
complex
Prashanti Nagar, IDA kukatpally
Hyderabad, Telangana 500072
INDIA

Tay Ninh Tapioca JSC
c/o Officer, Managing or General
Agent
CH1, Sky Center 5B Pho Quang
Street, Ward 2, Tan Binh District, Ho
Chi Minh City, VIETNAM

LS Link Co Ltd
Unit 208A 25/F Bank of America Twr
12 Harcourt Road
Central, Hong Kong


**SECURED CREDITORS**


Aramark Services, Inc.
ATTN: James Tarangelo, CEO
2400 Market St.
Philadelphia, PA  19103

Aramark Services, Inc.
c/o Michael S. Myers
Ballard Spahr
1 E. Washington St., Suite 2300
Phoenix, AZ  85004
SERVED VIA NEF

Suitable Staffing Solutions, Inc.
ATTN: Ramon Gonzalez, Agent for Service
801 W. Victoria St., Suite A-1
Compton, CA  90220


Suitable Staffing Solutions, Inc.
c/o Marshall J. August
Frandzel Robins Bloom & Csato, L.C.
1000 Wilshire Blvd., 19th Floor
Los Angeles, CA  90017
SERVED VIA NEF

Atos IT Solutions and Services, Inc.
ATTN: Dave Seybold, CEO
4851 Regent Blvd.
Irving, TX  75063

Atos IT Solutions and Services, Inc.
c/o Paul J. Keenan, Jr.
Baker & McKenzie LLP
1900 N. Pearl St., Suite 1500
Dallas, TX  75201
SERVED VIA NEF


Sharon and Odelya Hoffman
c/o Better Nutritionals, LLC
3390 Horseless Carriage Dr.
Norco, CA 92860

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**