| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JOHN N. TEDFORD, IV (State Bar No. 205537)<br>jtedford@DanningGill.com<br>AARON E. DE LEEST (State Bar No. 216832)<br>adeleest@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735<br><br>☐ *Debtor(s) appearing without attorney*<br>☒ *Attorney for*: Debtor | **FILED & ENTERED**<br><br>MAR 30 2023<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY craig    DEPUTY CLERK |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

| In re:<br><br>BETTER NUTRITIONALS, LLC,<br><br><br><br>Debtor(s). | CASE NO.: 6:22-bk-14723-MH<br>CHAPTER: 11<br><br>**ORDER ON DEBTOR'S MOTION TO CONVERT CASE UNDER**<br>**11 U.S.C. §§ 706(a) or 1112(a)**<br><br>Date:    March 28, 2023<br>Time:    1:00 p.m.<br>Place:   Courtroom 301<br>         3420 Twelfth Street<br>         Riverside, California |

Pursuant to LBR 1017-1, Debtor moved to convert this chapter <u>11</u> case to a case under chapter <u>7</u>.

FINDING that this case was not previously converted from another chapter and Debtor is entitled to relief under the chapter to which conversion is sought, the court orders as follows:

1. ☐ Motion granted.  This case is converted to chapter ___ pursuant to 11 U.S.C. § 706(a).  If this case is being converted to chapter 13, Debtor must file a Chapter 13 Plan no later than 14 days after the date of the entry of this order.

2. ☒ Motion granted.  This case is converted to chapter 7 pursuant to 11 U.S.C. § 1112(a).

   a. Within 14 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file a schedule of unpaid debts incurred after commencement of the chapter 11 case.

   b. Within 30 days of the date of this order, the debtor in possession or chapter 11 trustee, if the Debtor is not a debtor in possession, must file and transmit to the United States trustee a final report and account.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                    Page 1                              **F 1017-1.1.ORDER.DEBTOR.CONVERT**

1711684.1  27122

    c. The Debtor or chapter 11 trustee, if the Debtor is not a debtor in possession, must immediately turn over to the chapter 7 trustee all records and property of the estate remaining in its custody and control.

    d. Within 14 days of the date of this order, the Debtor must file the statements and schedules required by FRBP 1019(1)(A) and 1007, if such documents have not already been filed.

    e. If the Debtor is an individual, within 30 days of the date of this order or before the first date set for the meeting of creditors, whichever is earlier, Debtor must file a statement of intention with respect to retention or surrender of property securing consumer debts.

    f. Within 30 days of the date of this order, the Debtor must, if the case is converted AFTER confirmation of a plan, file:

        (1) A schedule of all property not listed in the final report and account which was acquired after commencement of the chapter 11 case but before entry of this order.

        (2) A schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before entry of this order, and

        (3) A schedule of unpaid debts not listed in the final report and account which were incurred after the commencement of the chapter 11 case but before entry of this order.

3. ☐ Motion denied without prejudice on the following grounds *(specify):*  ☐ See attached page

4. ☐ Motion denied with prejudice on the following grounds:

    a. ☐ Case previously converted under 11 U.S.C. §  ☐ 1112  ☐ 1208  ☐ 1307

    b. ☐ Debtor is not an eligible debtor under the chapter to which conversion is sought

    c. ☐ Debtor is not acting or has not acted in good faith and, therefore, is not eligible to be a debtor under chapters 11, 12 or 13

    d. ☐ Debtor is not a debtor in possession as required under 11 U.S.C. § 1112

    e. ☐ Case was originally commenced as an involuntary chapter 11 case and is not eligible for automatic conversion under 11 U.S.C. § 1112

5 ☐ This matter is set for hearing as follows:  *Date*:  *Time*:  *Courtroom*:
Address of courtroom:

6. ☐ Notice is required as follows *(specify)*: _____  ☐ See attached page

7. ☐ Court further orders as follows *(specify)*: _____  ☐ See attached page

///

///

///

///

///

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*  Page 2  **F 1017-1.1.ORDER.DEBTOR.CONVERT**

1711684.1  27122

8. Pursuant to the Court's Order Granting Motion for Relief From Stay Under 11 U.S.C. § 362 (Unlawful Detainer) [Docket No. 374], which order is binding and effective despite conversion of the Debtor's bankruptcy case to a case under chapter 7 (see paragraph 9 of that order), the Court granted relief from the automatic stay to movant Goli Nutrition Inc. ("Goli") terminating the stay as to the Debtor and the estate and providing, inter alia, that "[o]n and After April 1, 2023, the Debtor is not a subtenant and has no right to occupy, possess and/or enter the Norco Property," which nonresidential property is located at 3300, 3350, 3380 and 3390 Horseless Carriage Drive, Norco, CA 92860.

###

Date: March 30, 2023

Mark Houle
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*     Page 3     F 1017-1.1.ORDER.DEBTOR.CONVERT

1711684.1  27122