D. EDWARD HAYS, #162507
ehays@marshackhays.com
DAVID A. WOOD, #272406
dwood@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

General Counsel for Chapter 7 Trustee,
LARRY D. SIMONS

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>BETTER NUTRITIONALS, LLC,<br><br><br>Debtor. | Case No. 6:22-bk-14723-MH<br><br>Chapter 7<br><br>CHAPTER 7 TRUSTEE'S MOTION TO: (1) APPROVE SALE OF ALL TAPIOCA SYRUP LOCATED AT NORCO FACILITY TO MALT PRODUCTS CORPORATION, SUBJECT TO OVERBID: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS UNDER 11 U.S.C. § 363(f); (C) FOR GOOD FAITH DETERMINATION UNDER 11 U.S.C. § 363(m); and (D) FOR WAIVER OF 14-DAY STAY; DECLARATION OF LARRY D. SIMONS IN SUPPORT<br><br>Date: September 27, 2023<br>Time: 11:00 a.m.<br>Ctrm: 301<br>Address: 3420 Twelfth Street, Riverside, CA 92501 |

/ / /

/ / /

/ / /

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

# TABLE OF CONTENTS

1.    Summary of Argument ....................................................................................1

2.    Statement of Facts ........................................................................................2

      A.    Procedural History ...............................................................................2

      B.    Liens ......................................................................................................4

      C.    Summary of Terms of Sale ..................................................................5

      D.    Overbid Procedures ..............................................................................5

3.    Legal Argument ............................................................................................6

      A.    There is a sound business justification for the Sale. ...........................6

      B.    The syrup may be sold free and clear of liens, claims, and interests, which
            such liens, claims, and interests to attach to the proceeds. ................7

      i.    The sale may be free and clear of any consenting secured party pursuant
            to Section 363(f)(2). ............................................................................7

      ii.   The sale of syrup may be free and clear of all liens, which are subject to a
            bona fide dispute. .................................................................................8

      C.    The sale is made in good faith. ............................................................9

      D.    The 14-day period for effectiveness of the sale order should be waived. ..............10

      E.    Unsold tapioca should be authorized to be abandoned without further
            order of the Court. ...............................................................................10

      F.    The Court should include in its order that there be no interference with
            Estate property. ...................................................................................11

4.    Conclusion ....................................................................................................12

Declaration of Larry D. Simons ...............................................................................15

# TABLE OF AUTHORITIES

**Cases**

*Adeli v. Barclay (In re Berkeley Delaware Court, LLC),*

    834 F.3d 1036, 1039 (9th Cir. 2016) ...............................................................6

*Bruce v. Fazilat (In re Bruce)*, 2018 Bankr. LEXIS 2082 at *2-8 (Bankr. C.D. Cal. July 12, 2018)

i

1    (Wallace, J.) ................................................................................................................ 11

2    *City of Chicago v. Fulton,*

3    141 S.Ct. 585, 590 (2021) .......................................................................................... 11

4    *Ewell v. Diebert (In re Ewell),*

5    958 F.2d 276, 281 (9th Cir. 1992) ............................................................................... 9

6    *Filtercorp,*

7    163 F.3d at 577 ............................................................................................................. 9

8    *Hayden v. QDOS, Inc. (In re QDOS, Inc.),*

9    607 B.R. 338 (B.A.P. 9th Cir. 2019) ............................................................................ 8

10   *In re Continental Air Lines, Inc.,*

11   780 F.2d 1223, 1226 (5th Cir. 1986) ........................................................................... 6

12   *In re Gerwer,*

13   898 F.2d 730 (9th Cir. 1990) ....................................................................................... 7

14   *In re Pilz Compact Disc, Inc.,*

15   229 B.R. 630, 639 (Bankr. E.D. Pa. 1999) ................................................................ 10

16   *In re QDOS, Inc.,*

17   591 B.R. 843, 848-50 (Bankr. C.D. Cal. 2018) (Wallace, J.) ...................................... 8

18   *In re Wilde Horse Enterprises, Inc.,*

19   136 B.R. 830, 841 (Bankr. C.D. Cal. 1991) ................................................................ 6

20   *In re Wilde Horse Enterprises, Inc.,*

21   136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) ................................................................ 9

22   *In re Yavoobian Enterprises LP,*

23   2012 WL 3818194 (Bankr. C.D. Cal. 2012) ............................................................... 8

24   *Johnston v. Webster (In re Johnston),*

25   49 F.3d 538, 540-41 (9th Cir. 1995) .......................................................................... 10

26   *Marciano v. Fahs (In re Marciano),*

27   459 B.R. 27, 54 (B.A.P. 9th Cir. 2011) ....................................................................... 8

28   *Ozenne v. Bendon (In re Ozenne),*

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

337 B.R. 214, 218-19 (B.A.P. 9th Cir. 2006) .................................................................. 11

*Pacific Capital Bancorp, N.A. v. East Airport Development, LLC (In re East Airport Development, LLC),*

443 B.R. 823, 831 (B.A.P. 9th Cir. 2011) ........................................................................ 7

*Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.),*

163 F.3d 570, 577 (9th Cir. 1998) .................................................................................... 9

*Pinnacle Restaurant at Big Sky, LLC v. CH SP Acquisitions (In re Spanish Peaks Holdings II, LLC),*

872 F.3d 892, 897 (9th Cir. 2017) .................................................................................... 6

*SEC v. Capital Cove Bancorp LLC,*

2015 U.S. Dist. LEXIS 174856 at *15-16 (C.D. Cal. 2015) ............................................ 8

*Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani),*

325 B.R. 282, 288 (B.A.P. 9th Cir. 2005) .................................................................... 6, 7

*State Department of Revenue v. Blixseth,*

942 F.3d 1179 (9th Cir. 2019) ......................................................................................... 8

*Thomas v. Namba (In re Thomas),*

287 B.R. 782, 785 (B.A.P. 9th Cir. 2002). ...................................................................... 9

*Thomas,*

287 B.R. at 785 ................................................................................................................ 9

*Walter v. Sunwest Bank (In re Walter),*

83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) ....................................................................... 6

**Statutes**

§ 363(b) ............................................................................................................................ 6

11 U.S.C. § 303 ............................................................................................................... 8

11 U.S.C. § 362(a)(3) ..................................................................................................... 11

11 U.S.C. § 363(f) ........................................................................................................... 7

11 U.S.C. § 363(f)(4) ...................................................................................................... 8

11 U.S.C. § 363(f) ........................................................................................................... 7

11 U.S.C. § 547(b) ........................................................................................................... 9

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

11 U.S.C. § 554(a) ............................................................................................................ 10

11 U.S.C. §363(f)(2) .......................................................................................................... 7

Cal. Comm. Code § 9502(a)(3) .......................................................................................... 8

Section 363 ......................................................................................................................... 6

Section 363(b)(1) ............................................................................................................... 6

Section 363(f)(2) ................................................................................................................ 8

**Rules**

FRBP 6004(h) ................................................................................................................. 1, 9

**Other Authorities**

5 COLLIER ON BANKRUPTCY P 554.02 (16th 2018) ........................................................ 10

H. Rep. No. 595, 95th Cong., 1st Sess. 377 (1977) ........................................................ 10

S. Rep. No. 989, 95th Cong., 2d Sess. 92 (1978) ........................................................... 10

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

1  TO THE HONORABLE MARK D. HOULE, UNITED STATES BANKRUPTCY JUDGE, THE

2  OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

3  Larry D. Simons, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate

4  ("Estate") of Better Nutritionals, LLC ("Debtor"), respectfully submits this motion ("Motion") for an

5  order approving the sale of the specified tapioca syrup described below, subject to overbid:

6  (a) outside the ordinary course of business, (b) free and clear of all liens, claims, and interests, (c) for

7  determination of good faith purchaser under 11 U.S.C. § 363(m), and (d) waiver of the 14-day stay

8  period set forth in Bankruptcy Rule 6004(h). In support of the Motion, the Trustee respectfully

9  represents as follows:

10  **1.   Summary of Argument**

11  Prior to Trustee's appointment, Debtor was a manufacturer of edible gummy products.

12  Debtor would use raw materials, including tapioca syrup, in its manufacture of products. Now, after

13  Debtor's case was converted to Chapter 7, manufacturing has ceased and Trustee is in the process

14  of inventorying and liquidating Estate assets. Trustee is advised that the Estate is in possession of

15  approximately 3-5 million pounds of tapioca syrup which expired prior to the conversion date. The

16  tapioca syrup was advertised on the open market and an initial bid of $92.58 per "tote" of syrup has

17  been submitted and accepted by Trustee.

18  The buyer, Malt Products Corporation ("Buyer"), seeks to purchase all of the tapioca syrup

19  totes (at an approximate rate of 3 cents per pound) and will cover the costs of moving and shipping

20  all of the tapioca to its facility in Ohio over a proposed 16-week period (moving trucks full of totes

21  every business day, this is the estimated time frame to safely and orderly remove all of the tapioca).

22  The sale of all of the expired tapioca syrup is in the best interests of the Estate, because the Estate-

23  occupied space at the Norco Facility (defined below) will be substantially reduced without

24  additional cost to the Estate, and the Estate is estimated to generate approximately $200,000 to

25  $300,000 in gross proceeds. The sale should be approved, subject to overbid, to ensure that the

26  highest and best price is received.

27  / / /

28

## 2.    Statement of Facts

### A.    Procedural History

On December 20, 2022, Debtor filed a voluntary petition under Chapter 11 of Title 11 the United States Code. When the bankruptcy petition was filed, Debtor was operating a gummy supplement manufacturing business at a multi-building complex located at 3300-3390 Horseless Carriage Road, Norco, CA ("Norco Facility").

On December 20, 2022, as Dk. No. 8, Debtor filed a motion for authorization to use cash collateral, identifying a number of prepetition lien filings ("Cash Collateral Motion").

On January 20, 2023, as Dk. No. 123, Debtor filed its schedules, including a Schedule D identifying the following secured claims:

| Creditor | Claim Amount | Basis for Perfection |
|---|---|---|
| Aramark Services Inc. | $1,487,321.24 | UCC-1 – rec. 10/11/2022[1] |
| Atos IT Solutions and Services Inc. | $0 | UCC-1 – rec. 1/19/2021 & 7/30/2021[2] |
| Sharon and Odelya Hoffman | $600,000 | UCC-1 – rec. 12/18/2022[3] |
| Suitable Staffing Solutions | $1,509,691.52 | Judgment Lien – rec. 11/1/2022[4] |

In addition to the personal property liens described in Debtor's schedules, Trustee is also informed that Goli Nutrition, Inc. ("Goli"), a minority shareholder of Debtor, also recorded a UCC-1 filing against Debtor on August 2, 2022, identifying specified pieces of equipment.[5]

---

[1] A true and correct copy of UCC-1 filing in the California Secretary of State, Doc. No. U220234295329 ("Aramark UCC") is attached to the Request for Judicial Notice ("RJN") as Exhibit "1."

[2] True and correct copies of the two UCC-1 filings in the California Secretary of State, Doc. Nos. U210018522118 and U210071831523 ("Atos UCCs") are collectively attached to the RJN as Exhibit "2."

[3] A true and correct copy of the UCC-1 filing in the California Secretary of State, Doc. No. U220252425723 ("Hoffman UCC") is attached to the RJN as Exhibit "3."

[4] A true and correct copy of the notice of judgment lien (JL-1) recorded with the California Secretary of State, Doc. No. U220240284131 ("Suitable JL") is attached to the RJN as Exhibit "4."

[5] A true and correct copy of the UCC-1 filing by Goli in the California Secretary of State, Doc. No. U220216664633 ("Goli UCC") is attached to the RJN as Exhibit "5."

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

1    On February 9, 2023, as Dk. No. 213, Debtor filed a pleading in support of the Cash

2 Collateral Motion, attaching an agreed order between Debtor, Aramark Services, Inc. ("Aramark"),

3 Suitable Staffing Solutions ("Staffing"), Sharon and Odelya Hoffman ("Hoffmans"), and Atos IT

4 Solutions and Services, Inc. ("Atos") for the use of cash collateral, including the grant of

5 replacement liens to the extent that such creditors held a valid prepetition lien against assets of the

6 Debtor.

7    On February 10, 2023, as Dk. No. 222, Goli filed a motion for relief from the automatic stay

8 to evict Debtor from the Norco Facility ("Goli MRAS").

9    On February 21, 2023, as Dk. No. 257, the Court entered a final order approving the use of

10 cash collateral through March 31, 2023 ("Cash Collateral Order").

11    On February 21, 2023, as Dk. No. 261, Goli filed a voluntary dismissal of the Goli MRAS.

12    On March 30, 2023, as Dk. No. 402, the Court entered an order converting the case to

13 Chapter 7 ("Conversion Order"). Larry D. Simons was appointed as the Chapter 7 Trustee.

14    Since Trustee's appointment, a contractual joint venture between Onyx Asset Advisors, LLC

15 ("Onyx"), Gordon Brothers Commercial and Industrial, LLC ("Gordon"), and Branford Auctions,

16 LLC ("Branford" and collectively, "Auctioneer") has assisted Trustee with examining and

17 inventorying assets of the Estate, including Debtor's equipment and raw materials. See, Declaration

18 of Larry D. Simons ("Simons Declaration") at ¶4

19    In April 2023, shortly after Trustee's appointment, he visited the Norco Facility and

20 personally observed assets including the building which was substantially filled with tapioca syrup

21 in totes. *Id.*, ¶5. A true and correct copy of Trustee's picture of some tapioca totes is attached to the

22 Simons Declaration as Exhibit "6." Trustee was informed that the tapioca syrup had expired prior to

23 March 31, 2023, but that it was still marketable for the right buyer. *Id.*, ¶7.

24    Auctioneer was contacted by multiple interested parties in the tapioca syrup, and Trustee

25 eventually negotiated and accepted an offer from Malt Products Corporation ("MPC") for the

26 purchase of all tapioca syrup at the Norco Facility, at the rate of $92.58 per accepted tote, with all

27 moving and shipping costs to be borne by the buyer. *Id.*, ¶7. The terms of the sale are memorialized

28 in the asset purchase agreement ("APA"), a true and correct copy of which is attached to the Simons

1  Declaration as Exhibit "7." Auctioneer has advised Trustee that the disposal of the syrup, if it is not

2  purchased, will be a significant cost to the Estate. Moreover, so long as the syrup remains unsold, the

3  racking that it sits on will also not be saleable by the Estate.

4          On August 24, 2023, as Dk. No. 571, Trustee filed an application to employ Auctioneer

5  ("Auctioneer Application"). A hearing is set for September 13, 2023, on the Auctioneer Application.

6  Under the Auctioneer Application, Auctioneer will be compensated 25% (15% private sale

7  commission + 10% inventory commission) on the private sale of inventory, which includes raw

8  materials. Trustee believes that the tapioca to be sold under this Motion constitutes inventory, and

9  requests that Auctioneer (subject to approval of their employment) be approved compensation in the

10 amount of 25% of the proceeds of sale, *net of* any actual and necessary expenses advanced by the

11 Estate for the sale of the tapioca.[6]

12     **B.     Liens**

13         As set forth in the table below, the following liens were recorded against the Debtor:

| Date | Filing No. | Creditor | Inventory/Raw materials as collateral? |
|------|-----------|----------|----------------------------------------|
| 1/19/2021 | U210018522118 | Atos IT Solutions and Services, Inc. | NO |
| 7/30/2021 | U210071831523 | Atos IT Solutions and Services, Inc. | NO |
| 8/2/2022 | U220216664633 | Goli Nutrition Inc. | NO |
| 10/11/2022 | U220234295329 | Aramark Services, Inc. | All assets |
| 11/01/2022 | U220240284131 | Suitable Staffing Solutions | All property |
| 12/18/2022 | U220252425723 | Sharon Hoffman & Odelya Hoffman | All assets |

23         Pursuant to the Cash Collateral Order, all of the secured creditors listed above were granted a

24 replacement lien on all assets of the Estate, but solely to the extent, validity, priority, and

25 avoidability of the pre-petition liens.

26

27

28 [6] For example, the contractual tenant of the Norco Facility is Goli. Goli is requiring that Trustee hire, at the
Estate's expense, additional security to monitor the Estate's activities at the Norco Facility. Trustee is also
informed that Goli may oppose this Motion on the basis of the 16-week time frame for removing the tapioca.
However, Goli has not proposed any alternative to the orderly liquidation of the tapioca.

4

## C.    Summary of Terms of Sale

THIS IS A SUMMARY ONLY AND DOES NOT CONSTITUTE PART OF AN AGREEMENT BETWEEEN THE PARTIES. THE SALE TO THE BUYER WILL BE IN ACCORDANCE WITH THE TERMS OF THE PSA EXECUTED BETWEEN THE PARTIES.

Trustee agrees, pursuant to the APA, to sell all of the tapioca syrup to MPC, subject to overbid, on the following material terms:

- MPC will tender an initial deposit of $70,000, which will be credited against totes of syrup removed by MPC at the rate of $92.58 per tote. No one has an exact count of the number of totes, but there are an estimated 3,000+ totes.

- Once the initial deposit has been exhausted, MPC will advance additional payments on a four-week projected basis for the removal of additional totes, until all totes of tapioca syrup are accepted and removed, or otherwise abandoned.

- MPC seeks a guaranteed removal period of 16 weeks to orderly remove all of the tapioca, with access to be provided by Trustee at the Estate's expense, if any. This removal period was negotiated by the parties, and takes into account the fact that there will be the Thanksgiving and Christmas/New Years' holidays during the removal period.

## D.    Overbid Procedures

To ensure that the best and highest price for the tapioca syrup is received by the Estate, Trustee proposes that the sale be subject to overbid, on the terms detailed below:

1)    Trustee will accept overbids up through 7 p.m. Pacific Prevailing Time on September 26, 2023.

2)    Any overbidder must tender an initial, refundable deposit of no less than $70,000 to Trustee prior to the date and time of the hearing on the Motion to be considered as an overbidder.

3)    Overbids, when submitted, cannot be withdrawn after the deposit is tendered.

4)    Any overbidder must offer terms no less favorable than those stated in the APA, including both the purchase price and the delivery terms. An overbidder may submit a bid which proposes a different method of calculating the amount of product to be sold

1     (such as on a per-truckload basis, or a bulk sale of all totes of tapioca syrup without

2     the need for counting or measuring). Trustee will determine in his business judgment

3     which bid is the superior bid, and will inform the Court in the event of any overbids.

4     5)    Trustee may also request that the Court conduct an auction on the record, if there are

5     multiple overbidders.

6     6)    The highest and best bidder ("Successful Bidder"), upon approval by the Court, shall

7     not be entitled to a refund of their deposit, and such deposit shall become

8     nonrefundable upon approval of the sale. Bidders other than the Successful Bidder, if

9     they wish, may be designated the "Back-Up Bidder" at their last and highest bid, and

10     may be substituted in place of the Successful Bidder in the event of a default.

## 3.   Legal Argument

12     A trustee "may use, sell, or lease, other than in the ordinary course of business, property of

13 the estate." 11 U.S.C. § 363(b).

### A.    There is a sound business justification for the Sale.

15     "Section 363 authorizes the trustee to sell property of the estate, both within the ordinary

16 course of business… and outside it… § 363(b)." *Pinnacle Restaurant at Big Sky, LLC v. CH SP*

17 *Acquisitions (In re Spanish Peaks Holdings II, LLC)*, 872 F.3d 892, 897 (9th Cir. 2017); *see Adeli v.*

18 *Barclay (In re Berkeley Delaware Court, LLC)*, 834 F.3d 1036, 1039 (9th Cir. 2016). "The court's

19 obligation in § 363(b) sales are to assure that optimal value is realized by the estate under the

20 circumstances." *Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani)*, 325 B.R. 282, 288 (B.A.P.

21 9th Cir. 2005). For a trustee to sell property of the estate, "there must be some articulated business

22 justification for using, selling, or leasing the property outside the ordinary course of business…

23 whether the proffered business justification is sufficient depends on the case." *Walter v. Sunwest*

24 *Bank (In re Walter)*, 83 B.R. 14, 19-20 (B.A.P. 9th Cir. 1988) (adopting the language of *In re*

25 *Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986)). The court should approve a sale of

26 property under Section 363(b)(1) if the trustee has established a sound business purpose for the

27 proposed transaction. *Walter*, 83 B.R. at 16; *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841

28 (Bankr. C.D. Cal. 1991) ("In any sale of estate assets, the ultimate purpose is to obtain the highest

1   price for the property sold."). The business judgment standard is deferential. *Lahijani*, 325 B.R. at

2   289 ("Ordinarily, the position of the trustee is afforded deference, particularly where business

3   judgment is entailed in the analysis or where there is no objection.").

4       As discussed above, there are millions of pounds of expired tapioca syrup belonging to the

5   Estate which must be liquidated or otherwise will expire and require disposal at the Estate's cost. It

6   is imperative that the syrup be sold before it loses all value. Trustee is informed that the fair market

7   value of the tapioca syrup is approximately 6 cents per pound where the purchaser covers all costs of

8   moving and shipping. *See*, Simons Declaration, ¶8. Under the APA, MPC proposes to purchase the

9   tapioca syrup for 3 cents per pound, but MPC will advance and cover all moving and shipping costs

10  of the tapioca syrup. which is estimated to be approximately 300 truckloads. *Id.*, at ¶8. Trustee's

11  proposed sale of expiring perishable raw materials is in the best interest of the Estate and will

12  preserve its value.

### B.    The syrup may be sold free and clear of liens, claims, and interests, which such liens, claims, and interests to attach to the proceeds.

15      The Trustee seeks authority to complete proposed sale free and clear of all liens, claims, and

16  interests. Section 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of

17  any interest in such property of an entity," if any one of the five conditions is met:

(1)  Applicable non-bankruptcy law permits a sale of such property free and clear of such interest;
(2)  Such entity consents;
(3)  Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4)  Such interest is in bona fide dispute; or
(5)  Such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

22  11 U.S.C. § 363(f). Section 363(f) is written in the disjunctive, such that satisfaction of any one of

23  the five conditions is sufficient to allow a trustee to sell property of the estate free and clear of liens.

24  *In re Gerwer*, 898 F.2d 730 (9th Cir. 1990).

### i.    The sale may be free and clear of any consenting secured party pursuant to Section 363(f)(2).

27      A Chapter 7 trustee may sell free and clear of a lien if that interest holder consents. 11 U.S.C.

28  §363(f)(2); *Pacific Capital Bancorp, N.A. v. East Airport Development, LLC (In re East Airport*

1  *Development, LLC)*, 443 B.R. 823, 831 (B.A.P. 9th Cir. 2011). A lienholder's failure to oppose any

2  proposed sale may also be deemed consent. *Yacoobian Enterprises, L.P. v. Canico Enterprises, L.P.*

3  *(In re Yacoobian Enterprises LP)*, 2012 Bankr. LEXIS 4062 at *5-6 (Bankr. C.D. Cal. 2012) (Mund

4  J.) ("A foreclosure sale is a sale of the property. Section 363(f)(2) can be interpreted to mean that

5  Dumaine's silence was consent to the sale.").

6        A copy of this motion will be served on all potential secured creditors. In the absence of

7  opposition, the Court may construe failure to oppose the sale as consent to sale.

8        **ii.**    **The sale of syrup may be free and clear of all liens, which are**

9            **subject to a bona fide dispute.**

10        Where a free and clear sale is proposed under 11 U.S.C. § 363(f)(4), "[t]he parties must

11  provide some factual grounds to show some objective basis for the dispute." *In re Kellogg-Taxe*,

12  2014 Bankr. LEXIS 1033 at *22 (Bankr. C.D. Cal. 2014); *accord, SEC v. Capital Cove Bancorp*

13  *LLC*, 2015 U.S. Dist. LEXIS 174856 at *15-16 (C.D. Cal. 2015); *cf. Marciano v. Fahs (In re*

14  *Marciano)*, 459 B.R. 27, 54 (B.A.P. 9th Cir. 2011) (defining a bona fide dispute in the context of

15  11 U.S.C. § 303 as requiring "an objective basis for either a factual or a legal dispute as to the

16  validity" of the interest). If a claim is disputed in part, then the entire claim may be treated as a

17  disputed claim. *See In re QDOS, Inc.*, 591 B.R. 843, 848-50 (Bankr. C.D. Cal. 2018) (Wallace, J.)

18  ("the proposition 'a partially disputed claim is a disputed claim' is not only true, it is <u>necessarily</u>

19  <u>true</u>.") (*rev'd on procedural grounds by Hayden v. QDOS, Inc. (In re QDOS, Inc.)*, 607 B.R. 338

20  (B.A.P. 9th Cir. 2019)); *see also State Department of Revenue v. Blixseth*, 942 F.3d 1179 (9th Cir.

21  2019).

22        According to the UCC-1 filings, there are six pre-petition liens recorded against Debtor

23  which attach to personal property, and prior to conversion, the Court entered the Cash Collateral

24  order which preserved the pre-petition status quo for any lien disputes. *Id.*, at ¶9. Trustee's review of

25  the recorded UCC-1 filings indicates that the financing statements recorded by Atos and Goli do not

26  appear to attach to inventory and raw materials. *Id.*, at ¶9. *See* Cal. Comm. Code § 9502(a)(3)

27  (financing statement insufficient to create a lien if it does not describe the collateral). On the other

28  hand, the three financing statements recorded by Aramark, Staffing, and the Hoffmans, respectively,

1  appear to describe all assets as the collateral. However, the financing statements recorded by

2  Aramark, Staffing, and the Hoffmans were all recorded in the 90-day period prior to the petition

3  date, and may be subject to avoidance by Trustee pursuant to 11 U.S.C. § 547(b). Thus, all six

4  recorded financing statements are subject to a bona fide dispute, and the sale of syrup may be

5  approved free and clear of such liens, with those liens to attach with the same validity, extent, and

6  priority of the pre-petition liens.

7  ## C.    The sale is made in good faith.

8  "A good faith buyer is one who buys in good faith and for value." *Paulman v. Gateway*

9  *Venture Partners III, L.P. (In re Filtercorp, Inc.)*, 163 F.3d 570, 577 (9th Cir. 1998) (internal

10  quotation marks omitted). "[A]n actual finding of good faith is not an essential element for approval

11  of a sale under § 363(b)." *Thomas v. Namba (In re Thomas)*, 287 B.R. 782, 785 (B.A.P. 9th Cir.

12  2002). "Good faith encompasses fair value, and further speaks to the integrity of the transaction." *In*

13  *re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) (internal quotation

14  marks omitted). "Lack of good faith is typically shown by fraud, collusion between the purchaser

15  and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."

16  *Filtercorp*, 163 F.3d at 577 (citing *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir.

17  1992)); *see also Thomas*, 287 B.R. at 785.

18  A supplemental declaration will be filed regarding MPC's good faith, showing that it

19  negotiated this sale at arms' length, and has no disqualifying connection with any interested party in

20  this bankruptcy case. Moreover, Trustee believes that open advertisement of the tapioca for overbid

21  prior to the hearing on this Motion, and his acceptance of overbids, demonstrates that the tapioca is

22  being sold for a fair market value and under commercially reasonable terms. Trustee respectfully

23  requests that the tapioca sale be approved under 11 U.S.C. § 363(m), provided there is sufficient

24  declaratory or testimonial evidence.

25

26

27

28

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

**D.    The 14-day period for effectiveness of the sale order should be waived.**

Rule 6004(h) provides that "An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." FRBP 6004(h). The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14] days.

Given the notice and full opportunity to object, respond, or participate in overbid procedures presented by this Motion, Trustee believes that, unless there are objections to the Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to order that Rule 6004(h) is not applicable, and the successful bidder in this sale may immediately proceed to begin removing the purchased assets from the Norco Facility. Any delays will result in the accrual of unnecessary additional administrative costs for the Estate in the form of rent for the Estate's continued occupancy of the Norco Facility.

**E.    Unsold tapioca should be authorized to be abandoned without further order of the Court.**

"After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Abandonment is appropriate where the estate will incur significant liabilities without abandonment. *See Johnston v. Webster (In re Johnston)*, 49 F.3d 538, 540-41 (9th Cir. 1995) ("the purpose of § 554(a).. is to permit the trustee to abandon property that consumes resources and drains the income of the estate."). Abandonment under § 554 is not a transfer of property but simply a divesture of all of the estate's interest in the property. *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 639 (Bankr. E.D. Pa. 1999). Although § 554 does not specify to whom property is abandoned, the legislative history makes clear that property may be abandoned by a trustee to any party with a possessory interest. 5 COLLIER ON BANKRUPTCY P 554.02 (16th 2018); *see also* H. Rep. No. 595,

95th Cong., 1st Sess. 377 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 92 (1978) (stating that abandonment can be to "any party with a possessory interest in the property abandoned").

Under the APA, MPC may accept any tote for delivery, and acceptance of the tote is the sole prerequisite to payment for such tote. However, this arrangement contemplates that MPC will potentially reject some totes; for example, because of leakage, discoloration, spoilage, or any other reason. Such totes and assets will be of inconsequential value and benefit to the Estate, and the Court should authorize Trustee to immediately abandon any unsold tapioca totes without further order of the Court.

## F.    The Court should include in its order that there be no interference with Estate property.

The automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). The automatic stay "prohibits affirmative acts that would disturb the status quo of estate property as of the time when the bankruptcy petition was filed." *City of Chicago v. Fulton*, 141 S.Ct. 585, 590 (2021). The automatic stay prohibits landlords from selling or interfering with personal property assets constituting estate property. *See, e.g., Ozenne v. Bendon (In re Ozenne)*, 337 B.R. 214, 218-19 (B.A.P. 9th Cir. 2006) (landlord subject to sanctions for violation of the automatic stay when it sold debtor's personal property out of a storage unit); *see also Bruce v. Fazilat (In re Bruce)*, 2018 Bankr. LEXIS 2082 at *2-8 (Bankr. C.D. Cal. July 12, 2018) (Wallace, J.) (landlord subjected to sanctions for violating the automatic stay and discharge injunction by turning off electricity and harassing tenant to unlawfully coerce them to pay rent arrears).

To ensure that the tapioca syrup is removed in an orderly fashion, MPC (or any other successful bidder) will need to have reasonable access to the Norco Facility to remove all of the tapioca syrup. Trustee is informed that since his appointment, the building at the Norco Facility where the tapioca syrup has some difficulties with access to remove the totes of syrup may be obstructed. One of the conditions in the APA, which Trustee negotiated, was that reasonable access would be provided to MPC to remove the totes of tapioca syrup, with specific access to the loading docks. Trustee understands that Goli may, as the contractual tenant of the Norco Facility, place

reasonable restrictions on access – and Trustee intends to comply with reasonable restrictions on access. Conversely, Goli may not unlawfully interfere with Trustee's administration and liquidation of Estate assets, and Trustee respectfully requests an order of the Court providing that reasonable access to the Norco Facility will be granted to MPC or any successful bidder on the tapioca syrup, and no party shall unreasonably or unlawfully interfere[7] with the orderly liquidation of such assets. Trustee will continue to attempt to negotiate orderly procedures with Goli for the provision of access to the Norco Facility for the period under which MPC will purchase and remove the product. If no resolution can be reached prior to the hearing, Trustee respectfully requests that the Court enter an order directing Goli to allow reasonable access to allow Trustee to administer and liquidate Estate property.

## 4.    Conclusion

Based on the foregoing, the Trustee respectfully requests that the Court grant this Motion and approve the sale of tapioca, and enter an order that provides that:

1.    The Motion is granted;

2.    Trustee is authorized to sell the assets defined in the APA, on the terms described in the APA, outside the ordinary course of business;

3.    Trustee is authorized to sign all documents necessary to consummate the sale and Trustee is authorized to advance reasonable costs of the transaction, including paying for security services required by Goli at the Norco Facility to supervise the removal of the tapioca;

4.    The sale is in the best interest of the Estate, and the sale of tapioca syrup at the price of $92.58 per tote (or any other successful overbid) constitutes a commercially reasonable sale, and all terms of the sale described in the APA are approved;

5.    Pursuant to 11 U.S.C. § 363(f), the syrup shall be sold free and clear of all liens, claims, and interests with such liens, claims, and interests to attach to the proceeds of sale;

---

[7] As explained in the Auctioneer Application, Trustee, Goli, and Debtor's former principal Sharon Hoffman have unresolved disputes about the extent to which personal property assets are owned by each entity. However, the existence of a dispute over equipment ownership does not permit any other party to unlawfully exercise control of or take possession of any assets of the Estate. Trustee reserves all remedies and rights in the event that any party is found to have unlawfully exercised control over any Estate assets.

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

6.      Subject to the submission of adequate testimonial or declaratory evidence, MPC (or any other successful overbidder) is a good faith purchaser pursuant to 11 U.S.C. § 363(m);

7.      The 14-day stay regarding the effectiveness of the order shall be waived;

8.      Trustee is authorized to abandon any tapioca syrup rejected by the buyer and left unsold pursuant to 11 U.S.C. § 554 without further order of the Court;

9.      No party, including Goli Nutrition, Inc., shall unreasonably restrict the buyer's reasonable access to the Norco Facility to remove the purchased assets; and

10.     Such other and further relief as the Court deems just and proper.

Dated: September 6, 2023                        MARSHACK HAYS WOOD LLP

                                                By: _/s/ D. Edward Hays_____
                                                    D. EDWARD HAYS
                                                    DAVID A. WOOD
                                                    TINHO MANG
                                                    General Counsel for Chapter 7 Trustee,
                                                    LARRY D. SIMONS

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

REQUEST FOR JUDICIAL NOTICE

Larry D. Simons, in his capacity as Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate ("Estate") of Better Nutritionals, LLC ("Debtor"), requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following:

## Request for Judicial Notice

| EXHIBIT | JUDICIALLY NOTICED DOCUMENTS |
|---------|------------------------------|
| 1. | A true and correct copy of UCC-1 filing in the California Secretary of State, Doc. No. U220234295329 ("Aramark UCC") |
| 2. | True and correct copies of the two UCC-1 filings in the California Secretary of State, Doc. Nos. U210018522118 and U210071831523 ("Atos UCCs") |
| 3. | A true and correct copy of the UCC-1 filing in the California Secretary of State, Doc. No. U220252425723 ("Hoffman UCC") |
| 4. | A true and correct copy of the notice of judgment lien (JL-1) recorded with the California Secretary of State, Doc. No. U220240284131 ("Suitable JL") |
| 5. | A true and correct copy of the UCC-1 filing by Goli in the California Secretary of State, Doc. No. U220216664633 ("Goli UCC") |

Dated: September 6 , 2023

MARSHACK HAYS LLP

By:  /s/ D. Edward Hays
　　D. EDWARD HAYS
　　DAVID A. WOOD
　　TINHO MANG
　　General Counsel for Chapter 7 Trustee,
　　LARRY D. SIMONS

# Declaration of Larry D. Simons

I, LARRY D. SIMONS, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      I am the duly appointed Chapter 7 trustee of the bankruptcy estate ("Estate") of Better Nutritionals, LLC ("Debtor").

4.      Since my appointment as trustee on March 31, 2023, I have been diligently investigating the assets of the Estate through my asset advisors Onyx Asset Advisors, LLC ("Onyx"). I have also personally visited the Debtor's premises and conducted my own independent investigations; however, I have relied on my agents and professionals to examine the Debtor's inventory, equipment, and other assets to determine the value of such assets.

5.      I personally visited the Debtor's place of business located at 3300-3390 Horseless Carriage Road, Norco, CA ("Norco Facility") on April 7, 2023. At the Norco Facility, I observed an extremely large quantity of tapioca syrup in Building 3, and took some pictures. A true and correct copy of one of the pictures of "totes" containing tapioca syrup that I personally took is attached as Exhibit "6."

6.      I am informed that there may be as much as 5 million pounds of tapioca syrup. At a glance, there are hundreds of these totes, if not thousands. I am informed that the cost to remove and empty these totes would be an enormous burden either for the Estate or for any other party (such as the landlord, if the assets were abandoned and had to be disposed of). Therefore, I believe in my business judgment that it is in the best interest of the Estate to sell all of the tapioca syrup for the best and highest price where the buyer will cover the costs of moving and disposal. This will also permit me to market and sell the racking equipment on which the totes sit, which I am informed have substantial value.

7.      I negotiated an asset purchase agreement ("APA") with Malt Products Corporation ("MPC"), a true and correct copy of which is attached as Exhibit "7." The terms were negotiated off of a term sheet submitted by MPC to my sale agents. The APA was

1 negotiated at arms' length and there is no connection between myself and MPC. Nonetheless,

2 MPC is willing to purchase all of the expired tapioca syrup and bear the cost of transportation.

3 To ensure that this is a fair market sale, I required that the sale be subject to overbid and on

4 regular notice. MPC did not receive any preferential treatment in this sale.

5       8.    I am informed by my agents, specifically Gordon Brothers Commercial &

6 Industrial, LLC, who are principally handling the inventory portion of the asset sale, that the fair

7 market price for tapioca syrup of this type is 6 cents per pound, if costs of shipping are covered

8 by the seller. I am informed that 3 cents per pound is a commercially reasonable price for tapioca

9 syrup where the buyer covers the costs and risks of shipping. Moreover, I am informed that the

10 tapioca syrup was expired as of March 2023, prior to my appointment as Chapter 7 trustee, and

11 therefore it is uncertain whether there is a broad market for this syrup.

12       9.    I am informed that there were six pre-petition UCC financing statements recorded

13 against the Debtor which apply to personal property. It does not appear that three of the

14 financing statements describe inventory and raw materials as collateral, and therefore I am

15 informed that such financing statements are insufficient to create and perfect a lien against

16 inventory and raw materials.

17       10.    I am informed that Goli Nutrition, Inc. ("Goli") may oppose the sale of the

18 tapioca syrup. I do not know the basis for any opposition to the sale of the syrup, because it is in

19 the best interests of Goli as well to have the Estate expeditiously sell the tapioca syrup and have

20 it removed from the Norco Facility.

21       11.    I am informed that Goli will require that the Estate bear the cost of hiring

22 additional security for any asset liquidation and removal from the Norco Facility. If the sale is

23 approved, I respectfully request that the Court enter an order authorizing me to pay any

24 necessary costs of the transaction, and also enter an order providing that reasonable access to the

25 Norco Facility shall be provided by Goli, and no unlawful interference with the sale shall occur.

26      I declare under penalty of perjury that the foregoing is true and correct. Executed on

27 September 6, 2023.

28

LARRY D. SIMONS

4877-0222-0905, v. 1

16

TRUSTEE'S MOTION FOR SALE OF 3-5 MILLION POUNDS OF EXPIRED TAPIOCA SYRUP

**EXHIBIT 1**




U220234295329



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: U220234295329

Date Filed: 10/11/2022

Submitter Information:

| | |
|---|---|
| Contact Name | Jonathan Swichar, Esq. |
| Organization Name | Duane Morris LLP |
| Phone Number | (215) 979-1816 |
| Email Address | JLSwichar@duanemorris.com |
| Address | 30 SOUTH 17TH STREET PHILADELPHIA, PA 19103 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| Better Nutritionals, LLC | 3390 Horseless Carriage Drive Norco, CA 92860 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| Aramark Services, Inc. | 2400 Market Street Philadelphia, PA 19103 |

Indicate how documentation of Collateral is provided:
  Entered as Text

Description:
  All assets of the Debtors now owned or hereafter acquired.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
  Not Applicable

Select an alternate Financing Statement type:
  Not Applicable

Select an additional alternate Financing Statement type:
  Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
  Not Applicable

Optional Filer Reference Information:

Miscellaneous Information:

Search to Reflect:

  ☐ Order a Search to Reflect

B1167-6822 10/11/2022 7:31 AM Received by California Secretary of State

EXHIBIT 1, PAGE 17

**EXHIBIT 2**

B0361-7594 01/19/2021 5:00 PM Received by California Secretary of State

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

For Office Use Only

**-FILED-**

File #: U210018522118

Date Filed: 1/19/2021

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

***PLEASE RETURN TO***
CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10011306

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| **Better Nutritionals, LLC** | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| **17120 South Figueroa Street, Unit B** | **Gardena** | **CA** | **90248** | | **USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| **Atos IT Solutions and Services, Inc.** | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | | COUNTRY |
| **4851 Regent Boulevard** | **Irving** | **TX** | **75063** | | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:

Any and all accounts receivables, and all corresponding or derived cash on hand, deposit accounts, rights to proceeds, substitutes, additions, accessions, or replacements thereof, whether now owned or hereafter acquired or arising of the Debtor identified herein from any source (collectively "Receivables"), including but not limited to any and all Receivables arising from the sale of the 'Goli' branded consumer products through any and all distribution and retail sales channels, retailers or merchandisers.

PK2 616388 002

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien  ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
**Atos IT Solutions and Services, Inc. is a Delaware corporation.**

EXHIBIT 2, PAGE 18

B0415-3003 07/30/2021 5:00 PM Received by California Secretary of State

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

| For Office Use Only |
|---|
| **-FILED-** |
| File #: U210071831523 |
| Date Filed: 7/30/2021 |

A. NAME & PHONE OF CONTACT AT FILER (optional)

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

***PLEASE RETURN TO***
CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10011306

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| **Better Nutritionals, LLC** | | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| **17120 South Figueroa Street, Unit B** | **Gardena** | | **CA** | **90248** | **USA** |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | | |
|---|---|---|---|---|---|
| **Atos IT Solutions and Services, Inc.** | | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | | STATE | POSTAL CODE | COUNTRY |
| **4851 Regent Boulevard** | **Irving** | | **TX** | **75063** | **USA** |

4. COLLATERAL: This financing statement covers the following collateral:

**Equipment sold, financed, or leased by Secured Party to Debtor, whether existing or hereafter so acquired by Debtor, including but not limited to, the equipment described in the Exhibit A - Listed Equipment attached hereto and incorporated herein by reference (the "Listed Equipment"); and all substitutes, additions, accessions, or warranty or other replacements of any of the foregoing; and all corresponding or derived rights to proceeds from any liquidation or sale of any of the foregoing; and any of the foregoing as may be affixed or considered a fixture to real property whether now or hereafter.**

**Secured Party asserts a purchase money security interest and first priority security interest and lien in the Listed Equipment. The Listed Equipment may be, without limitation, located at, delivered to, installed, or affixed as a fixture to, the Debtor's operating building facilities with physical addresses located at:**
**3300 Horseless Carriage Drive, Norco CA 92860;**
**3350 Horseless Carriage Drive, Norco CA 92860;**
**3380 Horseless Carriage Drive, Norco CA 92860; and**
**3390 Horseless Carriage Drive, Norco CA 92860**

| 5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) | ☐ being administered by a Decedent's Personal Representative | |
|---|---|---|
| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: | |
| ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien ☐ Non-UCC Filing | |
| 7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor | | |
| 8. OPTIONAL FILER REFERENCE DATA: | | b2s 936789 |
| Atos IT Solutions and Services, Inc. is a Delaware corporation. | | |

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)    International Association of Commercial Administrators (IACA)

b2s 936789

B0415-3004 07/30/2021 5:00 PM Received by California Secretary of State

## UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME

**Better Nutritionals, LLC**

OR

9b. INDIVIDUAL'S SURNAME

FIRST PERSONAL NAME

ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

OR

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

11. ☐ ADDITIONAL SECURED PARTY'S NAME  or  ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

12. ADDITIONAL SPACE FOR ITEM 4 (Collateral):

See Exhibit A - Listed Equipment attached hereto and incorporated herein by reference (the "Listed Equipment").

13. ☑ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☑ is filed as a fixture filing

15. Name and address of a RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

CRPF IV HCD

16. Description of real estate:

Legal Desc: 22.90 ACRES NET IN PAR 2 PM 213/095 PM 30649 SubdivisionName PM 30649 Acres 022.90 NET LotType Parcel Parcel 2 RecMapType Parcel Map MapPlatB 213 MapPlatP 095

APN: 129200011 with following addresses:
3300 Horseless Carriage Drive, Norco CA 92860;
3350 Horseless Carriage Drive, Norco CA 92860;
3380 Horseless Carriage Drive, Norco CA 92860; and
3390 Horseless Carriage Drive, Norco CA 92860

17. MISCELLANEOUS:

International Association of Commercial Administrators (IACA)
FILING OFFICE COPY — UCC FINANCING STATEMENT ADDENDUM (Form UCC1Ad) (Rev. 04/20/11)

**Exhibit A – Listed Equipment**

| Vendor / Manufacturer | Item | (Quantity) & Description |
|---|---|---|
| OTC Candy Equipment | | MANUFACTURING LINES |
| | 1. | (Complete Multi-component Production Line) SKU P1012 OTC Gel complete non Starch 1000 |
| | 2. | (Complete Multi-component Production Line) SKU P1017 Lab Line |
| SHANGHAI FUDE MACHINERY MANUFACTURING CO., LTD (aka Sinofude) | | MANUFACTURING LINES |
| | 1. | (6) Full Automatic New Design Gummy Candy Production Lines customized per specifications, kettles, carts and trays. |
| FORDS Packaging Systems Ltd | | CAPPING, SEALING, FEEDING SYSTEMS WITH APPLICABLE FORMAT CHANGES |
| | 1. | (Line 1) - Better Nutritionals Ref: B4-1(Fords ref 2008-5) |
| | 2. | (Line 2) - Better Nutritionals Ref: G-1(Fords ref 2111-4) |
| | 3. | (Line 3) - Better Nutritionals Ref: B1-1(Fords ref 2112-4) |
| | 4. | (Line 4) - Better Nutritionals Ref: B1-2(Fords ref 2113-4) |
| | 5. | (Line 5) - Better Nutritionals Ref: B1-3(Fords ref 2114-4) |
| | 6. | (Line 6) - Better Nutritionals Ref: B2-1(Fords ref 2115-4) |
| | 7. | (Line 7) - Better Nutritionals Ref: B2-2(Fords ref TBA) |
| Crown Lift Trucks | | LIFT TRUCKS, BATTERIES, AND CHARGERS |
| | 1. | (8) Encore RM Series, Reach Trucks |
| | 2. | (8) V-Force Batteries |
| | 3. | (8) V-Force Chargers |
| | 4. | (8) Encore SC Series, Sit-Down Counterbalanced Trucks |
| | 5. | (8) V-Force Batteries |
| | 6. | (8) V-Force Chargers |
| | 7. | (2) Encore C5 Pneumatic, Internal Combustion Trucks |
| | 8. | (1) CGC45S-9 10,000 lb. Capacity, 4-Wheel, Internal Combustion Truck |
| | 9. | (4) Encore C5 Cushion, Internal Combustion Trucks |

B0415-3005 07/30/2021 5:00 PM Received by California Secretary of State

EXHIBIT 2, PAGE 21

B0415-3006   07/30/2021   5:00 PM Received by California Secretary of State

**Exhibit A – Listed Equipment**

| Mettler Toledo | | WEIGHING BALANCES, PLATFORMS, INTERFACES, ANCILLARY EQUIPMENT |
|---|---|---|
| | 1. | (3) Balance XSR104 Product ID 30355485 |
| | 2. | (1) Balance XSR1202S Product ID 30317127 |
| | 3. | (4) Balance XSR6001S Product ID 30317496 |
| | 4. | (7) Hal. Moisture Analyzer HC103 (115V) Product ID 30216103 |
| | 5. | (15) Seven Excellence pH meter S400 Product ID 30046240 |
| | 6. | (15) pH electrode InLab Viscous Pro-ISM Product ID 51343151 |
| | 7. | (15) InLab cable MultiPin-BNC/RCA 1.2m Product ID 30281896 |
| | 8. | (3) Marble Slab (13 X20 X2 Thick) Product ID 63053978 |
| | 9. | (12) Damping Element Product ID 63053973 |
| | | --------- |
| | 10. | (1) PC Electronic Box IND970 Product ID 30500816 COM 1-3 Interface, RS232 Interface, SICSpro Scale Interface |
| | 11. | (1) Human Machine Interface IND970 Product ID 30500815 |
| | 12. | (6) High Precision Platform PBK989 Product ID 30214791 |
| | 13. | (2) High Precision Platform PBK989 Product ID 30214791 |
| | 14. | (1) Cable M12 Ethernet-RJ45 5m Product ID 22017610 |
| | 15. | (2) Cable M12 USB type A 0.2m Product ID 22017604 |
| | 16. | (5) Terminal ICS4_9 Product ID 64087984 |
| | 17. | (1) DataLogic PowerScan PM9300 Wireless Barc Product ID 30097616 |
| | 18. | (1) Zebra ZD620 Direct Thermal Label Printer Product ID 30097616 |
| | 19. | (6) Cable M12-R/A Ethernet-RJ45 20.0m Product ID 22021091 |
| | | --------- |
| | 20. | (8) High Precision Platform PBK989 Product ID 30214791 Model PBK989-AB15 |
| | 21. | (8) High Precision Platform PBK989 Product ID 30214791 Model PBK989-AB30 |
| | 22. | (8) High Precision Platform PBK989 Product ID 30214791 Base Model: PBK989 |
| | 23. | (10) Floor Scale PFD779 US11 Product ID 30405123 Model: PFD779 Load Cell SLB615D-2.2t C10 M12 Plug, Platform PFD779 SS 10K 60x60 |
| | 24. | (3) High Precision Platform PBK989 Product ID 30214791 Model PBK989-A3 |
| | 25. | (10) Weighing Terminal IND570 Product ID 30116176 |
| | 26. | (21) Human Machine Interface IND970 Product ID 30500815 |
| | 27. | (10) PC Electronic Box IND970 Product ID 30500816, COM 1-3 Interface, SICS-Scale-RS232 Interface [1] |
| | 28. | (8) PC Electronic Box IND970 Product ID 30500816, COM 1-3 Interface, SICSpro Scale Interface [3] |
| | 29. | (3) PC Electronic Box IND970 Product ID 30500816, COM 1-3 Interface, SICSpro Scale Interface [1] |
| | 30. | (21) Cable M12 Ethernet-RJ45 5m Product ID 22017610 |
| | 31. | (42) Cable M12 USB type A 0.2m Product ID 22017604 |
| | 32. | (10) Cable M12 RS232-SICS Scale Product ID 22017602 |
| | 33. | (21) DataLogic PowerScan Barcode Scanner Product ID 30097616 |
| | 34. | (21) Zebra Thermal Transfer Label Printer Product ID 30097616 |
| | 35. | (1) Software FOWN System Product ID 21901145 |
| | 36. | (1) License FOWN 21CFR part11 Product ID 21901147 |
| | 37. | (1) License FOWN Active substances Product ID 21901148 |
| | 38. | (3) License FOWN Master data management Product ID 21901153 |
| | 39. | (1) License FOWN Change order tool Product ID 21901157 |
| | 40. | (21) License FOWN Dispensing & production Product ID 21901167 |
| | 41. | (1) License FOWN ERP gateway / DB Product ID 21901164 |
| | 42. | (21) License FOWN ERP gateway per disp. st. Product ID 21901163 |
| | 43. | (1) License FOWN Stock function Product ID 21901150 |
| | 44. | (1) Doc. FOWN Validation volume 1 (EN) Product ID 21901220 |

B0415-3007 07/30/2021 5:00 PM Received by California Secretary of State

### Exhibit A – Listed Equipment

| | | |
|---|---|---|
| Lanner | 1. | (3) Smart Gateway SKU A-LEC-2580-711A-2A1 Fanless with O-Card-Wificard-WPEQ-261ACN(BT) |
| Southwest Warehouse Solutions | | **VERTICAL LIFTS AND STORAGE, PUSH BACK SYSTEMS, & VEHICLE(S)** |
| | 1. | (6) Modula Vertical Lift VLM Model ML50D-9,300 |
| | 2. | (2) Mechanical Straddles - Series 21 |
| | 3. | (1) 2021 Off – Highway Pro-Spotter 2017-B6.7 |
| | 4. | Push Back Systems |
| | | (6 bays) Push Back System, 4 pallets deep (Raw Goods) |
| | | (4 bays) Push Back System, 2 pallets deep (Raw Goods) |
| | | (7 bays) Push Back System, 5 pallets deep (Packaging) |
| | | (5 Bays) Push Back System, 2 pallets deep (Packaging |
| | | (2 Bays) Selective Racking System, 1 pallet deep (Packaging) |
| Bull Sequana | 1. | Edge Server SKU M0-BES-UNIT-ATO Edge Server (Serial Number XAN-SE2-00299) |
| McKenna Boiler Works Inc. | | **BOILERS, TANKS, PUMPS, AND ASSOCIATED EQUIPMENT** |
| | 1. | (6) IT-00110 50 HP High-Pressure Scotch Marine Firetube Boiler |
| | 2. | (1) IT-00557 MODEL 4260 FEEDWATER TANK WITH MECHANICAL FLOAT AND VALVE |
| | 3. | (1) IT-00559 STEAM SPARGE INJECTOR PACKAGE |
| | 4. | (1) IT-00558 TANK INSULATION PACKAGE |
| | 5. | (1) IT-00339 Tank Insulation Package |
| | 6. | (1) IT-00549 MODEL 2860 MCKENNA ASME "U" STAMP CODE BLOWDOWN TANK |
| | 7. | (3) IT-00404 NV Vertical Booster 12/12 304SS/EPDM 2HP 230/460V 3PH TEFC 60Hz |
| Atlas Copco Compressors LLC | | **COMPRESSSED AIR EQUIPMENT** |
| | 1. | (1) 8150036200 ZH500-150-60 Model ZH500-150 Plus packaged three-stage centrifugal air compressor |
| | 2. | (1) 8102199265 FD+1750-WC - 460/3/60 FD1750+-WC Water-Cooled Saver-Cycle Refrigerated Dryer |
| | 3. | (1) 8154000412 ZT90VSD STD- P-8.6-60-460V oil-free LP air compressor |
| | 4. | (1) 8154000412 ZT90VSD STD-P-8.6-60-460V oil-free LP air compressor |
| | 5. | (1) 8154000641 ZR160VSD+-P-10.4-60-460V  oil-free LP air compressor |
| | 6. | (1) 8102044008 EWD 1500C NPT 110V |
| | 7. | (1) 8102194109 FD310VSD-A-460-NPT Air-Cooled Saver Cycle Refrigerated Dryer |
| | 8. | (1) 8102194109 FD310VSD-A-460-NPT Air-Cooled Saver Cycle Refrigerated Dryer |
| | 9. | (2) 8102297903 FILTER UD310+ (NPT 2 1/2) Coalescing Filter |
| | 10. | (1) 8102121162 PD+ 1800F ASME W/115V DRAIN Coalescing Filter |
| | 11. | (1) 1280567300 LV3800-150 3,800Gal. 150PSI ASME Vertical Receiver |
| | 12. | (1) 1280014705 CE-320-307 Closed Loop Cooling System |
| RGL Management, LLC | 1. | (Multiple) Warehouse racks (3rd party manufacturer). |
| PPM Technology Holdings LLC | | **CONVEYORS AND ASSOCIATED WORKSTATIONS, CONTROL PANELS, & EQUIPMENT** |
| | 1. | (7) 4340 / PPM Technologies Straight Belt Conveyors |
| | 2. | (7) 4340 / PPM Technologies Incline Belt Conveyors |
| | 3. | (7) 4713 / EZ Swap Oil Drums |
| | 4. | (7) 4716 / PPM Flavorite Belt Workstations |
| | 5. | (7) 4756 / PPM Technologies Mini VF Conveyors |
| | 6. | (1) 4390 / Control Panel – Pre-wired |
| FANUC America Corporation | 1. | (7) M-710iC/45M Robots with R-30iB Plus Controllers and Teach Pendants, and associated risers, barriers, light curtains, and ancillary equipment. |

EXHIBIT 2, PAGE 23

.

**Exhibit A – Listed Equipment**

| Keyence Corporation of America | | BOTTLE IMAGING EQUIPMENT |
|---|---|---|
| | 1. | (10) MK-G1000PY Industrial Inkjet Printer Yellow Ink Model |
| | 2. | (10) MK-P5 Console for MK-G Series |
| | 3. | (10) MK-D1A Dock for MK-G Series |
| | 4. | (10) MK-B1W Backup Module for MK-G Series |
| | 5. | (4) MK-C1 Monitoring Unit for MK-G Series |
| | 6. | (5) MK-KY2H Yellow Ink Incl. 2 cartridges of MK-30 pcs |
| | 7. | (4) MK-S04 Standard Solvent 4 cartridges of MK-20 Solvent |
| | 8. | (2) MK-S02C Standard Solvent for Cleaning 2 catrg of MK-20 clean fluid set |
| | 9. | (10) OP-35373 Mounting Bracket for MK |
| | 10. | (10) OP-77251 AC Cable for USA/Canada |
| | 11. | (4) OP-87837 Nozzle for MK (PY/PW) |
| | 12. | (10) OP-78632 Trigger Mounting Bracket for MK |
| | 13. | (10) OP-73864 Standard Quick Disconnect Cable M8, 4-pin, 2m length |
| | 14. | (10) OP-23980 Additional Component Mounting Bracket for FU Series |
| | 15. | (10) FS-N41C Fiber Optic Sensor Amp: M8 QD, Main, PNP/NPN, IO-Link |
| | 16. | (10) FU-R67G I09 Act. Rec., Guarded Tough-Flex 1M |
| American Covers Inc. | 1. | (2) CT404021 Storage Container Cover - High Profile |
| | 2. | (2) CT544023 Storage Container Cover |
| Dura-Ramp Inc. | 1. | (1) (DR-M30) Dura-Ramp Mobile Portable Steel Loading Dock |

B0415-3008 07/30/2021 5:00 PM Received by California Secretary of State

**EXHIBIT 3**

 





**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File No.: U220252425723

Date Filed: 12/18/2022

Submitter Information:

Contact Name

Organization Name

Phone Number

Email Address

Address                                    None

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| Better Nutritionals, LLC | 3390 Horseless Carriage Drive
Norco, CA 92860 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| Sharon Hoffman | 1930 Village Center Circle
#3-136
Las Vegas, NV 89134 |
| Odelya Hoffman | 1930 Village Center Circle
3-136
Las Vegas, NV 89134 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
All assets of the Debtors now owned or hereafter acquired.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:
Not Applicable

Select an additional alternate Financing Statement type:
Not Applicable

Select an alternative Debtor/Secured Party designation for this Financing Statement:
Not Applicable

Optional Filer Reference Information:
BN-AI1

Miscellaneous Information:

Search to Reflect:

☐  Order a Search to Reflect

B1331-4665 12/18/2022 3:46 PM Received by California Secretary of State

EXHIBIT 3, PAGE 25

**EXHIBIT 4**





U220240284131



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U220240284131 |
| Date Filed: 11/1/2022 |

Submitter Information:

| | |
| --- | --- |
| Contact Name | Marshall J. August |
| Organization Name | FRANDZEL ROBINS BLOOM & CSATO, L.C. |
| Phone Number | (323) 852-1000 |
| Email Address | maugust@frandzel.com |
| Address | 1000 WILSHIRE BLVD., 19TH FLOOR |
| | LOS ANGELES, CA 90017 |

Judgment Debtor Information:

| Judgment Debtor Name | Mailing Address |
| --- | --- |
| Better Nutritionals, a California limited liability company | 3380 Horseless Carriage Drive Norco, CA 92860 |

Judgment Creditor Information:

| Judgment Creditor Name | Mailing Address |
| --- | --- |
| Suitable Staffing Solutions, a California corporation | 801 W. Victoria Street Suite A-1 Compton, CA 90220 |

Judgment Information:

| | |
| --- | --- |
| A. Name of Court Where Judgment Was Entered | Superior Court of the State of California, County of Los Angeles, Central District |
| B. Title of the Action | Suitable Staffing Solutions, a California corporation v. Better Nutritionals, a California limited liability company |
| C. Case Number | 22STCV21235 |
| D. Date Judgment Was Entered | 10/05/2022 |

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
| --- |
| None Entered |

| | |
| --- | --- |
| F. Date of This Notice | 11/01/2022 |
| G. Amount Required to Satisfy Judgment at This Date of Notice | $2,228,898.03 |

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

Declaration and Signature:

Declaration:    I am the Attorney of Record for the Judgment Creditor.

☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| *Marshall J. August* | *11/01/2022* |
| --- | --- |
| Sign Here | Date |

EXHIBIT 4, PAGE 26

B1219-9237  11/01/2022  3:21 PM Received by California Secretary of State

**EXHIBIT 5**

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)
Donna Truong 1-212-588-5558

B. E-MAIL CONTACT AT FILER (optional)
dtruong@dwpv.com

C. SEND ACKNOWLEDGMENT TO:  (Name and Address)

***PLEASE RETURN TO***
CSC
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833
Acct. #10027767

d In: CA
Of State

| For Office Use Only |
| --- |
| **-FILED-** |
| File No.: U220216664633 |
| Date Filed: 8/2/2022 |

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME Better Nutritionals, LLC | | | | |
| --- | --- | --- | --- | --- |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS 3390 Horseless Carriage Drive | CITY Norco | STATE CA | POSTAL CODE 92860 | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
| --- | --- | --- | --- | --- |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME Goli Nutrition Inc. | | | | |
| --- | --- | --- | --- | --- |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS 1 Westmount Square, Suite 1500 | CITY Montreal | STATE QC | POSTAL CODE H3Z 2P9 | COUNTRY CAN |

4. COLLATERAL: This financing statement covers the following collateral:

The assets listed on Schedule A hereto, which is incorporated herein by reference.

This filing is to provide notice that the assets listed on Schedule A hereto are the property of the Secured Party, and the Debtor is a bailee with respect to such assets, notwithstanding that they may be located on property owned or leased by the Debtor/bailee or its affiliates.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☑ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA: 275173, 279178

PK2      849581-1

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

International Association of Commercial Administrators (IACA)

B0933-8104 08/02/2022 5:00 PM Received by California Secretary of State

EXHIBIT 5, PAGE 27

B0933-8105 08/02/2022 5:00 PM Received by California Secretary of State

### Schedule A

### Collateral

### Smart Line 1 Equipment Description

| INVOICE # | SUPPLIER NAME | SERIAL # (IF APPLICABLE) | DESCRIPTION OF EQUIPMENT | QUANTITY |
|---|---|---|---|---|
| 3102020A | Anritsu Infivis | KD7483AFWH | 3" Pipeline X-Ray | 1 |
| 3102020B | Anritsu Infivis | F2SB5-02 | SUS Test Piece | 1 |
| 3102020B | Anritsu Infivis | 859U8825878 | Pump Stop Detector | 1 |
| 3102020B | Anritsu Infivis | 839H893510D | IP66 Modification | 1 |
| 3102020B | Anritsu Infivis | KD8013A-61 | Connector Set | 1 |
| 3102020B | Anritsu Infivis | AIUS | Lee Ball Valve Reject | 1 |
| 3102020B | Anritsu Infivis | KWS6205BP4K | SSVh Checkweigher | 4 |
| 3102020B | Anritsu Infivis | 84Y204604C | USB Memory 2GB | 4 |
| 3102020B | Anritsu Infivis | 84Y282257B | Top Poly Windshield | 4 |
| 3102020B | Anritsu Infivis | KW4132APBC | Dual Flipper Reject | 4 |
| 3102020B | Anritsu Infivis | 84Y211206C | Flipper Passline height change | 4 |
| 3102020B | Anritsu Infivis | AI | Reject Tray | 8 |
| 3102020B | Anritsu Infivis | 839H211140G | Rejection gates for tall products | 4 |
| INV 031820 | Auto-Mate | | AUTOMATE MODEL AM-500 HEAT INDUCTION FOIL SEALER | 4 |
| INV 031820 | Auto-Mate | | COMBINATION STALL/MISSING FOIL DETECTOR | 4 |
| INV 031820 | Auto-Mate | | COMBINATION FAULT LIGHT/AUDIBLE ALARM | 4 |
| INV 031820 | Auto-Mate | | GREEN/RED STACK LIGHT | 4 |
| INV 031820 | Auto-Mate | | S.S. FRAME UPCHARGE | 4 |
| INV 031820 | Auto-Mate | | 15' S.S. FREE STANDING CONVEYOR WITH S.S. LEGS (110V | 4 |
| INV 031820 | Auto-Mate | | PACKING FOR SHIPPING | 4 |
| INV 031820 | Auto-Mate | | REJECT SYSTEM (LESS TABLE) | 8 |
| INV 031820 | Auto-Mate | | REJECT TABLE | 8 |
| INV 031820 | Auto-Mate | | CONVEYOR SPEED MONITORING | 4 |
| INV 031820 | Auto-Mate | | CROOKED CAP DETECTION | 4 |
| INV 031820 | Auto-Mate | | TEMPERATURE MONITOR SYSTEM | 4 |
| INV 031820 | Auto-Mate | | MODEL CSM-4 CAP SEALING METER | 1 |
| 3092020 | Engage | TS-CH100-V1 | Neck Banding Machine | 4 |
| 3092020 | Engage | ET-GS75-V1 | Electric Shrink Tunnel | 4 |
| 3092020 | Engage | Additional Mandrels | Butterfly Mandrels | 4 |
| 3092020 | Engage | 4502351 | Spare Parts Kits | 4 |
| 3092020 | Engage | Crating | Crating Fee | 4 |
| 3092020 | Engage | Freight | LTL Freight Rate | 1 |
| 02056-1 | Fanuc | | FOUR ROBOTICS PKG & PALLETIZING SYSTEM | 1 |
| 68708-100 | Garvey | | BF48 Bi-Flo #1 | 4 |
| 68708-100 | Garvey | | Locally Mounted VFDs | 1 |
| 68708-100 | Garvey | | Freight | 1 |

B0933-8106    08/02/2022    5:00 PM    Received by California Secretary of State

| | | | | |
|---|---|---|---|---|
| 62791 | Ketan | | TC-34M Hugger Belt Conveyor (For Use In Bottom Coding) | 4 |
| 62791 | Ketan | | X-Y Mast For Bottom Coder | 4 |
| 1002103385 | Keyence | MK-P4 | Console for MK-U | 4 |
| 1002103385 | Keyence | OP-87898 | Auto Shower Station | 6 |
| 1002103385 | Keyence | OP-35373 | Mounting Bracket | 4 |
| 1002103385 | Keyence | OP-73864 | Disconnect Cable | 4 |
| 1002103385 | Keyence | FS-N41C | Fiber Optic Sensor | 4 |
| 1002103385 | Keyence | FU-R67G | I09 Act Rec Guarded Tough | 4 |
| 1002103385 | Keyence | OP-87837 | Nozzle | 4 |
| 9283 | Mckenna | 400-09 | 50 HP McKenna Scotch Marine steam boiler. Built to the ASME "S" stamp code. Maximum working pressure 150 psig Equipped with Low Pressure Controls. Boiler will produce 1725 lbs of steam per hour. The boiler will have an SCAQMD rule 1146.2 precertified Low NOx Natural Gas burner (<20ppm). Burner Information: Model: Limpsfield | 2 |
| 9283 | Mckenna | 400-00-50 | Model 5472 McKenna feed water system. Including (1) 713 gallon make up tank with float valve and (2) turbine boiler feed pump. | 1 |
| 9283 | Mckenna | 400-16 | Steam sparge injector package | 1 |
| 9283 | Mckenna | 400-15 | Tank Insulation | 1 |
| 9283 | Mckenna | 400-16 | Stainless Steel Upgrade | 1 |
| 9283 | Mckenna | 400-00-19 | Model 2860 Code Blowdown Tank | 1 |
| 9284 | Mckenna | 400-09 | Steam boiler | 2 |
| 9284 | Mckenna | 400-00-50 | Feed water system | 1 |
| 9284 | Mckenna | 400-16 | Steam sparge injector package | 1 |
| 9284 | Mckenna | 400-15 | Tank Insulation | 1 |
| 9284 | Mckenna | 400-16 | Stainless Steel Upgrade | 1 |
| 9284 | Mckenna | 400-00-19 | Model 2860 Code Blowdown Tank | 1 |
| 13247-4r0 | PallayPack | | Twin Gummy Feeder & Conveyors: Line #1 | 1 |
| 13247-4r0 | PallayPack | | Twin Gummy Feeder & Conveyors: Line #2 | 1 |
| 13247-4r0 | PallayPack | | Twin Gummy Feeder & Conveyors: Line #3 | 1 |
| 13247-4r0 | PallayPack | | Twin Gummy Feeder & Conveyors: Line #4 | 1 |
| 78936 | OKI | | Superformer ST 1S case erectors | 4 |
| 78936 | OKI | | Supertaper ST1A automatic top tapers | 4 |
| 78936 | OKI | | M600 in-feed conveyors | 4 |
| 78936 | OKI | | Spare parts for SF1S | 1 |
| 78936 | OKI | | Spare parts for ST1A | 1 |
| 78936 | OKI | | Freight | 1 |
| FD20191123-5 | Sinofude | | FULL AUTOMATIC NEW DESIGN GUMMY CANDY PRODUCTION LINE CUSTOMIZED PER SPECIFICATIONS | 4 |
| SL200319 | Sourceline | 12700 | 2012 Sidel SBO 18 PET Universal/Matrix PET Reheat Stretch Blow Molding Machine | 1 |
| 20200310 | NJM | | Misc Machinery: Unisort32, Beltorque Capper, Labeler | 1 |
| 810080145 | Anton Paar | 157670 | Automatic Refractometer of the Heavy Duty Line | 1 |
| 810080145 | Anton Paar | 161832 | Sample Presser for measurement of solids | 1 |
| 810080145 | Anton Paar | 18318 | RheolabQC with standard stand | 1 |
| 810080145 | Anton Paar | P01079 | Anton Paar Service Visit | 1 |
| 810080145 | Anton Paar | 108642 | Peltier Temp Control System | 1 |

| 810080145 | Anton Paar | 20655 | Dispoable Measuring System | 1 |
| 810080145 | Anton Paar | 104632 | Rheometer Software | 1 |
| 144837559 | Crown | | RM6025-45MM-321, 18-125DL-15,FS3-MP344-3 | 1 |
| 144387558 | Crown | | PE4500-80 28X96 , 12-85DL-13 , FS3-MP344-2 | 1 |
| 50705 | iDry | | Food Vaccum | 1 |
| 39224 | Hunter Lab | | Aeros Reflectance Spectrophotometer | 1 |
| 39224 | Hunter Lab | | On-Site Start-up Instrument Training | 1 |
| 39224 | Hunter Lab | | Performance Assurance | 1 |
| 654825774 | Mettler Toledo | | StaterPac Installation | 3 |
| 654825774 | Mettler Toledo | | StaterPac Installation | 5 |
| 654825774 | Mettler Toledo | | StaterPac Installation | 2 |
| 654825774 | Mettler Toledo | | IPAC Standard Qualification | 2 |
| 636400176 | Mettler Toledo | 30355485 | Balance XSR104 | 3 |
| 636400176 | Mettler Toledo | 30317127 | Balance XSR1202S | 5 |
| 636400176 | Mettler Toledo | 30317496 | Balance XSR1202S | 2 |
| 636400176 | Mettler Toledo | 30216103 | Hal. Moisture Analyzer HC103 (115V) | 2 |
| 636400176 | Mettler Toledo | 13865 | Aluminium sample pans | 1 |
| 636400176 | Mettlor Toledo | 63053978 | Marble Slab (13 X20 X2 Thick) | 3 |
| 636400176 | Mettler Toledo | 63053973 | Damping Element | 12 |
| 636400176 | Mettler Toledo | 30550615 | CarePac OIML F2 5g/100g Cal | 1 |
| 636400176 | Mettler Toledo | 11123008 | CarePac 1000g F2 / 50g F2 Cal | 1 |
| 636400176 | Mettler Toledo | 11123011 | CarePac 5000g F2 / 200g F2 Cal | 1 |
| L20202 | RGL | | Lab Equipment Thermo Electron | 1 |
| L20202 | RGL | | Lab Equipment Fisher Scientific | 1 |
| AN140420 | RGL | | Clean Rooms Air Handling | 1 |
| AN140420 | RGL | | Clean Rooms Ceiling | 1 |
| AN140420 | RGL | | Clean Rooms Envelope System | 1 |
| AN140420 | RGL | | Clean Rooms Floor | 1 |
| V20014 | OTC | | Mould Washer | 1 |
| 102378 | Rotronic | | HC2-AW-USB Probe Set | 10 |

B0933-8107 08/02/2022 5:00 PM Received by California Secretary of State

B0933-8103 08/02/2022 5:00 PM Received by California Secretary of State

### Smart Line 2 Equipment

| Vendor / Manufacturer | Item | (Quantity) & Description |
|---|---|---|
| OTC Candy Equipment | | MANUFACTURING LINES |
| | 1. | (Complete Multi-component Production Line) SKU P1012 OTC Gel complete non Starch 1000 |
| | 2. | (Complete Multi-component Production Line) SKU P1017 Lab Line |
| SHANGHAI FUDE MACHINERY MANUFACTURING CO., LTD (aka Sinofude) | | MANUFACTURING LINES |
| | 1. | (6) Full Automatic New Design Gummy Candy Production Lines customized per specifications, kettles, carts and trays. |
| FORDS Packaging Systems Ltd | | CAPPING, SEALING, FEEDING SYSTEMS WITH APPLICABLE FORMAT CHANGES |
| | 1. | (Line 1) - Better Nutritionals Ref: B4-1(Fords ref 2008-5) |
| | 2. | (Line 2) - Better Nutritionals Ref: G-1  (Fords ref 2111-4) |
| | 3. | (Line 3) - Better Nutritionals Ref: B1-1(Fords ref 2112-4) |
| | 4. | (Line 4) - Better Nutritionals Ref: B1-2(Fords ref 2113-4) |
| | 5. | (Line 5) - Better Nutritionals Ref: B1-3(Fords ref 2114-4) |
| | 6. | (Line 6) - Better Nutritionals Ref: B2-1(Fords ref 2115-4) |
| | 7. | (Line 7) - Better Nutritionals Ref: B2-2(Fords ref TBA) |
| Crown Lift Trucks | | LIFT TRUCKS, BATTERIES, AND CHARGERS |
| | 1. | (8) Encore RM Series, Reach Trucks |
| | 2. | (8) V-Force Batteries |
| | 3. | (8) V-Force Chargers |
| | 4. | (8) Encore SC Series, Sit-Down Counterbalanced Trucks |
| | 5. | (8) V-Force Batteries |
| | 6. | (8) V-Force Chargers |
| | 7. | (2) Encore C5 Pneumatic, Internal Combustion Trucks |
| | 8. | (1) CGC45S-9 10,000 lb. Capacity, 4-Wheel, Internal Combustion Truck |
| | 9. | (4) Encore C5 Cushion, Internal Combustion Trucks |

B0933-8109 08/02/2022 5:00 PM Received by California Secretary of State

| Mettler Toledo | | WEIGHING BALANCES, PLATFORMS, INTERFACES, ANCILLARY EQUIPMENT |
|---|---|---|
| | 1. | (3) Balance XSR104 Product ID 30355485 |
| | 2. | (1) Balance XSR1202S Product ID 30317127 |
| | 3. | (4) Balance XSR6001S Product ID 30317496 |
| | 4. | (7) Hal. Moisture Analyzer HC103 (115V) Product ID 30216103 |
| | 5. | (15) Seven Excellence pH meter S400 Product ID 30046240 |
| | 6. | (15) pH electrode InLab Viscous Pro-ISM Product ID 51343151 |
| | 7. | (15) InLab cable MultiPin-BNC/RCA 1.2m Product ID 30281896 |
| | 8. | (3) Marble Slab (13 X20 X2 Thick) Product ID 63053978 |
| | 9. | (12) Damping Element Product ID 63053973 |
| | | ---------- |
| | 10. | (1) PC Electronic Box IND970 Product ID 30500816 COM 1-3 Interface, RS232 Interface, SICSpro Scale Interface |
| | 11. | (1) Human Machine Interface IND970 Product ID 30500815 |
| | 12. | (6) High Precision Platform PBK989 Product ID 30214791 |
| | 13. | (2) High Precision Platform PBK989 Product ID 30214791 |
| | 14. | (1) Cable M12 Ethernet-RJ45 5m Product ID 22017610 |
| | 15. | (2) Cable M12 USB type A 0.2m Product ID 22017604 |
| | 16. | (5) Terminal ICS4_9 Product ID 64087984 |
| | 17. | (1) DataLogic PowerScan PM9300 Wireless Barc Product ID 30097616 |
| | 18. | (1) Zebra ZD620 Direct Thermal Label Printer Product ID 30097616 |
| | 19. | (6) Cable M12-R/A Ethernet-RJ45 20.0m Product ID 22021091 |
| | | ---------- |
| | 20. | (8) High Precision Platform PBK989 Product ID 30214791 Model PBK989-AB15 |
| | 21. | (8) High Precision Platform PBK989 Product ID 30214791 Model PBK989-AB30 |
| | 22. | (8) High Precision Platform PBK989 Product ID 30214791 Base Model: PBK989 |
| | 23. | (10) Floor Scale PFD779 US11 Product ID 30405123 Model: PFD779 Load Cell SLB615D-2.2t C10 M12 Plug, Platform PFD779 SS 10K 60x60 |
| | 24. | (3) High Precision Platform PBK989 Product ID 30214791 Model PBK989-A3 |
| | 25. | (10) Weighing Terminal IND570 Product ID 30116176 |
| | 26. | (21) Human Machine Interface IND970 Product ID 30500815 |
| | 27. | (10) PC Electronic Box IND970 Product ID 30500816, COM 1-3 Interface, SICS-Scale-RS232 Interface [1] |
| | 28. | (8) PC Electronic Box IND970 Product ID 30500816, COM 1-3 Interface, SICSpro Scale Interface [3] |
| | 29. | (3) PC Electronic Box IND970 Product ID 30500816, COM 1-3 Interface, SICSpro Scale Interface [1] |
| | 30. | (21) Cable M12 Ethernet-RJ45 5m Product ID 22017610 |
| | 31. | (42) Cable M12 USB type A 0.2m Product ID 22017604 |
| | 32. | (10) Cable M12 RS232-SICS Scale Product ID 22017602 |
| | 33. | (21) DataLogic PowerScan Barcode Scanner Product ID 30097616 |
| | 34. | (21) Zebra Thermal Transfer Label Printer Product ID 30097616 |
| | 35. | (1) Software FOWN System Product ID 21901145 |
| | 36. | (1) License FOWN 21CFR part11 Product ID 21901147 |
| | 37. | (1) License FOWN Active substances Product ID 21901148 |
| | 38. | (3) License FOWN Master data management Product ID 21901153 |
| | 39. | (1) License FOWN Change order tool Product ID 21901157 |
| | 40. | (21) License FOWN Dispensing & production Product ID 21901167 |
| | 41. | (1) License FOWN ERP gateway / DB Product ID 21901164 |
| | 42. | (21) License FOWN ERP gateway per disp. st. Product ID 21901163 |
| | 43. | (1) License FOWN Stock function Product ID 21901150 |
| | 44. | (1) Doc. FOWN Validation volume 1 (EN) Product ID 21901220 |
| Lanner | 1. | (3) Smart Gateway SKU A-LEC-2580-711A-2A1 Fanless with O-Card-Wificard-WPEQ-261ACN(BT) |

B0933-8110 08/02/2022 5:00 PM Received by California Secretary of State

| Southwest Warehouse Solutions | | VERTICAL LIFTS AND STORAGE, PUSH BACK SYSTEMS, & VEHICLE(S) |
|---|---|---|
| | 1. | (6) Modula Vertical Lift VLM Model ML50D-9,300 |
| | 2. | (2) Mechanical Straddles - Series 21 |
| | 3. | (1) 2021 Off – Highway Pro-Spotter 2017-B6.7 |
| Bull Sequana | 1. | Edge Server SKU M0-BES-UNIT-ATO Edge Server (Serial Number XAN-SE2-00299) |
| McKenna Boiler Works Inc. | | BOILERS, TANKS, PUMPS, AND ASSOCIATED EQUIPMENT |
| | 1. | (6) IT-00110 50 HP High-Pressure Scotch Marine Firetube Boiler |
| | 2. | (1) IT-00557 MODEL 4260 FEEDWATER TANK WITH MECHANICAL FLOAT AND VALVE |
| | 3. | (1) IT-00559 STEAM SPARGE INJECTOR PACKAGE |
| | 4. | (1) IT-00558 TANK INSULATION PACKAGE |
| | 5. | (1) IT-00339 Tank Insulation Package |
| | 6. | (1) IT-00549 MODEL 2860 MCKENNA ASME "U" STAMP CODE BLOWDOWN TANK |
| | 7. | (3) IT-00404 NV Vertical Booster 12/12 304SS/EPDM 2HP 230/460V 3PH TEFC 60Hz |
| Atlas Copco Compressors LLC | | COMPRESSSED AIR EQUIPMENT |
| | 1. | (1) 8150036200 ZH500-150-60 Model ZH500-150 Plus packaged three-stage centrifugal air compressor |
| | 2. | (1) 8102199265 FD+1750-WC - 460/3/60 FD1750+-WC Water-Cooled Saver-Cycle Refrigerated Dryer |
| | 3. | (1) 8154000412 ZT90VSD STD- P-8.6-60-460V oil-free LP air compressor |
| | 4. | (1) 8154000412 ZT90VSD STD-P-8.6-60-460V oil-free LP air compressor |
| | 5. | (1) 8154000641 ZR160VSD+-P-10.4-60-460V  oil-free LP air compressor |
| | 6. | (1) 8102044008 EWD 1500C NPT 110V |
| | 7. | (1) 8102194109 FD310VSD-A-460-NPT Air-Cooled Saver Cycle Refrigerated Dryer |
| | 8. | (1) 8102194109 FD310VSD-A-460-NPT Air-Cooled Saver Cycle Refrigerated Dryer |
| | 9. | (2) 8102297903 FILTER UD310+ (NPT 2 1/2) Coalescing Filter |
| | 10. | (1) 8102121162 PD+ 1800F ASME W/115V DRAIN Coalescing Filter |
| | 11. | (1) 1280567300 LV3800-150 3,800Gal. 150PSI ASME Vertical Receiver |
| | 12. | (1) 1280014705 CE-320-307 Closed Loop Cooling System |
| RGL Management, LLC | 1. | (Multiple) Warehouse racks (3rd party manufacturer). |
| PPM Technology Holdings LLC | | CONVEYORS AND ASSOCIATED WORKSTATIONS, CONTROL PANELS, & EQUIPMENT |
| | 1. | (7) 4340 / PPM Technologies Straight Belt Conveyors |
| | 2. | (7) 4340 / PPM Technologies Incline Belt Conveyors |
| | 3. | (7) 4713 / EZ Swap Oil Drums |
| | 4. | (7) 4716 / PPM Flavorite Belt Workstations |
| | 5. | (7) 4756 / PPM Technologies Mini VF Conveyors |
| | 6. | (1) 4390 / Control Panel – Pre-wired |

| Keyence Corporation of America | | BOTTLE IMAGING EQUIPMENT |
|---|---|---|
| | 1. | (10) MK-G1000PY Industrial Inkjet Printer Yellow Ink Model |
| | 2. | (10) MK-P5 Console for MK-G Series |
| | 3. | (10) MK-D1A Dock for MK-G Series |
| | 4. | (10) MK-B1W Backup Module for MK-G Series |
| | 5. | (4) MK-C1 Monitoring Unit for MK-G Series |
| | 6. | (5) MK-KY2H Yellow Ink Incl. 2 cartridges of MK-30 pcs |
| | 7. | (4) MK-S04 Standard Solvent 4 cartridges of MK-20 Solvent |
| | 8. | (2) MK-S02C Standard Solvent for Cleaning 2 catrg of MK-20 clean fluid set |
| | 9. | (10) OP-35373 Mounting Bracket for MK |
| | 10. | (10) OP-77251 AC Cable for USA/Canada |
| | 11. | (4) OP-87837 Nozzle for MK (PY/PW) |
| | 12. | (10) OP-78632 Trigger Mounting Bracket for MK |
| | 13. | (10) OP-73864 Standard Quick Disconnect Cable M8, 4-pin, 2m length |
| | 14. | (10) OP-23980 Additional Component Mounting Bracket for FU Series |
| | 15. | (10) FS-N41C Fiber Optic Sensor Amp: M8 QD, Main, PNP/NPN, IO-Link |
| | 16. | (10) FU-R67G I09 Act. Rec., Guarded Tough-Flex 1M |
| American Covers Inc. | 1. | (2) CT404021 Storage Container Cover - High Profile |
| Dura-Ramp Inc. | 1. | (1) (DR-M30) Dura-Ramp Mobile Portable Steel Loading Dock |

B0933-8111 08/02/2022 5:00 PM Received by California Secretary of State

B0933-8112 08/02/2022 5:00 PM Received by California Secretary of State

### Dell Equipment

| | | | |
|---|---|---|---|
| Dell | 210-AQUB | PowerEdge R340 Server | 536KM83 |
| Dell | 210-AQUB | PowerEdge R340 Server | 537MM83 |
| Dell | 210-AQUB | PowerEdge R340 Server | 53CJM83 |
| Dell | 210-AQUB | PowerEdge R340 Server | 53DGM83 |
| Dell | 210-AQUB | PowerEdge R340 Server | 53LHM83 |
| Dell | ES6-PS-SW25GB-BE | EX300/500 Switch SW25GB HA Back End | APM01205102488 |
| Dell | ES6-PS-SW25GB-BE | EX300/500 Switch SW25GB HA Back End | APM01205102489 |
| Dell | ES6-PS-SW25GB-FE | EX300/500 Switch SW25GB Front End | APM01205102490 |
| Dell | ES6-PS-SW25GB-FE | EX300/500 Switch SW25GB Front End | APM01205102491 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | APM01205105641 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | APM01205105642 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | APM01205105643 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | APM01205105644 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | APM01205105645 |
| Dell | ES6-PS-SW25GB-FE | EX300/500 Switch SW25GB Front End | BSU00204101575 |
| Dell | ES6-PS-SW25GB-FE | EX300/500 Switch SW25GB Front End | BSU00204101590 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503889 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503890 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503891 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503892 |

| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503893 |
|------|---------------------|--------------------------|----------------|
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503898 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503902 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503912 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503916 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503918 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503931 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503932 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503933 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503940 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503946 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503954 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503959 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503962 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503964 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | BSU00204503967 |
| Dell | ES6-PS-SW25GB-BE | EX300/500 Switch SW25GB HA Back End | BSU00204504613 |
| Dell | ES6-PS-SW25GB-BE | EX300/500 Switch SW25GB HA Back End | BSU00204504621 |
| Dell | ES6-10GB-SR | Module 10GB SR | DSN001-9003277-020-01 |
| Dell | M-PSM-HW-IS2-1Y | PROSUPPORT 4HR/MC HARDWARE SUPPORT-1 YR | DSN001-9003277-020-02 |
| Dell | PS-PDAD-ECS3CANIN | PD AddOn, for ECS Add One 2U Node | DSN001-9003277-020-03 |
| Dell | PS-PD-ECSEX300DP | PD for ECS 2U | DSN001-9003277-020-04 |
| Dell | 210-ALZH | PowerEdge R540 Server | FDF6773 |

B0933-8113 08/02/2022 5:00 PM Received by California Secretary of State

| Dell | 210-ALZH | PowerEdge R540 Server | FDF6G73 |
|------|----------|----------------------|---------|
| Dell | 210-ALZH | PowerEdge R540 Server | FDF7773 |
| Dell | 210-ALZH | PowerEdge R540 Server | FDF7G73 |
| Dell | 210-ALZH | PowerEdge R540 Server | FDF8773 |
| Dell | 210-ALZH | PowerEdge R540 Server | FDF8G73 |
| Dell | 210-ALZH | PowerEdge R540 Server | FDF9773 |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | N42BS9L |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | N42BSJ5 |
| Dell | ES6-PS-SW25GB-FE | EX300/500 Switch SW25GB Front End | N42BSKR |
| Dell | ES6-PS-SW25GB-FE | EX300/500 Switch SW25GB Front End | N43A90X |
| Dell | ES6-PS-SW25GB-BE | EX300/500 Switch SW25GB HA Back End | N43AAR6 |
| Dell | ES6-PS-SW25GB-BE | EX300/500 Switch SW25GB HA Back End | N43AAXG |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | N43AXHG |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | N43AXJN |
| Dell | ES6-QS-SVP-192T-16 | EX500 Perf Node 12x16TB | N43AXXE |
| Dell | ES6-PS-RACK | Rack EX300/500 Single Phase | SA7SM204000020 |

B0933-8114  08/02/2022  5:00 PM  Received by California Secretary of State

**EXHIBIT 6**



**EXHIBIT 7**

<b>EXECUTION COPY</b>

<b>ASSET PURCHASE AGREEMENT</b>

This Asset Purchase Agreement (the "Agreement") is entered into between Larry D. Simons, solely in his capacity as Chapter 7 Trustee ("Trustee" or "Seller") of the bankruptcy estate ("Estate") of Better Nutritionals, LLC ("Debtor"), and Malt Products Corporation ("Buyer"). Collectively, Seller and Buyer shall be referred to as the "Parties."

ASSET TO BE SOLD

"Purchased Assets" means: All right, title, and interest of Better Nutritionals, LLC in any and all tapioca syrup ("Product") located at 3300-3390 Horseless Carriage Road, Norco, CA ("Norco Facility"), but principally located in Building 3 of the Norco Facility.

RECITALS

A.    **WHEREAS**, Buyer desires to purchase and Seller desires to sell to Buyer, on the terms and conditions set forth herein, certain assets of Seller as stated above. The Parties acknowledge that the sale of the assets are subject to approval by the Bankruptcy Court.

B.    **WHEREAS**, Seller and Buyer are entering into this Agreement following arms' length negotiations conducted in good faith.

**NOW, THEREFORE,** in consideration of the above recitals and the mutual covenants, agreements, representations and warranties hereinafter set forth, and for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Buyer and Seller hereby agree as follows:

<b><u>AGREEMENT</u></b>

1.    **<u>Sale and Delivery of Purchased Assets</u>**.

1.1    Buyer has conducted due diligence regarding the Product and wishes to purchase the Purchased Assets on a bulk basis, for a purchase price of $92.58 per Tote of Product (the "Purchase Price"). For the purposes of this Agreement, "Tote" means a rigid intermediate bulk container consisting of a plastic tank within a metal cage, the whole containing a net weight of 1,400 kilograms of Product. Trustee provides no warranty, representation, or guarantee of the gross weight or volume of Product contained in any individual Tote. The Parties agree that Buyer's acceptance and removal of any particular Tote from the Norco Facility shall be the sole condition precedent to payment of the per-Tote price stated herein, and any Totes not accepted by Buyer shall be abandoned by Trustee. All of the Product shall be sold exclusively to Buyer, subject to overbid and approval by the Bankruptcy Court.

1.2    The Purchased Assets will be sold, assigned, transferred and conveyed to Buyer free and clear of all liens, claims, conditions, equities, existing pledges, licenses, leases,

1

rights of possession, security interests, mortgages, restrictions, encumbrances,  charges, title retention, conditional sale or other security arrangements (collectively, "Encumbrances"), with such Encumbrances to attach to the proceeds of sale pursuant to 11 U.S.C. § 363(f). The Purchased Assets will otherwise be sold on an "AS IS" and "WHERE IS" basis.

1.3     Upon approval of the Bankruptcy Court, Buyer shall be solely responsible for making arrangements for removing the Product from the Norco Facility, subject to the following conditions: (1) Buyer, and its agents, shall be granted access without interference to the Norco Facility from Monday through Friday, during the daytime; (2) the warehouses where the Product is located must have dock ramps or load levelers that allow entry into trailers or rail units using 5k forklifts (3) the racks on which the Product is stored (if applicable) must be accessible to 5k forklifts; and (4) Buyer shall have permission to spot trailers or rail units at the Norco Facility, including overnight for which at least four (4) dock doors will be available at the relevant warehouse. The Estate shall be responsible for all costs associated with providing access to the Norco Facility to permit Buyer to orderly obtain and transport the Product. Access shall be provided under this Agreement for a period of sixteen (16) weeks ("Delivery Period"), commencing from the first Monday after the date that the Bankruptcy Court enters an order approving the sale of the Product. During the Delivery Period, Buyer shall maintain a relatively continuous rate of shipment of the Purchased Assets without significant interruption except as required for the observance of holidays. After expiration of the Delivery Period, Trustee and the Estate shall have no continuing responsibility to arrange for access to the Product, and Buyer understands that it must negotiate such permission with the appropriate entities with possession and control of the Norco Facility.

2.      **Consideration**.

2.1     Initial Payment. No later than seven days after mutual execution of this Agreement, Buyer shall tender an initial deposit of $70,000 ("Deposit"), which amount shall be held by Trustee pending approval by the Bankruptcy Court of the sale of the Product.

2.2     Application of Deposit. If the Buyer is the approved purchaser of the Purchased Assets, the Deposit will be applied as payment for a quantity of the Purchase Assets equivalent to the amount of the Deposit divided by the Purchase Price (the "Initial Quantity").

2.3     Additional Payments. To remove quantities of the Purchased Assets in excess of the Initial Quantity ("Additional Quantities"), the Buyer shall make additional payments to the Trustee in advance of removal ("Additional Payments"). The Additional Payments shall be calculated by multiplying the Purchase Price by the aggregate quantity of Purchased Assets that the Buyer anticipates removing during the following four weeks. The Additional Payments shall be applied as in Section 2.2 above.

2.4     Reporting. The Buyer shall at all times maintain records of quantities shipped according to usual commercial practice and shall (a) make those records available to the Trustee upon request or (b) deliver copies of those records to the Trustee or a person designated by him according to a schedule to be agreed by the Parties.

2.5     Overbids. Buyer acknowledges and agrees that the sale of the Product is expressly conditioned on overbidding, on terms no less favorable to the Estate than the terms set forth in this Agreement. Buyer shall forfeit the Deposit if it is the successful bidder and fails to close

2

on the sale of the Product. If Buyer is outbid on the Product, and is not the successful bidder, it shall receive a complete refund of the Deposit. Buyer agrees that the Deposit represents the reasonable liquidated damages for the Estate if Buyer is approved as the purchaser of the Product, but fails to consummate such sale.

3.    **Closing**.

3.1    The consummation of the purchase and sale of the Purchased Assets by the Buyer (the "***Closing***") shall take place immediately upon approval of the sale of the Purchased Assets to Buyer, by entry of an order by the Bankruptcy Court approving such sale.

3.2    Upon Closing,

a.    title to the  Purchased Assets shall pass to Buyer;

b.    Seller  shall  execute and provide copies of an Assignment Agreement and Bill of Sale substantially in the form set forth in Exhibit 2 hereto.

4.    **Court Approval Required.**

4.1    Trustee shall be solely responsible for the form and content of filing a motion for approval of this Agreement with the Bankruptcy Court. The Parties agree to cooperate to take all reasonable actions necessary to secure approval of the Agreement in good faith. The Parties acknowledge that the Court may make modifications to the terms of the sale and in the event of any inconsistency between this Agreement and the Court's order approving the sale of the Purchased Assets, the order shall control.

4.2    The Parties agree that this Agreement shall be interpreted pursuant to California law. The Parties agree that the sole forum for interpretation of this Agreement shall be the United States Bankruptcy Court for the Central District of California, Riverside Division, and that such court shall have exclusive jurisdiction to implement, enforce, and interpret the terms of this Agreement and sale.

5.    **Representations and Warranties**.

5.1    **Seller's Representations and Warranties**. Except as to Seller's representations and warranties provided below and subject to Section 1.2 above, the Purchased Assets are being sold "as is" and  "where is" with no express or implied representation and warranties of any kind, nature, or type  whatsoever from, or on behalf of Seller except that, to the best of Seller's knowledge:

a.    Trustee is the sole authorized representative on behalf of the Debtor pursuant to 11 U.S.C. § 323 and is authorized, subject to Court approval, to use, sell, or lease property of the Estate under 11 U.S.C. § 363(b).

b.    The execution, delivery, and performance by Seller of this Agreement and the consummation of the transactions contemplated hereby are within the power of Seller and have or will have been  duly authorized by the Bankruptcy Court as required.

3

5.2    **Buyer's Representations and Warranties**.    Buyer represents and warrants to Seller, as follows:

a.    The sale of the Product to Buyer shall not be subject to sales tax, and Buyer has provided proof of sales tax exemption to Seller.

b.    Buyer has all requisite corporate power and authority to execute, deliver, and perform the transactions contemplated hereby.

c.    The execution, delivery, and performance by Buyer of this Agreement and the consummation of the transactions contemplated hereby are within the power of Buyer and have been duly authorized by all necessary actions on the part of Buyer. The execution of this Agreement by Buyer constitutes, or will constitute, a legal valid and binding obligation of Buyer, enforceable against Buyer in accordance with its terms.

d.    No person or entity acting on behalf of Buyer or any of its affiliates or under the authority of any of them is or will be entitled to any "brokers" or "finders" fee or any other commission or similar fee, directly or indirectly, from Buyer or any of its affiliates in connection with any of the transactions contemplated by this Agreement.

6.    **Further Assurances/Transition.**

The Partiers hereto agree in good faith to take such action as may be reasonably necessary to effectuate this Agreement, including, without limitation, such action as Buyer may reasonably request from Seller to assist in the transition of the Purchased Assets to Buyer.

7.    **AS-IS Sale; Warranty Disclaimer.**

EXCEPT AS SET FORTH HEREIN, THE PURCHASED ASSETS ARE PROVIDED "AS IS" WITHOUT WARRANTY OF ANY KIND, INCLUDING WITHOUT LIMITATION, ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR ANY PURPOSE OR NONINFRINGEMENT.

BUYER ACKNOWLEDGES AND AGREES THAT UPON CLOSING SELLER SHALL SELL AND CONVEY ALL OF ITS RIGHT, TITLE AND INTEREST IN AND TO THE PURCHASED ASSETS TO BUYER AND BUYER SHALL ACCEPT THE PURCHASED ASSETS "AS IS, WHERE IS, WITH ALL FAULTS." BUYER HAS NOT RELIED AND WILL NOT RELY ON, AND SELLER IS NOT LIABLE FOR OR BOUND BY, ANY EXPRESS OR IMPLIED WARRANTIES, GUARANTEES, STATEMENTS, REPRESENTATIONS OR INFORMATION PERTAINING TO THE PURCHASED ASSETS OR RELATING THERETO MADE OR FURNISHED BY SELLER OR ITS REPRESENTATIVES, TO WHOMEVER MADE OR GIVEN, DIRECTLY OR INDIRECTLY, ORALLY OR IN WRITING, EXCEPT AS EXPRESSLY STATED HEREIN. BUYER ALSO ACKNOWLEDGES THAT THE PURCHASE PRICE REFLECTS AND TAKES INTO ACCOUNT THAT THE PURCHASED ASSETS ARE BEING SOLD "AS IS, WHERE IS, WITH ALL FAULTS."

BUYER ACKNOWLEDGES TO SELLER THAT BY EXECUTING THIS AGREEMENT, IT HAS CONDUCTED SUCH INSPECTIONS AND INVESTIGATIONS OF THE PURCHASED ASSETS AS BUYER DEEMS NECESSARY OR DESIRABLE TO SATISFY ITSELF AS TO THE PURCHASED ASSETS AND ITS ACQUISITION THEREOF. BUYER FURTHER WARRANTS AND REPRESENTS TO SELLER THAT BUYER WILL RELY SOLELY ON ITS OWN REVIEW AND OTHER INSPECTIONS AND INVESTIGATIONS IN THIS TRANSACTION AND NOT UPON THE INFORMATION PROVIDED BY OR ON BEHALF OF SELLER, OR ITS AGENTS, EMPLOYEES OR REPRESENTATIVES WITH RESPECT THERETO. BUYER HEREBY ASSUMES THE RISK THAT ADVERSE MATTERS INCLUDING, BUT NOT LIMITED TO, LATENT OR PATENT DEFECTS, ADVERSE PHYSICAL OR OTHER ADVERSE MATTERS, MAY NOT HAVE BEEN REVEALED BY BUYER'S REVIEW AND INSPECTIONS AND INVESTIGATIONS.

8.    **Limitation of Liability.**

NOTWITHSTANDING ANYTHING ELSE IN THIS AGREEMENT OR OTHERWISE, SELLER SHALL NOT BE LIABLE OR OBLIGATED WITH RESPECT TO ANY SUBJECT MATTER OF THIS AGREEMENT UNDER ANY CONTRACT, NEGLIGENCE, STRICT LIABILITY OR OTHER LEGAL OR EQUITABLE THEORY (I) FOR ANY INDIRECT, SPECIAL, INCIDENTAL OR CONSEQUENTIAL DAMAGES, (II) FOR COST OF PROCUREMENT OF SUBSTITUTE GOODS, OR (III) FOR ANY MATTER BEYOND SELLER'S REASONABLE CONTROL.

9.    **Specific Performance.**

If Buyer or Seller fails to complete the purchase contemplated in this Agreement because by failure to comply with this Agreement, the non-defaulting party shall have the option, but not the requirement, to bring an action for specific performance and thereby require performance in full of this Agreement.

10.    **Notices.**

Any notice, report, approval or consent required or permitted hereunder shall be in writing and will be deemed to have been duly given if delivered personally, or mailed by first-class U.S. mail, postage prepaid to the respective addresses of the parties as set below (or such other address as a party may designate by ten (10) days written notice) on the parties as set forth below:

|  |  |
|---|---|
| To Buyer: | Malt Products Corporation |
|  | Attn: C. Diego Guevara |
|  | Address: 250 Pehle Avenue, Suite II-306 |
|  | Saddle Brook, NJ 07663 |
|  |  |
| To the Seller: | Larry D. Simons, Chapter 7 Trustee |
|  | c/o Marshack Hays LLP |
|  | 870 Roosevelt |
|  | Irvine, CA 92620 |

5

11.    **Non-Waiver.**

No failure to exercise, and no delay in exercising, on the part of any party, any privilege, any power or any rights hereunder will operate as a waiver thereof, nor will any single or partial exercise of any right or power hereunder preclude further exercise of any other right hereunder.

12.    **Severability.**

If any provision of this Agreement shall be adjudged by any court of competent jurisdiction to be unenforceable or invalid, that provision shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect and enforceable.

13.    **Attorney's Fees and Expenses.**

Except as provided in the next sentence, Buyer and Seller shall each bear their own expenses incurred in connection with the transactions contemplated by this Agreement. Notwithstanding the foregoing, if any party breaches this Agreement, the breaching party shall be responsible for the costs and expenses, including reasonable attorneys' fees, incurred by the other parties in enforcing this Agreement against such breaching party. Each Party acknowledges that it has had the opportunity to consult with counsel of its own choice with respect to the terms of this Agreement and has had a full opportunity to negotiate, modify, comment, and revise any provision of this Agreement prior to its signing.

14.    **Modifications in Writing.**

Any waivers or amendments of this Agreement or any provision hereof shall be effective only if made in writing and mutually signed by a representative of the respective parties authorized to bind the parties. Material modifications must be approved by the Bankruptcy Court to be effective.

15.    **Complete Agreement.**

All parties agree that this Agreement is the complete and exclusive statement of the mutual understanding of the parties with regard to its subject matter, and supersedes and cancels all previous written and oral agreements and communications relating to, the subject matter of this Agreement.

16.    **Counterparts/Facsimile Signature.**

This Agreement may be executed in any number of counterparts, each of which when executed by the parties hereto and delivered shall be deemed to be an original, and all such counterparts taken together shall be deemed to be but one and the same instrument. This Agreement may be executed by .PDF or facsimile signature, and any such .PDF or facsimile signature shall be deemed to be an original signature.

IN WITNESS WHEREOF, the parties have executed this Agreement as of
_____, 2023.

**BUYER:**

Malt Products Corporation

By: _____

Name: C. Diego Guevara

Title:  Executive Vice President

**SELLER:**

Larry Simons, solely in his capacity as Chapter 7
Trustee of the bankruptcy estate of Better
Nutritionals, LLC

By: _____

Name: Larry D. Simons

Title: Chapter 7 Trustee

7

# EXHIBIT 1

TO ASSET PURCHASE AGREEMENT

## **PURCHASED ASSETS**

| ATY | Description |
|---|---|
| Equipment Purchasing: | EXPIRED Tapioca Syrup, est. 8,897,910 Lbs or 4,044,504 kilos located only in NORCO, CA at the Better Nutritionals Main Campus. NO REPRESENTATION OR WARRANTY REGARDING AMOUNT OR WEIGHT |
| Location: | Address:  3300-3390 Horseless Carriage Dr, Norco, CA 92860 |

Exhibit 1 – Buyer Purchased Assets

**EXHIBIT 2**

**TO ASSET PURCHASE AGREEMENT**

**FORM OF ASSIGNMENT
AGREEMENT AND BILL OF SALE**

THIS ASSIGNMENT AGREEMENT AND BILL OF SALE (the "*Agreement*") is made as of _____ __, 2023, by and between Larry Simons, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Better Nutritionals, LLC ("*Seller*") and Malt Products Corporation ("*Buyer*"). Seller and Buyer are parties to a certain Asset Purchase Agreement dated as of _____, 2023 (the "*Asset Purchase Agreement*"). Capitalized terms used without definitions herein shall have the meanings  ascribed to such terms in the Asset Purchase Agreement.

1.    Sale and Assignment of Purchased Assets. Pursuant to the Asset Purchase Agreement, Buyer has on the date hereof purchased the Purchased Assets from Seller. In accordance with and subject to the terms and conditions set forth in the Asset Purchase Agreement, for good and valuable consideration, the receipt of which is hereby acknowledged, Seller does hereby sell, assign, bargain, transfer, convey and deliver unto Buyer all of its right, title and interest in and to the Purchased Assets.

2.    Cooperation. Buyer and Seller agree to cooperate with each other to execute and deliver such other documents and instruments and to do such further acts and things as may be reasonably requested by the other to evidence, document or carry out the sale of the Purchased Assets.

3.    Effect of Agreement. Nothing in this Agreement shall, or shall be deemed to, modify or otherwise affect any provisions of the Asset Purchase Agreement or affect the rights of the parties under the Asset Purchase Agreement. In the event of any conflict between the provisions hereof and the provisions of the Asset Purchase Agreement, the provisions of the Asset Purchase Agreement shall govern and control.

[REMAINDER OF PAGE LEFT BLANK]

Exhibit 2

IN WITNESS WHEREOF, Seller and Buyer have caused this Assignment and Bill of Sale Agreement to be executed on the date first written above.

**BUYER:**

Malt Products Corporation

By:_____
Name: C. Diego Guevara
Title:  Executive Vice President

**SELLER:**

Larry Simons, solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of Better Nutritionals, LLC

By:_____
Name: Larry D. Simons
Title: Trustee

Exhibit 2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S MOTION TO: (1) APPROVE SALE OF ALL TAPIOCA SYRUP LOCATED AT NORCO FACILITY TO MALT PRODUCTS CORPORATION, SUBJECT TO OVERBID: (A) OUTSIDE THE ORDINARY COURSE OF BUSINESS; (B) FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS UNDER 11 U.S.C. § 363(f); (C) FOR GOOD FAITH DETERMINATION UNDER 11 U.S.C. § 363(m); and (D) FOR WAIVER OF 14-DAY STAY; DECLARATION OF LARRY D. SIMONS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 6, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT MAIL:**
**PRESIDING JUDGE'S COPY**
HONORABLE MARK D. HOULE
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
3420 TWELFTH STREET, SUITE 325 / COURTROOM 301
RIVERSIDE, CA 92501-3819

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 6, 2023 | Layla Buchanan | _/s/ Layla Buchanan_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR CONTEMPORARY HEATING & AIR CONDITIONING, INC.:** Matthew R Agren magren@agrenlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Natalie A Alvarado alvarado.natalie@gmail.com
   - **ATTORNEY FOR INTERESTED PARTY GOLI NUTRITION, INC.:** Todd M Arnold tma@lnbyg.com
   - **ATTORNEY FOR CREDITOR SUITABLE STAFFING SOLUTIONS:** Marshall J August maugust@frandzel.com, rsantamaria@frandzel.com
   - **INTERESTED PARTY COURTESY NEF:** Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
   - **INTERESTED PARTY COURTESY NEF:** Reem J Bello rbello@goeforlaw.com, kmurphy@goeforlaw.com
   - **OTHER PROFESSIONAL MICHAEL JAY BERGER:** Michael Jay Berger michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com; michael.berger@ecf.inforuptcy.com
   - **INTERESTED PARTY COURTESY NEF:** Anthony Bisconti tbisconti@bklwlaw.com, 7657482420@filings.docketbird.com; docket@bklwlaw.com
   - **INTERESTED PARTY COURTESY NEF:** Richard Dennis Buckley, Jr rbuckley@safarianchoi.com
   - **ATTORNEY FOR DEFENDANT KEVIN WESTBERG:** Stephanie Chau schau@carltonfields.com, darlajones@carltonfields.com
   - **INTERESTED PARTY COURTESY NEF:** Shawn M Christianson cmcintire@buchalter.com, schristianson@buchalter.com
   - **INTERESTED PARTY COURTESY NEF:** Kelly Clark kclark@stibbsco.com
   - **ATTORNEY FOR DEBTOR BETTER NUTRITIONALS, LLC:** Aaron E. DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **INTERESTED PARTY COURTESY NEF:** Jeremy Faith Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com; Vicky@MarguliesFaithlaw.com
   - **ATTORNEY FOR CREDITOR TOTAL TRANSPORTATION LOGISTICS, INC.:** William P Fennell william.fennell@fennelllaw.com, luralene.schultz@fennelllaw.com; wpf@ecf.courtdrive.com; naomi.cwalinski@fennelllaw.com; samantha.larimer@fennelllaw.com
   - **ATTORNEY FOR US TRUSTEE:** Abram Feuerstein abram.s.feuerstein@usdoj.gov
   - **INTERESTED PARTY COURTESY NEF:** Adam R. Fracht afracht@stibbsco.com
   - **ATTORNEY FOR DEBTOR BETTER NUTRITIONALS, LLC:** Danielle R Gabai dgabai@danninggill.com, dgabai@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **ATTORNEY FOR INTERESTED PARTY CINTAS CORPORATION:** Ronald E Gold rgold@fbtlaw.com, eseverini@fbtlaw.com; jkleisinger@fbtlaw.com
   - **ATTORNEY FOR INTERESTED PARTY CHARLOTTE'S WEB HOLDINGS, INC.:** Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
   - **ATTORNEY FOR INTERESTED PARTY POLYGON US CORPORATION:** Jeffrey M Goldman goldmanj@pepperlaw.com, allenjs@pepperlaw.com
   - **ATTORNEY FOR INTERESTED PARTY NATROL LLC:** Richard H Golubow rgolubow@wghlawyers.com, jmartinez@wghlawyers.com; svillegas@wghlawyers.com
   - **INTERESTED PARTY COURTESY NEF:** Michael J Gomez mgomez@frandzel.com, dmoore@frandzel.com
   - **ATTORNEY FOR US TRUSTEE:** Everett L Green everett.l.green@usdoj.gov
   - **INTERESTED PARTY COURTESY NEF:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **INTERESTED PARTY COURTESY NEF:** Richard G. Heston rheston@hestonlaw.com, yflores@hestonlaw.com, docs@hestonlaw.com; HestonRR41032@notify.bestcase.com; handhecf@gmail.com
   - **INTERESTED PARTY COURTESY NEF:** Mark S Horoupian mark.horoupian@gmlaw.com, mhoroupian@ecf.courtdrive.com; cheryl.caldwell@gmlaw.com; karen.files@gmlaw.com
   - **ATTORNEY FOR CREDITOR FRANCHISE TAX BOARD:** Kevin Hutty BKClaimConfirmation@ftb.ca.gov
   - **ATTORNEY FOR CREDITOR SERVICON SYSTEMS, INC.:** Nicolino Iezza niezza@spiwakandiezza.com
   - **ATTORNEY FOR INTERESTED PARTY GOLI NUTRITION, INC.:** Eve H. Karasik ehk@lnbyg.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

- **INTERESTED PARTY COURTESY NEF:** Duane Kumagai dkumagai@mkpc.law, mshabpareh@maynardcooper.com
- **INTERESTED PARTY COURTESY NEF:** Joseph Hubert Langerak, IV joe.langerak@skofirm.com, laurie.nevil@skofirm.com
- **ATTORNEY FOR CREDITOR WASTE MANAGEMENT, INC.:** Tara LeDay tleday@mvbalaw.com
- **ATTORNEY FOR CREDITOR DE LAGE LANDEN FINANCIAL SERVICES, INC.:** Joseph Howard Lemkin jlemkin@stark-stark.com
- **ATTORNEY FOR CREDITOR FIRST INSURANCE FUNDING:** Marc A Lieberman marc.lieberman@flpllp.com, safa.saleem@flpllp.com, addy@flpllp.com
- **ATTORNEY FOR CHAPTER 7 TRUSTEE LARRY D SIMONS (TR):** Tinho Mang tmang@marshackhays.com, tmang@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR OTHER PROFESSIONAL BEYOND RESOURCE SOLUTIONS, INC.:** Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com; nchacon@hfbllp.com
- **INTERESTED PARTY COURTESY NEF:** Tania M Moyron tania.moyron@dentons.com, malka.zeefe@dentons.com; kathryn.howard@dentons.com; derry.kalve@dentons.com; glenda.spratt@dentons.com; DOCKET.GENERAL.LIT.LOS@dentons.com
- **ATTORNEY FOR CREDITOR ARAMARK SERVICES, INC.:** Michael S Myers myersm@ballardspahr.com, BKTDocket_West@ballardspahr.com; PHXLitLAAs@ballardspahr.com
- **ATTORNEY FOR INTERESTED PARTY GOLO, LLC:** Samuel A Newman sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com; laefilingnotice@sidley.com
- **ATTORNEY FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS:** Keith C Owens kowens@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR INTERESTED PARTY GOLI NUTRITION, INC.:** Carmela Pagay ctp@lnbyg.com
- **ATTORNEY FOR INTERESTED PARTY GOLI NUTRITION, INC.:** Daniel H Reiss dhr@lnbyg.com, dhr@ecf.inforuptcy.com
- **INTERESTED PARTY COURTESY NEF:** Matthew D. Resnik Matt@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com; priscilla@rhmfirm.com; rebeca@rhmfirm.com; david@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com; russ@rhmfirm.com
- **ATTORNEY FOR US TRUSTEE:** Cameron C Ridley Cameron.Ridley@usdoj.gov
- **INTERESTED PARTY COURTESY NEF:** Samuel J Romero sromero@carnolaw.com, drobison@carnolaw.com
- **ATTORNEY FOR INTERESTED PARTY GOLI NUTRITION, INC.:** Joseph M Rothberg jmr@lnbyg.com
- **ATTORNEY FOR CREDITOR THE FLAVOR FACTORY:** Valerie J Schratz vschratz@hallgriffin.com, cbrown@hallgriffin.com
- **ATTORNEY FOR CREDITOR CHANCEY MARTIN CORPORATION dba TARAL PLASTICS:** Yaron Shaham yshaham@kahanafeld.com, crico@mcglinchey.com; selizondo@mcglinchey.com
- **CHAPTER 7 TRUSTEE LARRY D SIMONS (TR):** Larry D Simons larry@lsimonslaw.com, c119@ecfcbis.com; nancy@lsimonslaw.com; simonsecf@gmail.com; kareng@lsimonslaw.com
- **ATTORNEY FOR INTERESTED PARTY CITISTAFF SOLUTIONS INC.:** Charles C Slater cslater@citistaffsolutions.com, jpogosian@citistaffsolutions.com
- **ATTORNEY FOR CREDITOR TOTAL TRANSPORTATION LOGISTICS, INC.:** Evan R Sorem evan.sorem@fennelllaw.com, luralene.schultz@fennelllaw.com; samantha.larimer@fennelllaw.com; Naomi.Cwalinski@fennelllaw.com
- **ATTORNEY FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS:** Michael A Sweet msweet@foxrothschild.com, khoang@foxrothschild.com
- **ATTORNEY FOR DEBTOR NUTRITIONALS, LLC:** John N Tedford, IV jtedford@DanningGill.com, danninggill@gmail.com; jtedford@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR ATOS IT SOLUTIONS AND SERVICES, INC.:** Thomas Tysowsky thomas.tysowsky@bakermckenzie.com, carmen.ayala@bakermckenzie.com
- **US TRUSTEE:** United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov
- **INTERESTED PARTY COURTESY NEF.:** Joshua J. Wes joshua.wes@tuckerellis.com, jennifer.polzin@tuckerellis.com; docket-LAX@tuckerellis.com
- **INTERESTED PARTY COURTESY NEF:** Rebecca M Wicks rebecca.wicks@dentons.com, docket@buchalter.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

- **INTERESTED PARTY COURTESY NEF:** Christopher K.S. Wong christopher.wong@afslaw.com, yvonne.li@arentfox.com
- **ATTORNEY FOR TRUSTEE LARRY D SIMONS (TR):** David Wood dwood@marshackhays.com, dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR INTERESTED PARTY CINTAS CORPORATION:** S Christopher Yoo cyoo@fbtlaw.com, vdelgado@fbtlaw.com
- **ATTORNEY FOR CREDITOR IXOREAL BIOMED INC.:** John D Zemanek jz@zmlawpc.com

**2.  <u>SERVED BY UNITED STATES MAIL</u>:** CONTINUED:

<u>RTD 07/05/23 UTF</u>
**DEBTOR**
BETTER NUTRITIONALS, LLC
~~ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR~~
~~TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT~~
~~OR LAW TO RECEIVE SERVICE OF PROCESS~~
~~3390 HORSELESS CARRIAGE DRIVE~~
~~NORCO, CA 92860~~

**SECURED CREDITOR / POC ADDRESS**
SHARON AND ODELYA HOFFMAN
117 SOUTH ROYAL ASCOT DRIVE
LAS VEGAS, NV 89144

**SECURED CREDITOR**
SHARON HOFFMAN
5680 SAWTELLE BLVD
CULVER CITY, CA 90230-5554

**SECURED CREDITOR**
SHARON AND ODELYA HOFFMAN
17120 S FIGUEROA STREET
GARDENA, CA 90248-3016

**COURTESY COPY**
SHULMAN BASTIAN FRIEDMAN & BUI LLP
100 SPECTRUM CENTER DRIVE, SUITE 600
IRVINE, CA 92618

4863-5231-7822, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**